1  **JACKSON LEWIS P.C.**
Joshua A. Sliker, Nevada Bar No. 12493
2  Joshua.Sliker@jacksonlewis.com
3800 Howard Hughes Parkway, Suite 600
3  Las Vegas, NV 89169
Telephone:    (702) 921-2460
4  Facsimile:    (702) 921-2461

5  Attorneys for Plaintiff
Tesla, Inc.
6

7

8

9               **UNITED STATES DISTRICT COURT**

10                    **DISTRICT OF NEVADA**

11

12  TESLA, INC., a Delaware corporation,          Case No. 3:18-cv-296

13              Plaintiff,                          **PLAINTIFF TESLA, INC.'S EMERGENCY MOTION FOR AUTHORIZATION TO ISSUE DOCUMENT PRESERVATION SUBPOENAS**
14        vs.

15  MARTIN TRIPP, an individual,

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiff Tesla, Inc. filed this action against Defendant Martin Tripp, a former employee in Tesla's Gigafactory who exported confidential and trade secret information from Tesla's manufacturing operating system, uploaded it to his personal email and cloud storage accounts, and ultimately transferred certain of that information to one or more outside entities. Tripp has confessed not only to his theft of trade secrets, but also to deleting materials from his personal email and cloud storage accounts in an effort to cover his tracks and spoliate evidence of his wrongdoing.

By this emergency motion, Tesla requests leave to serve document preservation subpoenas on non-parties Apple, Inc., Microsoft Corporation, and Google LLC, requiring that they preserve documents, data, and records from and pertaining to Tripp's email and cloud storage accounts, including copies of files previously deleted by Tripp that may still be accessible by such non-parties. (*See* Declaration of Joshua A. Sliker ["Sliker Decl."], Exs. 6-8.) These subpoenas, which require only the preservation of documents and not their actual production at this time, will place little or no burden on Apple, Microsoft, and Google. Absent leave to serve these subpoenas, critical evidence of Tripp's unlawful activities will forever be lost, causing obvious and severe prejudice to Tesla and potentially preventing justice from being served.

**BACKGROUND**

Tripp began working for Tesla in October 2017 as a process technician in Tesla's Gigafactory, located in Sparks, Nevada. (Dkt. 1 ["Compl."] ¶ 10.) As part of his job, Tripp had access to highly sensitive information relating to the company's manufacturing processes and system. (*Id.*) After becoming disgruntled as a result of certain employment actions, Tripp wrote specialized software designed to export confidential and trade secret information from Tesla's manufacturing operating system, which he uploaded to his personal email and cloud storage accounts and ultimately transferred to one or more outside entities. (*Id.* ¶ 14.)

Tripp admitted his misdeeds to Tesla's internal investigators, including that he uploaded, stored, and made Tesla's confidential information available to third parties through email and his

- 1 -

1   Apple iCloud and Microsoft OneDrive and SharePoint accounts. (Lindemulder Decl. ¶ 3.) Tripp

2   also admitted that he had been deleting evidence in an effort to "cover [his] tracks." (*Id.*)

3         Tesla promptly sent preservation requests to Apple and Microsoft, asking them to preserve

4   information and materials associated with Tripp's accounts. (Sliker Decl. ¶ 2.) Apple rejected the

5   request, responding that it will not preserve information absent a formal subpoena. (*Id.* ¶ 3 &

6   Ex. 3.) As of the date of this filing, Microsoft has not responded to the request. (*Id.*) Tesla

7   therefore brings this emergency motion pursuant to Rule 26(d) of the Federal Rules of Civil

8   Procedure for authorization to serve document preservation subpoenas.

9   **ARGUMENT**

10         Generally, discovery is not permitted before the parties have held a Rule 26(f) conference.

11   Fed. R. Civ. P. 26(d). However, Rule 26(d) allows parties to seek a court order permitting early

12   discovery before the Rule 26(f) conference. *Id.* "To determine whether to grant a request for early

13   discovery, the court shall apply the conventional 'good cause' standard that weighs the need for

14   discovery to further justice against the prejudice to the opposing party." *QOTD Film Investment*

15   *Ltd. v. Does 1-30*, 2016 WL 8735619, at *2 (D. Nev. May 6, 2016). The risk that evidence may be

16   lost before discovery commences constitutes good cause for an order permitting expedited

17   discovery. *See, e.g., Qwest Comms. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419

18   (D. Colo. 2003).

19         Here, good cause plainly exists for issuance of document preservation subpoenas to the

20   non-parties that host Tripp's personal email and cloud storage accounts, to which Tripp uploaded

21   Tesla's confidential and trade secret information and through which he disclosed certain of that

22   information to at least one non-party. Tripp has already admitted to deleting evidence in an effort

23   to "cover [his] tracks." (Declaration of Andrew Lindemulder ["Lindemulder Decl."] ¶ 3.) Apple

24   has expressly disavowed any intention of preserving the materials in question absent a subpoena.

25   (Sliker Decl. ¶ 3 & Ex. 3.) Microsoft has not responded to Tesla's written request that it preserve

26   Tripp's data. (*Id.*) Absent a Rule 26(d) order, Apple, Microsoft, and Google will be "free to

27   destroy," and likely will destroy, potentially relevant information. *Koncelik v. Savient Pharm.,*

28   *Inc.*, 2009 WL 2448029, at *2 (S.D.N.Y. Aug. 10, 2009); *see Bright Solutions for Dyslexia, Inc. v.*

1  *Doe 1*, 2015 WL 5159125, at *3 (N.D. Cal. Sept. 2, 2015) (noting that under Google's "regular

2  business practices, user data is routinely destroyed within months after a user deletes that

3  information"); *Caston v. Hoaglin*, 2009 WL 1687927, at *4 (S.D. Ohio June 12, 2009) ("[A]s

4  plaintiff points out, an informal conversation asking non-parties to preserve certain documents

5  lacks the force of a subpoena.").

6          For this reason, courts regularly authorize document preservation subpoenas and other

7  expedited discovery vis-à-vis non-party providers of email and cloud storage services. *See Axis*

8  *Steel Detailing, Inc. v. Prilex Detailing, LLC*, 2017 WL 8947964, at *4 (D. Utah June 29, 2017)

9  (ordering Dropbox Inc. to preserve data, including previously deleted files, during pendency of

10  action); *OOO Brunswick Rail Mgmt v. Sultanov*, 2017 WL 67119, at *1 (N.D. Cal. Jan. 6, 2017)

11  ("[Plaintiff's] need for preservation is all the more acute because Rackspace and Google, as

12  nonparties, have no obligation to preserve the information absent a court order."); *Psychopathic*

13  *Records, Inc. v. Anderson*, 2008 WL 4852915, at *2 (E.D. Mich. Nov. 7, 2008) (finding good cause

14  under Rule 26(d) for subpoenas to Yahoo! and Hotmail). The failure of such providers to preserve

15  data "would work to plaintiff's prejudice" by depriving a plaintiff of evidence it may need to prove

16  its claims. *Caston*, 2009 WL 1687927, at *4. The failure to preserve evidence here would not only

17  prejudice Tesla in the prosecution of its claims against Tripp, but might also prevent Tesla from

18  identifying third parties to which Tripp transferred Tesla's confidential and trade secret information

19  and taking steps to protect against any further disclosure or use of that information.

20          There will be no undue burden to Apple, Microsoft, or Google from compliance with the

21  document preservation subpoenas. The subpoenas are narrowly tailored to require only the

22  preservation of documents, data, and records from and pertaining to Tripp's email and cloud

23  storage accounts. The non-parties will not be required at this time to collect, review, and produce

24  anything. Rather, their only obligation will be to preserve evidence, so that it is not forever lost

25  before discovery even commences. *See In re Grand Casinos, Inc. Sec. Litig.*, 988 F. Supp. 1270,

26  1273 (D. Minn. 1997) (authorizing preservation subpoena in part because it did "no more than

27  'preserve evidence' in the care, custody, or control of third-parties, who w[ould] not be subjected to

28  any intrusive investigation" pending motion practice); *Koncelik*, 2009 WL 2448029, at *1

1  ("[A]lthough the preservation subpoenas plaintiff expects to serve on those companies are broad,

2  they require only the preservation of documents, not the documents' actual production.").  In short,

3  the subpoenas will ensure that critical documents, data, and records are preserved, with minimal

4  inconvenience to the non-parties in possession of such evidence.

5  **CONCLUSION**

6        For the foregoing reasons, good cause exists for the Court to authorize Tesla to issue

7  document preservation subpoenas to Apple, Microsoft, and Google, requiring them to preserve

8  documents, data, and records from and pertaining to Tripp's email and cloud storage accounts.

9  Dated: June 22, 2018           JACKSON LEWIS P.C.

10

11             By:   */s/ Joshua A. Sliker*
                      Joshua A. Sliker

12                        Attorneys for Plaintiff
                      Tesla, Inc.

13

14

15  IT IS SO ORDERED

16

17  UNITED STATES MAGISTRATE JUDGE

18

19  DATED:

20

21

22

23

24

25

26

27

28

EMERGENCY MOTION FOR AUTHORIZATION TO ISSUE PRESERVATION SUBPOENAS