**JACKSON LEWIS P.C.**
Joshua A. Sliker, Nevada Bar No. 12493
Joshua.Sliker@jacksonlewis.com
3800 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone:   (702) 921-2460
Facsimile:   (702) 921-2461

Attorneys for Plaintiff
Tesla, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>      vs.<br><br>MARTIN TRIPP, an individual,<br><br>             Defendant. | Case No. 3:18-cv-296<br><br>**PLAINTIFF TESLA, INC.'S SECOND EMERGENCY MOTION FOR AUTHORIZATION TO ISSUE DOCUMENT PRESERVATION SUBPOENAS** |

SECOND EMERGENCY MOTION FOR AUTHORIZATION TO ISSUE PRESERVATION SUBPOENAS

## INTRODUCTION

Plaintiff Tesla, Inc. filed this action against Defendant Martin Tripp, a former employee in Tesla's Gigafactory who exported confidential and trade secret information from Tesla's manufacturing operating system, uploaded it to his personal email and cloud storage accounts, and ultimately transferred certain of that information to one or more outside entities. Tripp has confessed not only to his theft of trade secrets, but also to deleting materials from his personal email and cloud storage accounts in an effort to cover his tracks and spoliate evidence of his wrongdoing.

On June 25, 2018, the Court granted Tesla's emergency motion to serve document preservation subpoenas on non-parties Apple, Inc., Microsoft Corporation, and Google LLC, requiring that they preserve documents, data, and records from and pertaining to Tripp's email and cloud storage accounts, including copies of files previously deleted by Tripp that may still be accessible by such non-parties. (*See* Dkt. 10.) Since filing that initial motion, Tesla learned that Mr. Tripp may be using additional services to divulge Tesla's confidential and proprietary information, including AT&T Wireless ("AT&T"), Facebook, Inc. ("Facebook"), WhatsApp, Inc. ("WhatsApp"), Open Whisper Systems ("Open Whisper"), and Dropbox, Inc. ("Dropbox"). Accordingly, Tesla now moves for leave to serve additional document preservation subpoenas on non-parties AT&T, Facebook, WhatsApp, Open Whisper, and Dropbox. As with the subpoenas the Court has already authorized, these subpoenas require only the preservation of documents and not their actual production at this time, placing little or no burden on AT&T, Facebook, WhatsApp, Open Whisper, and Dropbox. Absent leave to serve these subpoenas, critical evidence of Tripp's unlawful activities will forever be lost, causing obvious and severe prejudice to Tesla and potentially preventing justice from being served.

## BACKGROUND

Tripp began working for Tesla in October 2017 as a process technician in Tesla's Gigafactory, located in Sparks, Nevada. (Dkt. 1 ["Compl."] ¶ 10.) As part of his job, Tripp had access to highly sensitive information relating to the company's manufacturing processes and system. (*Id.*) After becoming disgruntled as a result of certain employment actions, Tripp wrote

specialized software designed to export confidential and trade secret information from Tesla's manufacturing operating system, which he uploaded to his personal email and cloud storage accounts and ultimately transferred to one or more outside entities. (*Id.* ¶ 14.)

Tripp admitted his misdeeds to Tesla's internal investigators, including that he uploaded, stored, and made Tesla's confidential information available to third parties through email and other online messaging and file-sharing accounts. (Lindemulder Decl. ¶ 3.) Tripp also admitted that he had been deleting evidence in an effort to "cover [his] tracks." (*Id.*) Tesla has subsequently learned that in addition to the entities identified in Tesla's June 22 Motion, (Dkt. 8), Tripp may have been sharing Tesla's confidential and proprietary information via the messaging services Facebook Messenger (associated with Facebook), WhatsApp (associated with WhatsApp), and Signal (associated with Open Whisper); and via text messages sent through his personal cellular device on the AT&T Wireless network. (Lindemulder Decl. ¶ 4.) Tripp also accessed Dropbox from his work computer and may have uploaded confidential Tesla materials to his Dropbox account. (*Id.*) Tesla therefore brings this emergency motion pursuant to Rule 26(d) of the Federal Rules of Civil Procedure for authorization to serve document preservation subpoenas.

## ARGUMENT

Generally, discovery is not permitted before the parties have held a Rule 26(f) conference. Fed. R. Civ. P. 26(d). However, Rule 26(d) allows parties to seek a court order permitting early discovery before the Rule 26(f) conference. *Id.* "To determine whether to grant a request for early discovery, the court shall apply the conventional 'good cause' standard that weighs the need for discovery to further justice against the prejudice to the opposing party." *QOTD Film Investment Ltd. v. Does 1-30*, 2016 WL 8735619, at *2 (D. Nev. May 6, 2016). The risk that evidence may be lost before discovery commences constitutes good cause for an order permitting expedited discovery. *See, e.g.*, *Qwest Comms. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

Here, good cause plainly exists for issuance of document preservation subpoenas to the non-parties that host Tripp's personal cloud storage and messaging accounts, to which Tripp uploaded Tesla's confidential and trade secret information and through which he disclosed certain

of that information to at least one non-party. Tripp has already admitted to deleting evidence in an effort to "cover [his] tracks." (Declaration of Andrew Lindemulder ["Lindemulder Decl."] ¶ 3.) Absent a Rule 26(d) order, AT&T, Facebook, WhatsApp, Open Whisper, and Dropbox will be "free to destroy," and likely will destroy, potentially relevant information. *Koncelik v. Savient Pharm., Inc.*, 2009 WL 2448029, at *2 (S.D.N.Y. Aug. 10, 2009); *see Bright Solutions for Dyslexia, Inc. v. Doe 1*, 2015 WL 5159125, at *3 (N.D. Cal. Sept. 2, 2015) (noting that under Google's "regular business practices, user data is routinely destroyed within months after a user deletes that information"); *Caston v. Hoaglin*, 2009 WL 1687927, at *4 (S.D. Ohio June 12, 2009) ("[A]s plaintiff points out, an informal conversation asking non-parties to preserve certain documents lacks the force of a subpoena.").

For this reason, courts regularly authorize document preservation subpoenas and other expedited discovery vis-à-vis non-party providers of cloud storage and email. *See Axis Steel Detailing, Inc. v. Prilex Detailing, LLC*, 2017 WL 8947964, at *4 (D. Utah June 29, 2017) (ordering Dropbox Inc. to preserve data, including previously deleted files, during pendency of action); *OOO Brunswick Rail Mgmt v. Sultanov*, 2017 WL 67119, at *1 (N.D. Cal. Jan. 6, 2017) ("[Plaintiff's] need for preservation is all the more acute because Rackspace and Google, as nonparties, have no obligation to preserve the information absent a court order."); *Psychopathic Records, Inc. v. Anderson*, 2008 WL 4852915, at *2 (E.D. Mich. Nov. 7, 2008) (finding good cause under Rule 26(d) for subpoenas to Yahoo! and Hotmail). The failure of such providers to preserve data "would work to plaintiff's prejudice" by depriving a plaintiff of evidence it may need to prove its claims. *Caston*, 2009 WL 1687927, at *4. The failure to preserve evidence here would not only prejudice Tesla in the prosecution of its claims against Tripp, but might also prevent Tesla from identifying third parties to which Tripp transferred Tesla's confidential and trade secret information and taking steps to protect against any further disclosure or use of that information.

There will be no undue burden to AT&T, Facebook, WhatsApp, Open Whisper, or Dropbox from compliance with the document preservation subpoenas. The subpoenas are narrowly tailored to require only the preservation of documents, data, and records from and pertaining to Tripp's cloud storage and messaging accounts. The non-parties will not be required at this time to collect,

review, and produce anything.  Rather, their only obligation will be to preserve evidence, so that it is not forever lost before discovery even commences.  *See In re Grand Casinos, Inc. Sec. Litig.*, 988 F. Supp. 1270, 1273 (D. Minn. 1997) (authorizing preservation subpoena in part because it did "no more than 'preserve evidence' in the care, custody, or control of third-parties, who w[ould] not be subjected to any intrusive investigation" pending motion practice); *Koncelik*, 2009 WL 2448029, at *1 ("[A]lthough the preservation subpoenas plaintiff expects to serve on those companies are broad, they require only the preservation of documents, not the documents' actual production.").  In short, the subpoenas will ensure that critical documents, data, and records are preserved, with minimal inconvenience to the non-parties in possession of such evidence.

## CONCLUSION

For the foregoing reasons, good cause exists for the Court to authorize Tesla to issue document preservation subpoenas to AT&T, Facebook, WhatsApp, Open Whisper, and Dropbox, requiring them to preserve documents, data, and records from and pertaining to Tripp's cloud storage and messaging accounts.

Dated: June 26, 2018                JACKSON LEWIS P.C.

By:  */s/ Joshua A. Sliker*
Joshua A. Sliker
Attorneys for Plaintiff
Tesla, Inc.

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____