**JACKSON LEWIS P.C.**
Joshua A. Sliker, Nevada Bar No. 12493
*Joshua.Sliker@jacksonlewis.com*
3800 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone:   (702) 921-2460
Facsimile:    (702) 921-2461

**HUESTON HENNIGAN LLP**
John C. Hueston (*admitted pro hac vice*)
*jhueston@hueston.com*
Robert N. Klieger (*admitted pro hac vice*)
*rklieger@hueston.com*
Marshall A. Camp (*admitted pro hac vice*)
*mcamp@hueston.com*
Allison L. Libeu (*admitted pro hac vice*)
*alibeu@hueston.com*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:   (213) 788-4340
Facsimile:    (888) 775-0898

*Attorneys for Plaintiff Tesla, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>MARTIN TRIPP, an individual,<br><br>            Defendant. | Case No. 3:18-cv-00296-LRH-VPC<br><br>**PLAINTIFF TESLA, INC.'S ANSWER TO DEFENDANT MARTIN TRIPP'S COUNTERCLAIM** |
| MARTIN TRIPP, an individual,<br><br>            Counter-Plaintiff,<br><br>    vs.<br><br>TESLA, INC., a Delaware corporation,<br><br>            Counter-Defendant. | |

Plaintiff Tesla, Inc. ("Tesla"), by and through its undersigned counsel, hereby respectfully submits this Answer to Defendant Martin Tripp's ("Tripp") Counterclaim.

## GENERAL RESPONSES

Except as expressly admitted herein, Tesla denies any and all material allegations in the Counterclaim. With the exception of the Affirmative Defenses, the numbered paragraphs of this Answer correspond to the paragraphs as numbered in the Counterclaim. To the extent paragraphs in the Counterclaim are grouped under headings, Tesla responds generally that such headings and groupings are conclusions of law or fact and denies each and every such allegation made or implied by such headings or groupings.

## SPECIFIC RESPONSES

1. Tesla admits the allegations in Paragraph 1 on information and belief.

2. Tesla admits that it is a Delaware corporation and that its Gigafactory is located in Nevada. Tesla denies the remaining allegations in Paragraph 2.

3. Tesla admits that Elon Musk is Tesla's CEO. Tesla denies the remaining allegations in Paragraph 3.

4. Paragraph 4 consists of conclusions of law to which no response is necessary or appropriate.

5. Paragraph 5 consists of conclusions of law to which no response is necessary or appropriate.

6. Paragraph 6 consists of conclusions of law to which no response is necessary or appropriate.

7. Paragraph 7 consists of conclusions of law to which no response is necessary or appropriate.

8. Paragraph 8 consists of conclusions of law to which no response is necessary or appropriate.

9. Paragraph 9 consists of conclusions of law to which no response is necessary or appropriate.

10. Tesla admits that from October 2017 to June 2018, Tripp was employed by Tesla at the Nevada Gigafactory as a process technician. Tesla denies the remaining allegations in Paragraph 10.

11. Tesla lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and on that basis denies them.

12. Tesla admits the allegations in Paragraph 12. Tesla admits that Tripp was residing in Wisconsin in mid-2017 on information and belief.

13. Tesla lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and on that basis denies them.

14. Tesla admits that it is an environmentally-conscious company with cutting-edge technologies and manufacturing capabilities. The allegations in the first sentence of Paragraph 14 refer to, describe, or quote from Tesla's website, and Tesla states that the website speaks for itself, and denies the allegations to the extent that they incorrectly characterize the website, misstate its applicability to this case, or take any portions out of context. Tesla denies the remaining allegations in Paragraph 14.

15. Tesla admits the allegations in Paragraph 15.

16. Tesla denies the allegations in Paragraph 16.

17. Tesla admits the allegations in Paragraph 17.

18. Tesla admits the allegations in Paragraph 18.

19. Tesla admits that while assigned to the stator production line, Tripp's responsibilities included assisting the engineering department with process improvements, training, and placing orders. Tesla denies the remaining allegations in Paragraph 19.

20. Tesla denies the allegations of Paragraph 20.

21. Tesla admits to having the goal of producing 5,000 Model 3 vehicles per week by July 2018. Tesla denies the remaining allegations in Paragraph 21.

22. Tesla denies the allegations of Paragraph 22.

23. The allegations in the first two sentences of Paragraph 23 refer to, describe, or quote from a May 16, 2018 email, and Tesla states that the email speaks for itself, and denies the

allegations to the extent that they incorrectly characterize the email, misstate its applicability to this case, or take any portions out of context. Tesla denies the remaining allegations in Paragraph 23.

24. The allegations in Paragraph 24 refer to, describe, or quote from a May 16, 2018 message, and Tesla states that the message speaks for itself, and denies the allegations to the extent that they incorrectly characterize the message, misstate its applicability to this case, or take any portions out of context. Tesla denies the remaining allegations in Paragraph 24.

25. Tesla lacks knowledge or information sufficient to form a belief about the truth of the allegations about what an unidentified "Design Engineer" stated to Tripp and on that basis denies them. Tesla denies the remaining allegations in Paragraph 25.

26. Tesla admits that Tripp was reassigned to the battery module production line on May 17, 2018. Tesla denies the remaining allegations in Paragraph 26.

27. Tesla admits the allegations in Paragraph 27.

28. Tesla admits that the battery modules used in Model 3 vehicles are comprised of multiple components, that each battery module contains seven bandoliers, and that each Model 3 vehicle has four battery modules. Tesla denies the remaining allegations in Paragraph 28.

29. Tesla denies the allegations in Paragraph 29.

30. Tesla denies the allegations in Paragraph 30.

31. Tesla denies the allegations in Paragraph 31.

32. Tesla admits that, at times, semi-trucks have been parked in a lot near the Gigafactory. Tesla lacks knowledge or information sufficient to form a belief about the truth of the allegations about what Tripp was told or personally observed and on that basis denies them. Tesla denies the remaining allegations in Paragraph 32.

33. Tesla denies the allegations in Paragraph 33.

34. Tesla denies the allegations in Paragraph 34.

35. Tesla lacks knowledge or information sufficient to form a belief about the truth of Tripp's allegation that he was "told" certain things about a malfunctioning robot and on that basis Tesla denies the allegations in Paragraph 35.

36. Tesla denies the allegations in Paragraph 36.

37. Tesla denies the allegations in Paragraph 37.

38. Tesla lacks knowledge or information sufficient to form a belief about the truth of the allegations about what an unidentified person stated to Tripp and on that basis denies the allegations in Paragraph 38.

39. Tesla denies the allegations in Paragraph 39.

40. Tesla lacks knowledge or information sufficient to form a belief about the truth of the allegations about what Tripp supposedly researched and on that basis denies them.  Tesla denies the remaining allegations in Paragraph 40.

41. Tesla denies the allegations in Paragraph 41.

42. Tesla denies the allegations in Paragraph 42.

43. Tesla denies the allegations in Paragraph 43.

44. Tesla denies the allegations in Paragraph 44.

45. Tesla admits that Tripp's employment was terminated on June 19, 2018.  Tesla denies the remaining allegations in Paragraph 45.

46. Tesla denies the allegations in Paragraph 46.

47. The allegations in Paragraph 47 refer to, describe, or quote a June 17, 2018 email, and Tesla states that the email speaks for itself, and denies the allegations to the extent that they incorrectly characterize the email, misstate its applicability to this case, or take any portions out of context.

48. Tesla denies the allegations in Paragraph 48.

49. Tesla denies the allegations in Paragraph 49.

50. Tesla denies the allegations in Paragraph 50.

51. Tesla denies the allegations in Paragraph 51.

52. Tesla denies the allegations in Paragraph 52.

53. The allegations in Paragraph 53 refer to, describe, or quote a June 20, 2018 statement, and Tesla states that the statement speaks for itself, and denies the allegations to the extent that they incorrectly characterize the statement, misstate its applicability to this case, or take any portions out of context.

54. The allegations in Paragraph 54 purport to refer to, describe, or quote a June 20, 2018 email, and Tesla states that the purported email speaks for itself, and denies the allegations to the extent that they incorrectly characterize the email, misstate its applicability to this case, or take any portions out of context.

55. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and on that basis denies them.

56. Tesla denies the allegations in Paragraph 56.

57. Tesla denies the allegations in Paragraph 57.

58. Tesla denies the allegations in Paragraph 58.

59. The allegations in Paragraph 59 refer to, describe, or quote a report from the Storey County Sheriff's Office, and Tesla states that the report speaks for itself, and denies the allegations to the extent that they incorrectly characterize the report, misstate its applicability to this case, or take any portions out of context.

60. Tesla admits that the Storey County Sheriff's Office conducted an investigation into the phone call. Tesla denies the remaining allegations in Paragraph 60.

61. Tesla lacks knowledge or information sufficient to form a belief as to the truth of whether Tripp voluntarily met with two deputies from the Storey County Sheriff's Office and whether they frisked him before the interview and on that basis denies these allegations. The remaining allegations in Paragraph 61 refer to, describe, or quote a report from the Storey County Sheriff's Office, and Tesla states that the report speaks for itself, and denies the allegations to the extent that they incorrectly characterize the report, misstate its applicability to this case, or take any portions out of context.

62. The allegations in Paragraph 62 refer to, describe, or quote a report from the Storey County Sheriff's Office, and Tesla states that the report speaks for itself, and denies the allegations to the extent that they incorrectly characterize the report, misstate its applicability to this case, or take any portions out of context.

63. The allegations in the second sentence of Paragraph 63 refer to, describe, or quote a report from the Storey County Sheriff's Office, and Tesla states that the report speaks for itself, and

1 denies the allegations to the extent that they incorrectly characterize the report, misstate its applicability to this case, or take any portions out of context.  Tesla denies the remaining allegations in Paragraph 63.

64. Tesla denies the allegations in Paragraph 64.

65. Tesla denies the allegations in Paragraph 65.

66. Tesla denies the allegations in Paragraph 66.

67. Tesla denies publishing any statements to retaliate against and discredit Tripp.  The remaining allegations in Paragraph 67 refer to, describe, or quote a July 5, 2018 statement on Twitter (the "tweet"), and Tesla states that the tweet speaks for itself, and denies the allegations to the extent that they incorrectly characterize the tweet, misstate its applicability to this case, or take any portions out of context.

68. Tesla admits the allegations in Paragraph 68 on information and belief.

69. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and on that basis denies them.

70. Tesla denies the allegations in Paragraph 70.

71. Tesla denies the allegations in Paragraph 71.

72. Tesla denies the allegations in Paragraph 72.

73. Tesla admits the allegations in Paragraph 73.

74. Tesla admits to interviewing Tripp on June 14, 2018 and to escorting him out of the Gigafactory.  Tesla denies the remaining allegations in Paragraph 74.

75. Tesla denies the allegations in Paragraph 75.

76. Tesla denies the allegations in Paragraph 76.

77. Tesla incorporates herein by reference and reasserts each and every response set forth in the foregoing Paragraphs.

78. Tesla denies the allegations in Paragraph 78.

79. Tesla denies the allegations in Paragraph 79.

80. Tesla denies the allegations in Paragraph 80.

81. Tesla denies the allegations in Paragraph 81.

|   |   |   |
|---|---|---|
| 1 | 82. | Tesla denies the allegations in Paragraph 82. |
| 2 | 83. | Tesla denies the allegations in Paragraph 83. |
| 3 | 84. | Tesla denies the allegations in Paragraph 84. |
| 4 | 85. | Tesla denies the allegations in Paragraph 85. |

86. Tesla incorporates herein by reference and reasserts each and every response set forth in the foregoing Paragraphs.

87. Tesla denies the allegations in Paragraph 87.
88. Tesla denies the allegations in Paragraph 88.
89. Tesla denies the allegations in Paragraph 89.
90. Tesla denies the allegations in Paragraph 90.
91. Tesla denies the allegations in Paragraph 91.
92. Tesla denies the allegations in Paragraph 92.

93. Tesla incorporates herein by reference and reasserts each and every response set forth in the foregoing Paragraphs.

94. Tesla denies the allegations in Paragraph 94.
95. Tesla denies the allegations in Paragraph 95.
96. Tesla denies the allegations in Paragraph 96.
97. Tesla denies the allegations in Paragraph 97.
98. Tesla denies the allegations in Paragraph 98.
99. Tesla denies the allegations in Paragraph 99.

## AFFIRMATIVE DEFENSES

100. Without admitting any wrongful conduct on the part of Tesla, and without admitting that Tripp has suffered any loss, damage, or injury, Tesla alleges the following affirmative defenses to the Counterclaim. By designating the following as affirmative defenses, Tesla does not in any way waive or limit any defenses which are or may be raised by its denial, allegations, and averments set forth herein. Certain affirmative defenses are asserted for completeness and refer to facts and proof which also negate required elements of Tripp's claims, and by raising such defenses Tesla does not admit that Tripp does not have the burden of proof and/or the burden of persuasion

for any or all facts underlying any of those defenses or suggest that Tripp is not required to carry the burden as to such elements.

101. These defenses are pled in the alternative, are raised to preserve the rights of Tesla to assert such defenses and are without prejudice to Tesla's ability to raise other and further defenses. Tesla expressly reserves all rights to reevaluate its defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and during pretrial proceedings in this action.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CAUSE OF ACTION)

102. The Counterclaim, and each purported cause of action contained therein, fails to state facts sufficient to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE
### (LACK OF STANDING)

103. The Counterclaim is barred, in whole or in part, because Tripp lacks standing to assert the claims therein.

### THIRD AFFIRMATIVE DEFENSE
### (TRUTH/SUBSTANTIAL TRUTH)

104. Tripp's claims and/or recovery are barred, in whole or in part, by the doctrine of truth and/or substantial truth.

### FOURTH AFFIRMATIVE DEFENSE
### (ABSOLUTE PRIVILEGE)

105. Tripp's claims and/or recovery are barred, in whole or in part, by absolute privilege.

### FIFTH AFFIRMATIVE DEFENSE
### (QUALIFIED/CONDITIONAL PRIVILEGES)

106. Tripp's claims and/or recovery are barred, in whole or in part, by one or more qualified and/or conditional privileges.

### SIXTH AFFIRMATIVE DEFENSE
### (CONSTITUTIONAL PRIVILEGE)

107. Tripp's claims and/or recovery are barred, in whole or in part, by constitutional privileges.

### SEVENTH AFFIRMATIVE DEFENSE
### (COMMON INTEREST PRIVILEGE)

108. Tripp's claims and/or recovery are barred, in whole or in part, by the common interest privilege.

### EIGHTH AFFIRMATIVE DEFENSE
### (FAIR REPORT PRIVILEGE)

109. Tripp's claims and/or recovery are barred, in whole or in part, by the fair report privilege.

### NINTH AFFIRMATIVE DEFENSE
### (FAIR COMMENT)

110. Tripp's claims and/or recovery are barred, in whole or in part, by the doctrine of fair comment.

### TENTH AFFIRMATIVE DEFENSE
### (JUSTIFICATION)

111. Tripp's claims and/or recovery are barred, in whole or in part, by the doctrine of justification.

### ELEVENTH AFFIRMATIVE DEFENSE
### (INCREMENTAL HARM DOCTRINE)

112. Tripp's claims and/or recovery are barred, in whole or in part, by the incremental harm doctrine.

### TWELFTH AFFIRMATIVE DEFENSE
### (OPINION)

113. Tripp's claims and/or recovery are barred, in whole or in part, because the statements at issue are expressions of opinion.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(NOERR-PENNINGTON)

114. Tripp's claims and/or recovery are barred, in whole or in part, by the *Noerr-Pennington* doctrine.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(ANTI-SLAPP)

115. Tripp's claims and/or recovery are barred, in whole or in part, by Nevada's anti-SLAPP statute.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(GOOD FAITH)

116. Tripp's claims and/or recovery are barred, in whole or in part, by the doctrine of good faith.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(REDUNDANCY)

117. Tripp's claims and/or recovery are barred, in whole or in part, because they are redundant and/or duplicative of one another.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(UNCLEAN HANDS / IN PARI DELICTO)

118. Tripp's claims and/or recovery are barred, in whole or in part, by the doctrine of unclean hands and similar such defenses and by the unconscionability of Tripp's acts and claims.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(FAILURE TO DO EQUITY)

119. No relief may be obtained under the Counterclaim by reason of Tripp's failure to do equity in the matters alleged in the Counterclaim.

**NINETEENTH AFFIRMATIVE DEFENSE**

(WILLFUL MISCONDUCT)

120. Tripp's claims and/or recovery are barred, in whole or in part, by his own willful misconduct.

## TWENTIETH AFFIRMATIVE DEFENSE

### (FRAUD)

121. Tripp's claims and/or recovery are barred, in whole or in part, by his own fraud.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (UNJUST ENRICHMENT)

122. Tripp's claims and/or recovery are barred, in whole or in part, by the doctrine of unjust enrichment.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (ESTOPPEL)

123. Tripp's claims and/or recovery are barred, in whole or in part, because Tripp is estopped to assert any claim for relief respecting the matters which are the subject of the Counterclaim by his conduct, representations, and omissions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (WAIVER)

124. Tripp's claims and/or recovery are barred, in whole or in part, by the doctrine of waiver.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (SUPERSEDING/INTERVENING CAUSE)

125. Tripp's claims and/or recovery are barred, in whole or in part, because of superseding and intervening causes of any alleged damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (CONDUCT OF OTHERS)

126. Tripp's claims and/or recovery are barred, in whole or in part, because the conduct complained of is the conduct of others.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (UNCERTAINTY OF DAMAGES)

127. Tripp's claims and/or recovery are barred, in whole or in part, due to uncertainty of any alleged damages.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(COMPARATIVE FAULT)

128. Tripp's claims and/or recovery are barred, in whole or in part, by the doctrines of contributory negligence or fault and/or comparative negligence or fault.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(ASSUMPTION OF RISK)

129. Tripp's claims and/or recovery are barred, in whole or in part, by the doctrine of assumption of risk.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(FAILURE TO MITIGATE)

130. Tripp's claims and/or recovery are barred, in whole or in part, or must be diminished because Tripp failed to mitigate, minimize, or attempt to avoid damages.

**THIRTIETH AFFIRMATIVE DEFENSE**

(SETOFF AND RECOUPMENT)

131. Without conceding any damage to Tripp in any respect, Tesla is entitled to offset and recoup against any judgment entered for Tripp against all obligations of Tripp owing to Tesla.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(UNCONSTITUTIONALITY)

132. Tripp's request for punitive damages is barred, in whole or in part, on the grounds that an award of punitive damages in this matter would violate the Nevada and United States Constitutions.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(LACHES)

133. Tripp's claims and/or recovery are barred, in whole or in part, by the doctrine of laches.

**ADDITIONAL DEFENSES**

134. Tesla reserves the right to supplement this answer and to assert additional affirmative defenses as additional facts are learned in the course of discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tesla, Inc. prays for judgment and relief against Defendant Martin Tripp as follows:

1. That judgment be entered in favor of Tesla and against Tripp on all claims for relief;

2. That Tripp take nothing by the Counterclaim;

3. For reasonable attorneys' fees and costs incurred herein as allowed by contract and/or law; and

4. For any other and further relief that the Court deems just and proper.

Dated: August 21, 2018                    HUESTON HENNIGAN LLP


                                          By:  */s/ Allison L. Libeu*
                                               Allison L. Libeu (*admitted pro hac vice*)
                                               *Attorneys for Plaintiff Tesla, Inc.*

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 620 Newport Center Drive, Suite 1300, Newport Beach, CA 92660.

On August 21, 2018, I served the foregoing document(s) described as:

**PLAINTIFF TESLA, INC.'S ANSWER TO DEFENDANT MARTIN TRIPP'S COUNTERCLAIM**

on the interested parties in this action as stated below:

Robert D. Mitchell
William M. Fischbach III
Christopher J. Waznik
Matthew D. Dayton
TIFFANY & BOSCO, P.A.
2525 E. Camelback Road
7th Floor, Camelback Esplanade II
Phoenix, AZ  85016

PHONE:  602-255-6000
FAX:  602-255-0103
E-MAIL:  rdm@tblaw.com
E-MAIL :  wmf@tblaw.com
EMAIL :  cjw@tblaw.com
EMAIL :  md@tblaw.com

[X]   (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 21, 2018, at Newport Beach, California.

| Sarah Jones | */s/ Sarah Jones* |
|---|---|
| (Type or print name) | (Signature) |