1  **JACKSON LEWIS P.C.**
   Joshua A. Sliker, (Nevada Bar No. 12493)
2  *joshua.sliker@jacksonlewis.com*
   3800 Howard Hughes Parkway, Suite 600
3  Las Vegas, Nevada 89169
   Telephone: (702) 921-2460
4  Facsimile: (702) 921-2461

5  **HUESTON HENNIGAN LLP**
   John C. Hueston (*admitted pro hac vice*)
6  *jhueston@hueston.com*
   Robert N. Klieger (*admitted pro hac vice*)
7  *rklieger@hueston.com*
   Allison L. Libeu (*admitted pro hac vice*)
8  *alibeu@hueston.com*
   523 W. 6th St., Suite 400
9  Los Angeles, CA 90014
   Telephone: (213) 788-4340
10 Facsimile: (888) 775-0898

11 *Attorneys for Plaintiff Tesla, Inc.*

12 **TIFFANY & BOSCO, P.A.**
   Robert D. Mitchell (*pro hac vice forthcoming*)
13 *rdm@tblaw.com*
   William M. Fischbach III (*pro hac vice forthcoming*)
14 *wmf@tblaw.com*
   Christopher J. Waznik (*pro hac vice forthcoming*)
15 *cjw@tblaw.com*
   Matthew D. Dayton (Nevada Bar No. 11552523)
16 *md@tblaw.com*
   Camelback Esplanade II, Seventh Floor
17 2525 East Camelback Road Phoenix, Arizona 85016-4229
   Telephone: (602) 255-6000
18 Facsimile: (602) 255-0103

19 *Attorneys for Defendant Martin Tripp*

20                **UNITED STATES DISTRICT COURT**

21                       **DISTRICT OF NEVADA**                    *CBC*

22 | TESLA, INC, an individual, | Case No.: 3:18-cv-00296-LRH-~~VPC~~ |
23 | Plaintiff, | **PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** |
24 | v. | **SUBMITTED IN COMPLIANCE WITH LOCAL RULE 26-1(b)** |
25 | MARTIN TRIPP, an individual, | |
26 | Defendant. | |

27 AND RELATED COUNTERCLAIM
28

Plaintiff Tesla, Inc. and Defendant Martin Tripp submit the following Proposed Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.

1. **Initial Disclosures:** The initial disclosures to be made pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be served by **August 29, 2018.**

2. **Discovery Cut-Off Date(s):** Discovery will take 180 days, measured from July 9, 2018, which is the date Defendant answered or otherwise appeared in the case. This does not exceed the 180-day presumptive outside limit that Local Rule 26-1(b)(1) sets for completing discovery and means all discovery must be commenced in time to be completed by **January 7, 2019.**

3. **Amending the Pleadings and Adding Parties:** The last day to file motions to amend pleadings or to add parties is **October 9, 2018**, which is not later than ninety (90) days prior to the close of discovery.

4. **Federal Rule of Civil Procedure 26(a)(2) Disclosures (Experts):** The disclosure of experts and expert reports shall occur by **November 8, 2018**, which is not later than sixty (60) days before the discovery deadline. Disclosure of rebuttal experts and their reports shall occur by **December 7, 2018**, which is not later than thirty (30) days before the discovery deadline.

5. **Dispositive Motions:** Dispositive motions may be filed no later than **February 6, 2019**, which is thirty (30) days after the discovery deadline. In the event that the discovery period is extended from the discovery cutoff date set forth in this Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days from the subsequent discovery cutoff date.

6. **Pretrial Order:** The pretrial order shall be filed by **March 8, 2019**, which is not later than thirty (30) days after the date set for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court. In the further event that the discovery period is extended from the discovery cutoff date set forth in this Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the period set forth in this paragraph.

7. **Federal Rule of Civil Procedure 26(a)(3) Disclosures:** The disclosures required by Federal Rule of Civil Procedure 26(a)(3), and any objections thereto, shall be included in the pretrial order.

8. **Alternative Dispute Resolution:** In compliance with Local Rule 26-1(b)(7), the parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and the Early Neutral Evaluation ("ENE") process.

9. **Alternative Forms of Case Disposition:** The parties certify that they have met and considered a trial by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 and the use of the Court's Short Trial Program. At this time, the parties do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

10. **Electronic Evidence:** A jury trial has been demanded (ECF Nos. 1 & 25) and in compliance with Local Rule 26-1(b)(9) the parties anticipate that they will be presenting evidence in an electronic format to jurors for the purposes of jury deliberations. The parties stipulate and agree that any electronic evidence will be reduced to searchable PDF documents, to the extent practicable, in compliance with the Court's requirements for the electronic jury display evidence system.

11. **Interim Status Report:** The interim status report may be filed no later than **November 8, 2018**, which is not later than sixty (60) days before the discovery deadline.

12. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with Local Rule 26-4, a stipulation or motion for modification or extension of this Discovery Plan and Scheduling Order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

13. **Electronic Filing:** The attorneys of record in this matter are registered for electronic filing with this Court. Any documents electronically filed with this Court are deemed to be sufficiently served on the other party as of the date that the document is electronically filed with the Court. In addition, the parties consent to service by email pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), in which event service is complete upon transmission.

14. **Electronic Information:** The parties believe that this case may involve or require the inspection or production of some electronically stored information ("ESI"). The parties agree that ESI shall be produced in standard Group IV TIFF format with accompanying text extraction and metadata in a Concordance load file. Microsoft Excel, PowerPoint, audio, audiovisual, and video files shall be produced in their native formats. Metadata fields that should be included are as follows:

- PRODBEG
- PRODEND
- PRODBEGATTACH (the Beginning Document Number of the parent document)
- PRODENDATTACH (the Ending Document Number of the last attachment)
- Custodian
- FileExt (the extension of the filename, e.g., "DOC" for an MS Word document)
- Filename (the original filename)
- Filepath (for loose electronic files this should be the filepath to the document location in the original environment; however, for emails this should be the internal folderpath where the email was stored, e.g., Doe, Jane.pst\inbox);
- Date Created
- Time Created (to the degree such information is reasonably available using "Robocopy" or similar software)
- Date Last Modified
- Time Last Modified
- Author
- Email To/From/Cc/Bcc fields
- Date Sent
- Date Received
- Time Sent
- Time Received
- Email Subject

- ☐ Relative Path to Extracted Text files
- ☐ Relative Path to Native files
- ☐ Title
- ☐ DocType
- ☐ Md5 Hash
- ☐ Redacted
- ☐ Confidentiality

15. **Privileged or Protected Documents:** The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other recognized privilege without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return or destroy the specified document(s) and any copies thereof, must not use or disclose information contained therein, and must take reasonable steps to retrieve the specified document(s) and information if the requesting party disclosed it before being notified. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

16. **Later Appearing Parties:** A copy of this Discovery Plan and Scheduling Order shall be served on any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance. This Discovery Plan and Scheduling order shall apply to such later appearing party, unless the Court, on motion and for good cause shown, orders otherwise.

| | |
|---|---|
| Dated: August 22, 2018 | **HUESTON HENNIGAN LLP** |
| | /s/ Allison L. Libeu |
| | Allison L. Libeu |
| | *Attorneys for Plaintiff Tesla, Inc.* |
| Dated: August 22, 2018 | **TIFFANY & BOSCO, P.A.** |
| | /s/ Matthew D. Dayton |
| | Matthew D. Dayton |
| | *Attorneys for Defendant Martin Tripp* |

**ORDER**

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 8/28/2018