# EXHIBIT A

**Plaintiff Tesla, Inc.'s Proposed Protective Order**

**JACKSON LEWIS P.C.**
Joshua A. Sliker, (Nevada Bar No. 12493)
*joshua.sliker@jacksonlewis.com*
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 921-2460
Facsimile: (702) 921-2461

**HUESTON HENNIGAN LLP**
John C. Hueston (*admitted pro hac vice*)
*jhueston@hueston.com*
Robert N. Klieger (*admitted pro hac vice*)
*rklieger@hueston.com*
Allison L. Libeu (*admitted pro hac vice*)
*alibeu@hueston.com*
523 W. 6th St., Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

*Attorneys for Plaintiff Tesla, Inc.*

**TIFFANY & BOSCO, P.A.**
Robert D. Mitchell (*admitted pro hac vice*)
*rdm@tblaw.com*
William M. Fischbach III (*admitted pro hac vice*)
*wmf@tblaw.com*
Christopher J. Waznik (*admitted pro hac vice*)
*cjw@tblaw.com*
Matthew D. Dayton (Nevada Bar No. 11552523)
*md@tblaw.com*
Camelback Esplanade II, Seventh Floor
2525 East Camelback Road Phoenix, Arizona 85016-4229
Telephone: (602) 255-6000
Facsimile: (602) 255-0103

*Attorneys for Defendant Martin Tripp*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TESLA, INC, a Delaware corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>MARTIN TRIPP, an individual,<br><br>            Defendant. | Case No.:  3:18-cv-00296-LRH-CBC<br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIAL** |
| AND RELATED COUNTERCLAIM | |

1    Plaintiff Tesla, Inc. ("Plaintiff") and Defendant Martin Tripp ("Defendant") anticipate that
2    documents, testimony, or information containing or reflecting confidential, proprietary, trade
3    secret, and/or commercially sensitive information are likely to be disclosed or produced during the
4    course of discovery, initial disclosures, and supplemental disclosures in this case and request that
5    the Court enter this Order setting forth the conditions for treating, obtaining, and using such
6    information.

7    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause
8    for the following [Proposed] Protective Order Regarding the Disclosure and Use of Discovery
9    Material ("Order" or "Protective Order").

10   **1.    PURPOSES AND LIMITATIONS**

11   (a)    Protected Material designated under the terms of this Protective Order shall
12   be used by a Receiving Party solely for this case and shall not be used directly or indirectly for any
13   other purpose whatsoever.

14   (b)    The Parties acknowledge that this Order does not confer blanket protections
15   on all disclosures during discovery.  Designations under this Order shall be made with care and
16   shall not be made absent a good faith belief that the designated material satisfies the criteria set
17   forth below.  If it comes to a Producing Party's attention that designated material does not qualify
18   for protection at all, or does not qualify for the level of protection initially asserted, the Producing
19   Party must promptly notify all other Parties that it is withdrawing or changing the designation.

20   **2.    DEFINITIONS**

21   (a)    "Discovery Material" means all items or information, including from any
22   non-party, regardless of the medium or manner generated, stored, or maintained (including, among
23   other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in
24   connection with discovery or Rule 26(a) disclosures in this case.

25   (b)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as
26   counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably
27   necessary to disclose the information for this litigation.

28

5372764

1    (c)    "Party" means any party to this case, including all of its officers, directors,

2  employees, consultants, retained experts, and outside counsel and their support staffs.

3    (d)    "Producing Party" means any Party or non-party that discloses or produces

4  any Discovery Material in this case.  In addition, any Party shall be entitled to designate as

5  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any of its

6  confidential, proprietary, and/or commercially sensitive information in the other Party's possession,

7  custody, or control and shall be considered a "Producing Party" in such instances.

8    (e)    "Protected Material" means any Discovery Material that is designated as

9  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as provided for in

10  this Order.  Protected Material shall not include: (i) advertising materials that have been actually

11  published or publicly disseminated; and (ii) materials that show on their face they have been

12  disseminated to the public.

13    (f)    "Receiving Party" means any Party who receives Discovery Material from a

14  Producing Party.

15  **3.    <u>COMPUTATION OF TIME</u>**

16    The computation of any period of time prescribed or allowed by this Order shall be

17  governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

18  **4.    <u>SCOPE</u>**

19    (a)    The protections conferred by this Order cover not only Discovery Material

20  governed by this Order as addressed herein, but also any information copied or extracted therefrom,

21  as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations,

22  or presentations by Parties or their counsel in court or in other settings that might reveal Protected

23  Material.

24    (b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's

25  own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall

26  preclude any Producing Party from showing its Protected Material to an individual who prepared

27  the Protected Material.  Further, nothing in this Protective Order shall prevent or restrict Plaintiff's

28

own disclosure or use for any purpose of material in Defendant's possession, custody, or control that contains, reflects, or was derived from Plaintiff's Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.     DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     Secure Storage, No Export.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

(c)     Legal Advice Based on Protected Material.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Order.

[PROPOSED] PROTECTIVE ORDER

5372764

(d)     <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

**7.     <u>DESIGNATING PROTECTED MATERIAL</u>**

(a)     <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)     <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)     Native Files.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Material produced in electronic

[PROPOSED] PROTECTIVE ORDER

5372764

1   format.  When electronic files or documents are printed for use at deposition, in a court proceeding,

2   or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 10,

3   the party printing the electronic files or documents shall affix a legend to the printed document

4   corresponding to the designation of the Designating Party and including the production number and

5   designation associated with the native file.  No one shall seek to use in this litigation a .tiff, .pdf or

6   other image format version of a document produced in native file format without first (1) providing

7   a copy of the image format version to the Producing Party so that the Producing Party can review

8   the image to ensure that no information has been altered, and (2) obtaining the consent of the

9   Producing Party, which consent shall not be unreasonably withheld.

10              (d)   <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may

11   designate depositions and other testimony with the appropriate designation by indicating on the

12   record at the time the testimony is given or by sending written notice of how portions of the

13   transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of

14   the testimony.  If no indication on the record is made, all information disclosed during a deposition

15   shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it

16   may be appropriately designated as provided for herein has passed.  Any Protected Material that is

17   used in the taking of a deposition shall remain subject to the provisions of this Protective Order,

18   along with the transcript pages of the deposition testimony dealing with such Protected Material.

19   In such cases the court reporter shall be informed of this Protective Order and shall be required to

20   operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped,

21   the original and all copies of the videotape shall be marked by the video technician to indicate that

22   the contents of the videotape are subject to this Protective Order, substantially along the lines of

23   "This videotape contains confidential testimony used in this case and is not to be viewed or the

24   contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective

25   Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing

26   Party shall have the right to exclude from oral depositions, other than the deponent, deponent's

27   counsel, the reporter and videographer (if any), any person who is not authorized by this Protective

28   Order to receive or access Protected Material based on the designation of such Protected Material.

5372764

1  Such right of exclusion shall be applicable only during periods of examination or testimony

2  regarding such Protected Material.

3  **8.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

4  (a)    A Producing Party may designate Discovery Material as

5  "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially

6  sensitive information of any party.

7  (b)    Plaintiff hereby designates as "CONFIDENTIAL" all information in

8  Defendant's possession, custody, or control that contains, reflects, or was derived from any of

9  Plaintiff's confidential, proprietary, and/or commercially sensitive information.  Nothing in this

10  paragraph shall prevent or restrict Plaintiff from subsequently designating such material as

11  "CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided that it meets the requirements for

12  such designation as provided for herein.  Defendant agrees that all information designated as

13  "CONFIDENTIAL" pursuant to this paragraph constitutes Protected Material and that Defendant

14  shall henceforth treat all such material as "CONFIDENTIAL" in accordance with Paragraph 8(c).

15  (c)    Unless otherwise ordered by the Court, Discovery Material designated as

16  "CONFIDENTIAL" may be disclosed only to the following:

17  (i)    The Receiving Party and the Receiving Party's in-house and Outside

18  Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation

19  support services working at the direction of such counsel, paralegals, and staff;

20  (ii)    Current employees of the Receiving Party with whom that Party's

21  in-house or Outside Counsel need to consult for purposes of this litigation;

22  (iii)    Any outside expert or consultant retained by the Receiving Party to

23  assist in this action, provided that disclosure is only to the extent necessary to perform such work;

24  and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the

25  Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current

26  officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of

27  retention to become an officer, director or employee of a Party or of a competitor of a Party;

28  (c) such expert or consultant accesses the materials in the United States only, and does not transport

1   them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such

2   disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

3                  (iv)    Court reporters, stenographers and videographers retained to record

4   testimony taken in this action;

5                  (v)    The Court, jury, and court personnel;

6                  (vi)    Graphics, translation, design, and/or trial consulting personnel,

7   having first agreed to be bound by the provisions of the Protective Order by signing a copy of

8   Exhibit A;

9                  (vii)    Mock jurors who have signed an undertaking or agreement agreeing

10  not to publicly disclose Protected Material and to keep any information concerning Protected

11  Material confidential;

12                 (viii)    Any mediator who is assigned to hear this matter, and his or her staff,

13  subject to their agreement to maintain confidentiality to the same degree as required by this

14  Protective Order; and

15                 (ix)    Any other person with the prior written consent of the Producing

16  Party.

17  **9.**     **<u>DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –</u>**

18              **<u>ATTORNEYS' EYES ONLY"</u>**

19        (a)    A Producing Party may designate Discovery Material as

20  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is

21  extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that

22  the disclosure of such Discovery Material is likely to cause economic harm or competitive

23  disadvantage to the Producing Party.

24        (b)    Unless otherwise ordered by the Court, Discovery Material designated as

25  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

26                 (i)    The Receiving Party's Outside Counsel, provided that such Outside

27  Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*,

28  730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such

5372764

1   Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support

2   services working at the direction of such counsel, paralegals, and staff;

3                    (ii)    In-house counsel of the Receiving Party, as well as their immediate

4   paralegals and staff to whom disclosure is reasonably necessary for this case;

5                    (iii)    Any outside expert or consultant retained by the Receiving Party to

6   assist in this action, provided that disclosure is only to the extent necessary to perform such work;

7   and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the

8   Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current

9   officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of

10  retention to become an officer, director, or employee of a Party or of a competitor of a Party;

11  (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S.*

12  *Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a

13  competitor of a Party; (d) such expert or consultant accesses the materials in the United States only,

14  and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved

15  objections to such disclosure exist after proper notice has been given to all Parties as set forth in

16  Paragraph 10 below;

17                   (iv)    Court reporters, stenographers and videographers retained to record

18  testimony taken in this action;

19                   (v)    The Court, jury, and court personnel;

20                   (vi)    Graphics, translation, design, and/or trial consulting personnel,

21  having first agreed to be bound by the provisions of the Protective Order by signing a copy of

22  Exhibit A;

23                   (vii)    Any mediator who is assigned to hear this matter, and his or her staff,

24  subject to their agreement to maintain confidentiality to the same degree as required by this

25  Protective Order; and

26                   (viii)    Any other person with the prior written consent of the Producing

27  Party

28

### 10.   <u>NOTICE OF DISCLOSURE</u>

(a)   With the sole exception of consulting experts who are not expected to be called as witnesses at trial, prior to disclosing any Protected Material to any person described in Paragraphs 8(c)(iii) or 9(b)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)   the name of the Person;

(ii)   an up-to-date curriculum vitae of the Person, containing a complete and accurate employment history; and

(iii)   the present employer and title of the Person

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.

(b)   Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period.  If the Producing Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)   For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Material in a way or ways that are inconsistent with the provisions contained in this Order.

5372764

1    (d)    Prior to receiving any Protected Material under this Order, the Person must

2  execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it

3  on all Parties.

4    (e)    An initial failure to object to a Person under this Paragraph 10 shall not

5  preclude the nonobjecting Party from later objecting to continued access by that Person for good

6  cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within

7  seven (7) days following the objection and attempt in good faith to resolve the dispute informally.

8  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the

9  date of the meet and confer to seek relief from the Court.  The designated Person may continue to

10  have access to information that was provided to such Person prior to the date of the objection.  If a

11  later objection is made, no further Protected Material shall be disclosed to the Person until the

12  Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the

13  foregoing, if the Producing Party fails to move for a protective order within seven (7) business days

14  after the meet and confer, further Protected Material may thereafter be provided to the Person.

15    **11.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

16    (a)    A Party shall not be obligated to challenge the propriety of any designation

17  of Discovery Material under this Order at the time the designation is made, and a failure to do so

18  shall not preclude a subsequent challenge thereto.

19    (b)    Any challenge to a designation of Discovery Material under this Order shall

20  be written, shall be served on outside counsel for the Producing Party, shall particularly identify the

21  documents or information that the Receiving Party contends should be differently designated, and

22  shall state the grounds for the objection.  Thereafter, further protection of such material shall be

23  resolved in accordance with the following procedures:

24    (i)    The objecting Party shall have the burden of conferring either in

25  person, in writing, or by telephone with the Producing Party claiming protection (as well as any

26  other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have

27  the burden of justifying the disputed designation;

28

[PROPOSED] PROTECTIVE ORDER

5372764

1         (ii)     Failing agreement, the Receiving Party may bring a motion to the

2 Court for a ruling that the Discovery Material in question is not entitled to the status and protection

3 of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or

4 prejudice either Party from arguing for or against any designation, establish any presumption that a

5 particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute

6 over discovery or disclosure of information;

7         (iii)    Notwithstanding any challenge to a designation, the Discovery

8 Material in question shall continue to be treated as designated under this Order until one of the

9 following occurs: (a) the Party who designated the Discovery Material in question withdraws such

10 designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled

11 to the designation.

12      **12.**    **SUBPOENAS OR COURT ORDERS**

13        If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or

14 legislative body or by other process or order, the Party to whom the subpoena or other request is

15 directed shall immediately give prompt written notice thereof to every Party who has produced

16 such Discovery Material and to its counsel, shall furnish counsel for each such Party with a copy of

17 said subpoena or other process or order, and shall provide each such Party with an opportunity to

18 move for a protective order regarding the production of Protected Material implicated by the

19 subpoena or other process or order.

20      **13.**    **FILING PROTECTED MATERIAL**

21         (a)     If a party files any Protected Material, it shall follow the following modified

22 procedure of LR IA 10-5:

23         (i)     Unless otherwise permitted by statute, rule, prior court order, or prior

24 permission from the party who originally designated the material as Protected Material, all papers

25 designated as Protected Material and filed with the Court must be filed under seal and accompanied

26 by a "Notice of Filing Protected Material" publicly filed with the Court and served on the non-

27 filing party.

28

5372764

1          (ii)     The party who originally designated the material as Protected

2 Material shall then have five (5) court days to file with the Court (A) a notice that it does not seek

3 to have the Protected Material sealed; or (B) a motion requesting that the Court seal the Protected

4 Material.  Such motion, and any response or reply memorandum with respect to such motion, shall

5 not exceed the page limitation established by this Court's Local Rules.

6          (iii)    All Protected Material filed with the Court will remain sealed until

7 (A) the Court either denies or grants the motion requesting to seal Protected Material described in

8 subparagraph (ii); or (B) the non-filing party gives notice under subparagraph (ii) that it does not

9 seek to have the Protected Material sealed.

10         (iv)    This provision shall not apply to Protected Material for which the

11 Court has already denied a motion requesting to seal Protected Material described in subparagraph

12 (ii) or for which the Producing Party has already given notice under subparagraph (ii) that it does

13 not seek to have the Protected Material sealed.

14         (v)     All other provisions of LR IA 10-5 shall remain in effect except to

15 the extent they contravene this Protective Order, in which case this Protective Order shall govern.

16       **14.**    **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

17         (a)     The inadvertent production by a Party of Discovery Material subject to the

18 attorney-client privilege, work-product protection, or any other applicable privilege or protection,

19 despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to

20 production, will not waive the applicable privilege and/or protection if a request for return of such

21 inadvertently produced Discovery Material is made promptly after the Producing Party learns of its

22 inadvertent production.

23         (b)     Upon a request from any Producing Party who has inadvertently produced

24 Discovery Material that it believes is privileged and/or protected, each Receiving Party shall

25 immediately return or destroy such Protected Material or Discovery Material and any copies

26 thereof and promptly notify the Producing Party of the return/destruction within two (2) business

27 days of receipt of notice, must not use or disclose information contained therein, and must take

28

[PROPOSED] PROTECTIVE ORDER

5372764

1 reasonable steps to retrieve the specified such Protected Material or Discovery Material if the
2 requesting party disclosed it before being notified.

3       (c)     Nothing herein shall prevent the Receiving Party from preparing a record for
4 its own use containing the date, author, addresses, and topic of the inadvertently produced
5 Discovery Material and such other information as is reasonably necessary to identify the Discovery
6 Material and describe its nature to the Court in any motion to compel production of the Discovery
7 Material.

8      **15.**    **<u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>**

9       (a)     The inadvertent failure by a Producing Party to designate Discovery Material
10 as Protected Material with one of the designations provided for under this Order shall not waive
11 any such designation provided that the Producing Party notifies all Receiving Parties that such
12 Discovery Material is protected under one of the categories of this Order within fourteen (14) days
13 of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall
14 reproduce the Protected Material with the correct confidentiality designation within seven (7) days
15 upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the
16 correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the
17 Producing Party's option, all Discovery Material that was not designated properly and promptly
18 notify the Producing Party of the return and/or destruction within two (2) business days of receipt
19 of notice.

20       (b)     A Receiving Party shall not be in breach of this Order for any use of such
21 Discovery Material before the Receiving Party receives such notice that such Discovery Material is
22 protected under one of the categories of this Order, unless an objectively reasonable person would
23 have realized that the Discovery Material should have been appropriately designated with a
24 confidentiality designation under this Order. Once a Receiving Party has received notification of
25 the correct confidentiality designation for the Protected Material with the correct confidentiality
26 designation, the Receiving Party shall treat such Discovery Material at the appropriately designated
27 level pursuant to the terms of this Order.

28

5372764

**16.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)   In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)   Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**17.   FINAL DISPOSITION**

(a)   Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)   All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, motion or other court papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product (but not document productions) for archival purposes.  Any such archival copies remain subject to this Order.

**18.   MISCELLANEOUS**

(a)   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties

5372764

1    do not waive the right to argue that certain material may require additional or different

2    confidentiality protections than those set forth herein.

3              (b)    <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that

4    the terms of this Protective Order shall survive and remain in effect after the Final Determination of

5    the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this

6    matter to hear and resolve any disputes arising out of this Protective Order.

7              (c)    <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their

8    attorneys, and their successors, executors, personal representatives, administrators, heirs, legal

9    representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and

10   experts, and any persons or organizations over which they have direct control.

11             (d)    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

12   Protective Order, no Party waives any right it otherwise would have to object to disclosing or

13   producing any information or item.  Similarly, no Party waives any right to object on any ground to

14   use in evidence of any of the material covered by this Protective Order.  This Order shall not

15   constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery

16   Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in

17   evidence in this action or any other proceeding.

18             (e)    <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing

19   in this Protective Order shall be construed to change the burdens of proof or legal standards

20   applicable in disputes regarding whether particular Discovery Material is confidential, which level

21   of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions

22   should apply.

23             (f)    <u>Modification by Court</u>.  This Order is subject to further court order based

24   upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the

25   interests of justice.  The United States District Court for District of Nevada is responsible for the

26   interpretation and enforcement of this Order.  All disputes concerning Protected Material, however

27   designated, produced under the protection of this Order shall be resolved by the United States

28   District Court for the District of Nevada.

[PROPOSED] PROTECTIVE ORDER

5372764

1        (g)    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in

2 any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the

3 United States District Court for District of Nevada, or the Court's own orders.  Identification of any

4 individual pursuant to this Protective Order does not make that individual available for deposition

5 or any other form of discovery outside of the restrictions and procedures of the Federal Rules of

6 Civil Procedure, the Local Rules for the United States District Court for District of Nevada, or the

7 Court's own orders.

8

9                                               Respectfully submitted,

10 Dated: September ____, 2018         **HUESTON HENNIGAN LLP**

11

12                                       _____

                                      Allison L. Libeu

13                                       *Attorneys for Plaintiff Tesla, Inc.*

14

15 Dated: September ____, 2018         **TIFFANY & BOSCO, P.A.**

16

17                                         _____

                                      Robert D. Mitchell

18                                         *Attorneys for Defendant Martin Tripp*

19                                       <u>**ORDER**</u>

20                                         IT IS SO ORDERED

21

22                                         _____

23                                       UNITED STATES MAGISTRATE JUDGE

24

25                                       DATED:_____

26

27

28

[PROPOSED] PROTECTIVE ORDER

5372764

**EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in Tesla, Inc. v. Martin Tripp, United States District Court, District of Nevada, Case No. 3:18-cv-00296-LRH-VPC.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____

[Signature]