| | |
|---|---|
| 1 | **JACKSON LEWIS P.C.**<br>Joshua A. Sliker, (Nevada Bar No. 12493) |
| 2 | *joshua.sliker@jacksonlewis.com*<br>3800 Howard Hughes Parkway, Suite 600 |
| 3 | Las Vegas, Nevada 89169<br>Telephone: (702) 921-2460 |
| 4 | Facsimile: (702) 921-2461 |
| 5 | **HUESTON HENNIGAN LLP**<br>John C. Hueston (*admitted pro hac vice*) |
| 6 | *jhueston@hueston.com*<br>Robert N. Klieger (*admitted pro hac vice*) |
| 7 | *rklieger@hueston.com*<br>Allison L. Libeu (*admitted pro hac vice*) |
| 8 | *alibeu@hueston.com*<br>523 W. 6th St., Suite 400 |
| 9 | Los Angeles, CA 90014<br>Telephone: (213) 788-4340 |
| 10 | Facsimile: (888) 775-0898 |
| 11 | *Attorneys for Plaintiff Tesla, Inc.* |
| 12 | **TIFFANY & BOSCO, P.A.**<br>Robert D. Mitchell (*admitted pro hac vice*) |
| 13 | *rdm@tblaw.com*<br>William M. Fischbach III (*admitted pro hac vice*) |
| 14 | *wmf@tblaw.com*<br>Christopher J. Waznik (*admitted pro hac vice*) |
| 15 | *cjw@tblaw.com*<br>Matthew D. Dayton (Nevada Bar No. 11552523) |
| 16 | *md@tblaw.com*<br>Camelback Esplanade II, Seventh Floor |
| 17 | 2525 East Camelback Road Phoenix, Arizona 85016-4229<br>Telephone: (602) 255-6000 |
| 18 | Facsimile: (602) 255-0103 |
| 19 | *Attorneys for Defendant Martin Tripp* |



FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 11 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TESLA, INC., a Delaware corporation, | Case No.: 3:18-cv-00296-LRH-CBC |
| Plaintiff, | [~~PROPOSED~~] **PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIAL** |
| v. | |
| MARTIN TRIPP, an individual, | |
| Defendant. | |
| AND RELATED COUNTERCLAIM | |

Plaintiff Tesla, Inc. ("Plaintiff") and Defendant Martin Tripp ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following [Proposed] Protective Order Regarding the Disclosure and Use of Discovery Material ("Order" or "Protective Order").

1.  **PURPOSES AND LIMITATIONS**

    (a) Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case and shall not be used directly or indirectly for any other purpose whatsoever.

    (b) The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery. Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.  **DEFINITIONS**

    (a) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

    (b) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(d) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case. In addition, any Party shall be entitled to designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any of its confidential, proprietary, and/or commercially sensitive information in the other Party's possession, custody, or control and shall be considered a "Producing Party" in such instances.

(e) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(f) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

3. **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

4. **SCOPE**

(a) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material. Further, nothing in this Protective Order shall prevent or restrict Plaintiff's

own disclosure or use for any purpose of material in Defendant's possession, custody, or control that contains, reflects, or was derived from Plaintiff's Protected Material.

(c) Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d) This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way including, without limitation, an order that certain matter not be produced at all.

5. **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a) <u>Basic Principles</u>. All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b) <u>Secure Storage, No Export</u>. Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order. To ensure compliance with applicable United States Export Administration Regulations, Protected Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be exported outside the United States or released to any foreign national (even if within the United States).

(c) <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Order.

- 3 -
[PROPOSED] PROTECTIVE ORDER

5365789

(d) <u>Limitations</u>. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c) Native Files. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Material produced in electronic

1. format. When electronic files or documents are printed for use at deposition, in a court proceeding,
2. or for provision in printed form to an expert or consultant, the party printing the electronic files or
3. documents shall affix a legend to the printed document corresponding to the designation of the
4. Designating Party and including the production number and designation associated with the native
5. file. No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a
6. document produced in native file format without first (1) providing a copy of the image format
7. version to the Producing Party so that the Producing Party can review the image to ensure that no
8. information has been altered, and (2) obtaining the consent of the Producing Party, which consent
9. shall not be unreasonably withheld.
10.       (d)    <u>Depositions and Testimony</u>. Parties or testifying persons or entities may
11. designate depositions and other testimony with the appropriate designation by indicating on the
12. record at the time the testimony is given or by sending written notice of how portions of the
13. transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of
14. the testimony. If no indication on the record is made, all information disclosed during a deposition
15. shall be deemed "CONFIDENTIAL" until the time within which it may be appropriately
16. designated as provided for herein has passed. Any Protected Material that is used in the taking of a
17. deposition shall remain subject to the provisions of this Protective Order, along with the transcript
18. pages of the deposition testimony dealing with such Protected Material. In such cases the court
19. reporter shall be informed of this Protective Order and shall be required to operate in a manner
20. consistent with this Protective Order. In the event the deposition is videotaped, the original and all
21. copies of the videotape shall be marked by the video technician to indicate that the contents of the
22. videotape are subject to this Protective Order, substantially along the lines of "This videotape
23. contains confidential testimony used in this case and is not to be viewed or the contents thereof to
24. be displayed or revealed except pursuant to the terms of the operative Protective Order in this
25. matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall
26. have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the
27. reporter and videographer (if any), any person who is not authorized by this Protective Order to
28. receive or access Protected Material based on the designation of such Protected Material. Such

- 5 -
[PROPOSED] PROTECTIVE ORDER

5365789


1. format. When electronic files or documents are printed for use at deposition, in a court proceeding,
2. or for provision in printed form to an expert or consultant, the party printing the electronic files or
3. documents shall affix a legend to the printed document corresponding to the designation of the
4. Designating Party and including the production number and designation associated with the native
5. file. No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a
6. document produced in native file format without first (1) providing a copy of the image format
7. version to the Producing Party so that the Producing Party can review the image to ensure that no
8. information has been altered, and (2) obtaining the consent of the Producing Party, which consent
9. shall not be unreasonably withheld.
10.     (d) <u>Depositions and Testimony</u>. Parties or testifying persons or entities may
11. designate depositions and other testimony with the appropriate designation by indicating on the
12. record at the time the testimony is given or by sending written notice of how portions of the
13. transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of
14. the testimony. If no indication on the record is made, all information disclosed during a deposition
15. shall be deemed "CONFIDENTIAL" until the time within which it may be appropriately
16. designated as provided for herein has passed. Any Protected Material that is used in the taking of a
17. deposition shall remain subject to the provisions of this Protective Order, along with the transcript
18. pages of the deposition testimony dealing with such Protected Material. In such cases the court
19. reporter shall be informed of this Protective Order and shall be required to operate in a manner
20. consistent with this Protective Order. In the event the deposition is videotaped, the original and all
21. copies of the videotape shall be marked by the video technician to indicate that the contents of the
22. videotape are subject to this Protective Order, substantially along the lines of "This videotape
23. contains confidential testimony used in this case and is not to be viewed or the contents thereof to
24. be displayed or revealed except pursuant to the terms of the operative Protective Order in this
25. matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall
26. have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the
27. reporter and videographer (if any), any person who is not authorized by this Protective Order to
28. receive or access Protected Material based on the designation of such Protected Material. Such

right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information of any party.

(b)   Plaintiff hereby designates as "CONFIDENTIAL" the following information disclosed by Defendant: TRIPP000001-TRIPP000933. Defendant agrees that all information designated as "CONFIDENTIAL" pursuant to this paragraph constitutes Protected Material and that Defendant shall henceforth treat all such material as "CONFIDENTIAL" in accordance with Paragraph 8(c). Nothing in this paragraph shall limit Plaintiff's ability to designate additional information disclosed by Defendant as "CONFIDENTIAL."

(c)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)   The Receiving Party and the Receiving Party's in-house and Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)   Current employees of the Receiving Party with whom that Party's in-house or Outside Counsel need to consult for purposes of this litigation;

(iii)   Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction;

    (iv) Court reporters, stenographers and videographers retained to record testimony taken in this action;

    (v) The Court, jury, and court personnel;

    (vi) Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

    (vii) Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

    (viii) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

    (ix) Any other person with the prior written consent of the Producing Party.

**9. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

 (a) A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reveals highly confidential trade secrets, proprietary business information, or nonpublic personal, medical, client, or customer information that the Producing Party reasonably believes would create a substantial risk of serious economic harm, competitive disadvantage, or other injury if disclosed to persons other than those permitted to receive Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order, and such risk cannot be avoided by less restrictive means.

 (b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

    (i) The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such

1  Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support
2  services working at the direction of such counsel, paralegals, and staff;
3          (ii)    In-house counsel of the Receiving Party, as well as their immediate
4  paralegals and staff to whom disclosure is reasonably necessary for this case;
5          (iii)    Any outside expert or consultant retained by the Receiving Party to
6  assist in this action, provided that disclosure is only to the extent necessary to perform such work;
7  and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the
8  Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current
9  officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of
10 retention to become an officer, director, or employee of a Party or of a competitor of a Party;
11 (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S.*
12 *Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a
13 competitor of a Party; and (d) such expert or consultant accesses the materials in the United States
14 only, and does not transport them to or access them from any foreign jurisdiction;
15         (iv)    Court reporters, stenographers and videographers retained to record
16 testimony taken in this action;
17         (v)    The Court, jury, and court personnel;
18         (vi)    Graphics, translation, design, and/or trial consulting personnel,
19 having first agreed to be bound by the provisions of the Protective Order by signing a copy of
20 Exhibit A;
21         (vii)    Any mediator who is assigned to hear this matter, and his or her staff,
22 subject to their agreement to maintain confidentiality to the same degree as required by this
23 Protective Order;
24         (viii)    Any other person with the prior written consent of the Producing
25 Party; and
26         (ix)    The Defendant, provided that disclosure is only to the extent
27 necessary to assist Outside Counsel in the defense or prosecution of this case; and provided that:
28 (a) such disclosure is in person in the offices of Defendant's Outside Counsel; (b) such disclosure is

in the presence of Outside Counsel or an expert/consultant to whom disclosure is permitted under Paragraph 9(b)(iii) of the Order; and (c) Defendant is not permitted to photograph, duplicate, retain copies of, or otherwise reproduce any Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

    (a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

    (b)    Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

        (i)    The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

        (ii)    Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

        (iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**11.   SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body or by other process or order, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel, shall furnish counsel for each such Party with a copy of said subpoena or other process or order, and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Material implicated by the subpoena or other process or order.

**12.   FILING PROTECTED MATERIAL**

(a)   Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with LR IA 10-5.

**13.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)   The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)   Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return or destroy such Protected Material or Discovery Material and any copies thereof and promptly notify the Producing Party of the return/destruction within two (2) business days of receipt of notice, must not use or disclose information contained therein, and must take reasonable steps to retrieve the specified such Protected Material or Discovery Material if the requesting party disclosed it before being notified.

(c) Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

14. **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly and promptly notify the Producing Party of the return and/or destruction within two (2) business days of receipt of notice.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

15. **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a) In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the

Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

16. **FINAL DISPOSITION**

(a) Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b) All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, motion or other court papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product (but not document productions) for archival purposes. Any such archival copies remain subject to this Order.

17. **MISCELLANEOUS**

(a) <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

    (b) <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.

    (c) <u>Successors</u>. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

    (d) <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

    (e) <u>Burdens of Proof</u>. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

    (f) <u>Modification by Court</u>. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. During the pendency of this litigation, the United States District Court for District of Nevada is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall, during the pendency of this litigation, be resolved by the United States District Court for the District of Nevada.

    (g) <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the

United States District Court for District of Nevada, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for District of Nevada, or the Court's own orders.

Respectfully submitted,

Dated: October 10, 2018

**HUESTON HENNIGAN LLP**

/s/ *Allison L. Libeu*
Allison L. Libeu
*Attorneys for Plaintiff Tesla, Inc.*

Dated: October 10, 2018

**TIFFANY & BOSCO, P.A.**

/s/ *Robert D. Mitchell*
Robert D. Mitchell
*Attorneys for Defendant Martin Tripp*

**ORDER**

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 10/11/2018

**EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Tesla, Inc. v. Martin Tripp*, United States District Court, District of Nevada, Case No. 3:18-cv-00296-LRH-VPC. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]