Robert D. Mitchell (*admitted pro hac vice*)
William M. Fischbach III (*admitted pro hac vice*)
Christopher J. Waznik (*admitted pro hac vice*)
Jason C. Kolbe, Nevada Bar No. 11624
Kevin S. Soderstrom, Nevada Bar No. 10235

**TB TIFFANY & BOSCO**
P.A.

Camelback Esplanade II, Seventh Floor
2525 East Camelback Road
Phoenix, Arizona 85016-4229
Telephone: (602) 255-6000
Fax: (602) 255-0103
E-mails: rdm@tblaw.com; wmf@tblaw.com;
cjw@tblaw.com; jck@tblaw.com; kss@tblaw.com

Counsel for Defendant/Counterclaimant Martin Tripp

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>                          Plaintiff,<br><br>vs.<br><br>MARTIN TRIPP, an individual,<br><br>                          Defendant. | Case No. 3:18-cv-00296-LRH-CBC<br><br>**DEFENDANT / COUNTERCLAIMANT MARTIN TRIPP'S SEPARATE INTERIM CASE MANAGEMENT REPORT** |
| MARTIN TRIPP, an individual,<br><br>                          Counterclaimant,<br><br>vs.<br><br>TESLA, INC., a Delaware corporation,<br><br>                          Counterdefendant. | |

Pursuant to the Court's October 1, 2018 order, Defendant/Counterclaimant Martin Tripp ("Mr. Tripp"), by and through undersigned counsel, hereby submits his separate case management report outlining his positions on various discovery issues that have been identified to date.[1]

## I. Discovery Issues Raised by Mr. Tripp.

### A. *Deposition of Elon Musk*.

On November 8, 2018, Mr. Tripp's counsel advised Plaintiff/Counterdefendant Tesla, Inc. ("Tesla") that Mr. Tripp intended to depose Elon Musk. In response, Tesla stated that the request was harassment and indicated that it would refuse to make Mr. Musk available for deposition, citing three non-binding, un-published trial court decisions that reference the rarely-applied "apex" witness doctrine. Tesla is incorrect. For one, the "apex" witness doctrine has never been recognized or adopted by the Ninth Circuit Court of Appeals. Second, the doctrine has been repeatedly rejected by the U.S. District Court of Nevada, including this very Court. *See Resort Props. of Am. v. El-Ad Props. N.Y. LLC*, No. 2:07-CV-00964-LRH-RJ, 2008 WL 2741131, at *3 (D. Nev. July 10, 2008) (describing an out-of-district decision outlining the "apex" doctrine as "nonbinding," describing the objection as "not well taken," and ultimately rejecting application of doctrine); *Luangisa v. Interface Operations*, No. 2:11-CV-00951-RCJ, 2011 WL 6029880, at *13–14 (D. Nev. Dec. 5, 2011) (allowing deposition of "busy, high-ranking executive" because he had "personal knowledge of facts relevant to this lawsuit" and noting that "when a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition" (citation omitted)); *U.S. Commodity Futures Trading Comm'n v. Banc de Binary, Ltd.*, No. 2:13-CV-992-MMD-VCF, 2015 WL 556441, at *2 (D. Nev. Feb. 11, 2015) (observing that

---

[1] None of the discovery issues identified herein have been discussed by the parties during a meet and confer as defined by Local Rule IA 1-3(f). Mr. Tripp, and presumably Tesla, will endeavor to do so prior to the December 3, 2018 case management conference. Also, by identifying the issues herein, Mr. Tripp does not waive his right to later raise additional discovery issues as they arise and/or are identified.

2

the Ninth Circuit "has not yet recognized" the "apex" doctrine and rejecting argument that "apex" doctrine applied because the requisite inquiry for quashing discovery is based on Federal Rules of Civil Procedure ("Rules") 26(b) and 26(c), not whether the discovery is directed to an "official occupy[ing] high level positions").

In this case, Mr. Musk has personal knowledge of facts relevant to the lawsuit. For example and without limitation, Mr. Musk published on behalf of Tesla two of the false and defamatory statements about Mr. Tripp—(1) the e-mail to Gigafactory employees on June 17, 2018 and (2) the e-mail to the media on June 20, 2018. *See* ECF Nos. 25-1 and 25-7. Not only are both of those communications relevant to this case, only Mr. Musk can testify about what he knew before publishing those two statements on behalf of Tesla, which concerns the negligence prong of defamation. *See Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009) ("An action for defamation requires the plaintiff to prove four elements: "(1) a false and defamatory statement; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." (citation omitted)).

Furthermore, Mr. Musk was referenced by name in the Storey County Sheriff's Report with respect to the alleged "threat" to Tesla's Gigafactory and presumably had personal knowledge of the incident in real time as indicated by his June 20, 2018 e-mail to the media. Mr. Musk also published a Tweet about Mr. Tripp on July 5, 2018 which implied that Mr. Tripp was receiving compensation from a reporter. *See* ECF No. 25-8. Mr. Musk also has personal knowledge regarding other portions of the case, including his direct e-mail exchange with Mr. Tripp on June 20, 2018, an e-mail Mr. Tripp sent to him on May 16, 2018 regarding the levels of scrap at the Gigafactory, whether any injuries have ever been tied to the Model 3, and whether any damaged battery modules were used in a Model 3. Mr. Musk may also have relevant information as to whether the information Tesla alleges Mr. Tripp disclosed to third parties is actually protectible "trade secret" information.

In short, Mr. Musk clearly has personal knowledge about information relevant to this lawsuit and Mr. Tripp is legally justified in taking his deposition.

### B.   *Document Production*.

On September 24, 2018, Mr. Tripp served seven (7) requests for production of documents on Tesla. On October 24, 2018, Tesla responded that it would produce some, but not all, of the requested documents. No responsive documents were produced on October 24, 2018 and Tesla did not identify a date on which it would complete its production. On November 1, 2018, Tesla disclosed its first batch of "rolling" production. On November 16, 2018, Tesla disclosed its second batch of "rolling" production, which was comprised "of responsive materials from the files of Tesla's designated expert[.]"

To date, Tesla has not produced, among other things, the following documents that Mr. Tripp specifically requested and that are clearly relevant and proportional to the needs of this case:

- Communications Tesla has had with the media and the Storey County Sheriff's Office regarding Mr. Tripp and the purported threat to the Gigafactory on June 20, 2018
- E-mails or other electronic communications sent or received by Mr. Tripp with his Tesla accounts during his employment at Tesla
- Tesla's internal e-mails and electronic communications referencing Mr. Tripp
- Documents related to Tesla's recruitment of Mr. Tripp

Furthermore, based on Tesla's written responses to Mr. Tripp's discovery requests, Tesla has refused to produce the following documents:

- An image and/or copy of any electronic devise Tesla issued to Mr. Tripp during his employment
- Copies of video recordings of the Gigafactory on June 20 and 21, 2018 which would show what measures Tesla took in response to the purported threat

4

## II. Responses to Discovery Disputes Raised by Tesla.

### A. *Location of Deposition of Martin Tripp.*

Tesla has indicated its desire to depose Mr. Tripp in person in Nevada. In fact, Tesla noticed Mr. Tripp's deposition in Reno, Nevada without first consulting with Mr. Tripp or his counsel about the location or date of the deposition. In any event, Tesla contends that Mr. Tripp, who currently resides in Europe, must travel across the world to attend an in-person deposition because Mr. Tripp asserted counterclaims. Tesla is incorrect.

Mr. Tripp did not initiate this litigation in Nevada, Tesla did. Mr. Tripp is a defendant who asserted compulsory counterclaims. As a result, Mr. Tripp is not treated as a plaintiff for purposes of determining the location of his deposition. *See, e.g.*, *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982) ("If a counterclaim is compulsory, a defendant remains entitled to protection from deposition anywhere but his or her residence or business location . . . .").

In any event, to alleviate the undue burden and expense that would be imposed on him to travel around the world while accommodating Tesla's desire for an in-person deposition, Mr. Tripp offered to travel to the United States to attend an in-person deposition provided that Tesla compensate him for his travel expenses. Tesla refused. While this dispute remains ongoing, if Tesla ultimately refuses to alleviate the significant expenses that Mr. Tripp would incur to attend an in-person deposition in Nevada, Mr. Tripp will move for an order compelling his deposition to be taken by remote means pursuant to Rule 30(b)(4) or, alternatively, a protective order under Rule 26(c) to change the location of the deposition due to oppression, undue burden, and undue expense.

### B. *Deposition of Non-Party Andrea Szikszai.*

Tesla has noticed the deposition of a non-party, Andrea Szikszai, in Nevada. Ms. Szikszai resides in Europe. Notwithstanding the fact that the deposition notice violates Rule 45(c)(1), Tesla has stated that "[b]ecause Mr. Tripp intends to bring [Andrea] Szikszai to Nevada for trial, he is likewise obligated to make her available in Nevada for deposition."

5

Initially, Mr. Tripp has never stated that he "intends to bring Ms. Szikszai to Nevada for trial." Ms. Szikszai is simply identified in Mr. Tripp's disclosure statement as a person with possibly discoverable information who may or may not be used by Mr. Tripp to support his claims or defenses under Rule 26(a)(1)(A). There is no statement that Mr. Tripp "intends to bring" Ms. Szikszai to testify at trial or even that he "intends" to use her as a witness. Even if Ms. Szikszai was called as a witness, witnesses can testify telephonically with the Court's permission. *See* Fed. R. Civ. P. 43(a).

In any event, even if Ms. Szikszai was to attend trial in person to testify, Tesla has provided no authority for its proposition that Mr. Tripp somehow bears the financial and logistical burden of "mak[ing] her available in Nevada for deposition." Rule 45(c)(1) provides a hard 100-mile limitation on where a non-party, such as Ms. Szikszai, can be deposed with respect to her residence and/or employment. Ms. Szikszai resides in Europe, far beyond the 100-mile limitation. As a result, Tesla's notice of deposition is improper and violates Rule 45, and Mr. Tripp is under no burden to "make her available" in Nevada.

### C. *Number of Depositions*.

As a final discovery issue raised by Tesla, Tesla has objected to Mr. Tripp's desire to take more than ten (10) depositions. For one, this objection is premature as Mr. Tripp has yet to notice the depositions. Second, ten (10) depositions is merely the presumptive limit on depositions under Rule 30 for a plaintiff or defendant. In this case, counterclaims have been asserted by Mr. Tripp, which should double the amount of depositions per side, as Mr. Tripp is both a defendant and a plaintiff. Third, even if Mr. Tripp is only allotted ten depositions under Rule 30, Mr. Tripp can move for leave to conduct additional depositions pursuant to Rule 30(a)(2). In this case, where Mr. Tripp is being sued for more than $167,000,000.00 and has asserted counterclaims against Tesla, more than ten (10) depositions is certainly reasonable and appropriate.

6

DATED this 27th day of November, 2018.

           TIFFANY & BOSCO, P.A.

           By_____
            Robert D. Mitchell
            William M. Fischbach, III
            Christopher J. Waznik
            Jason C. Kolbe
            Kevin S. Soderstrom
            Camelback Esplanade II, Seventh Floor
            2525 East Camelback Road
            Phoenix, Arizona 85016-4229
            *Counsel for Defendant/Counterclaimant*

## CERTIFICATE OF SERVICE

I hereby certify and declare under penalty of perjury that on November 27, 2018, I electronically filed the foregoing with the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Christopher J. Waznik*
_____