# EXHIBIT 1

# EXHIBIT 1

PLAINTIFF AND COUNTER-DEFENDANT TESLA
INC.'S RESPONSES AND OBJECTIONS TO
DEFENDANT AND COUNTER-CLAIMANT MARTIN
TRIPP'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

# EXHIBIT 1

**JACKSON LEWIS P.C.**
Joshua A. Sliker, Nevada Bar No. 12493
*Joshua.Sliker@jacksonlewis.com*
3800 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone:     (702) 921-2460
Facsimile:     (702) 921-2461

**HUESTON HENNIGAN LLP**
John C. Hueston *(admitted pro hac vice)*
*jhueston@hueston.com*
Robert N. Klieger *(admitted pro hac vice)*
*rklieger@hueston.com*
Allison L. Libeu *(admitted pro hac vice)*
*alibeu@hueston.com*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:     (213) 788-4340
Facsimile:     (888) 775-0898

Attorneys for Plaintiff/Counter-Defendant
Tesla, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN TRIPP, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:18-cv-00296-LRH-VPC<br><br>**PLAINTIFF AND COUNTER-DEFENDANT TESLA INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTER-CLAIMANT MARTIN TRIPP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:     Defendant/Counter-Claimant Martin Tripp

RESPONDING PARTY:     Plaintiff/Counter-Defendant Tesla, Inc.

SET NO.:     One (Nos. 1-7)

**TO DEFENDANT AND HIS ATTORNEYS OF RECORD:**

Plaintiff and Counter-Defendant Tesla, Inc. ("Tesla"), by and through its undersigned counsel, hereby respectfully submits its responses and objections to Defendant and Counter-Claimant Martin Tripp's ("Tripp") First Set of Requests for Production of Documents (the "Requests").

## PRELIMINARY STATEMENT

1.      Tesla's investigation of the facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are not a waiver of, Tesla's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections to Tripp's Requests, Tesla does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Tesla makes the responses and objections herein without in any way implying that it considers the Requests or responses thereto to be relevant or material to the subject matter of this action.

3.      Tesla will produce responsive documents only to the extent that such documents are in the possession, custody, or control of Tesla, as set forth in the Federal Rules of Civil Procedure. Tesla's possession, custody or control does not include documents with third parties, including related corporate entities.

4.      Tesla expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

1.      Each of these General Objections and the foregoing Preliminary Statement is incorporated by reference in each of the specific objections and responses below as if fully set forth

TESLA, INC.'S RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

5412269

1  therein.  For particular emphasis, one or more of these General Objections and one or more parts of

2  the Preliminary Statement may be reiterated in a specific response.  The absence or inclusion or any

3  reiteration in a specific response is neither intended as, nor shall be construed as, a limitation or

4  waiver of any general objection or any other specific objection made herein.  Tesla reserves the

5  right to make such additional objections as may be appropriate and nothing contained herein shall

6  be in any way construed as a waiver of any such objection.

7      2.    Tesla objects to each instruction, definition, and Request to the extent that it

8  purports to impose any requirement or discovery obligation greater than or different from those

9  under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the

10  District of Nevada, applicable rules and orders of the Court, or any agreement between the parties.

11      3.    Tesla objects to the Requests to the extent that they are not reasonably particular as

12  required by Federal Rule of Civil Procedure 34(b)(1).

13      4.    Tesla objects to each document Request that is overly broad, unduly burdensome,

14  not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the

15  needs of the case when taking into account the importance of the issues at stake, the amount in

16  controversy, the parties' relative access to relevant information, the parties resources, the

17  importance of discovery in resolving the issues, and whether the burden or expense of the proposed

18  discovery outweighs its likely benefit.

19      5.    Tesla objects to each Request to the extent it seeks documents not in Tesla's

20  custody, possession, or control.  Any response to make available documents does not constitute a

21  representation that any such documents exist or are in the possession, custody, or control of Tesla.

22      6.    Tesla objects to each definition, instruction, and Request as overbroad and unduly

23  burdensome to the extent it seeks documents that are readily or more accessible to Tripp from his

24  own documents, the public domain, or sources other than Tesla.  Responding to such Requests

25  would be oppressive, unduly burdensome, and unnecessarily expensive, as such documents are

26  equally accessible to Tripp and the burden of responding to such Requests is substantially the same

27  or less for Tripp as for Tesla.

28

5412269

1        7.      Tesla objects to the Requests to the extent they seek electronically stored

2  information that is not reasonably accessible because of undue burden or cost.

3        8.      By referring to the contents of any documents referred to in a Request, Tesla does

4  not admit their authenticity, relevance, or admissibility at trial, and Tesla reserves the rights to

5  object to the introduction of and/or other use of such documents at trial or any other proceeding.

6        9.      Tesla objects to each definition, instruction, and Request, to the extent that it seeks

7  documents protected from disclosure by the attorney-client privilege, attorney work product

8  doctrine, or any other applicable privileges, protections, or immunities available under the United

9  States Constitution, the Constitution of the State of Nevada, any federal or state statute, or common

10  law.  Should any such disclosure by Tesla occur, it is inadvertent and shall not constitute a waiver

11  of any privilege.

12        10.     Tesla objects to each Request to the extent that it expressly or impliedly seeks

13  information that is confidential, personal, or proprietary in nature, or that constitutes protected

14  commercial, financial, and/or trade secret information of Tesla or third parties.  Tesla will provide

15  relevant and responsive commercial, financial, or trade secret information only pursuant to the

16  parties' Protective Order under an appropriate designation.

17        11.     Tesla objects to the Requests to the extent they assert legal arguments or

18  characterizations, seek a legal conclusion, or assume the existence of facts that do not exist and the

19  occurrence of events that did not take place.  Any response of Tesla to an individual Request is not

20  intended to be, and shall not be construed as, an admission that any factual or legal predicate stated

21  in the Request is accurate.

22        12.     Tesla objects to the definitions of "You," "Your," and "Possession, custody or

23  control" as unduly burdensome, harassing, oppressive, overbroad, and not proportional to the needs

24  of the case to the extent they purport to include entities other than Tesla.  For purposes of its

25  responses, Tesla will construe "You" and "Your" to mean only Tesla.

26        13.     Tesla objects to the definition of "Communication(s)" as unduly burdensome,

27  harassing, oppressive, overbroad, and not proportional to the needs of the case.

28

TESLA, INC.'S RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

5412269

14.     Subject to the Preliminary Statement, the General Objections, and the Objections to Definitions outlined above and the more specific objections set forth below, Tesla responds as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

All Documents and Communications that support the allegations and claims asserted in the Complaint, Including, without limitation:

a.     That "no punctured cells were ever used in vehicles, batteries, or otherwise," including, among other things, All Documents showing that All battery cells and/or batter modules listed in Containment AR622 were discarded, recall information related to All battery cells and/or battery modules listed in Containment AR622, part numbers for All battery cells and/or battery modules listed in Containment AR622, and VIN numbers for All Model 3 vehicles generated since February 1, 2018;

b.     That "the true amount and value of 'scrap' material that Tesla generated during the manufacturing process" was "vastly exaggerated," including, among other things, All Documents showing the value of "scrap" Tesla generated during 2018 and classification and reclassification of the "scrap" Tesla generated during 2018;

c.     That Tripp "hacked" Tesla's manufacturing operating system";

d.     That Tripp "admitted to writing software that hacked Tesla's manufacturing operating system";

e.     That "Tripp authored hacking software and placed it onto the computer systems of three other individuals at the company so that confidential Tesla data could be persistently exported off its network from these other systems to unknown third parties";

f.     That Tripp made "false statements intended to harm" Tesla;

g.     That Tripp "[f]alsely modif[ied] Tesla's proprietary information before sending it to third parties";

5412269

1       h.      That Tripp made "false claims to third parties about the information that he

2             wrongfully took";

3       i.       That Tripp provided third parties with "fabricated data and other false information"

4             about You;

5       j.      That Tripp was "unjustly enriched" at Your expense;

6       k.      That "Tesla derives independent economic value from the fact that its confidential,

7             proprietary, and trade secret information is not generally known to the public and

8             not readily ascertainable through proper means.  Tesla has taken, and continues to

9             take, reasonable measures to keep that information secret and confidential.";

10       l.       That "Tesla owns and possesses data, compilations, programs, techniques, methods,

11             products, systems, processes, designs, procedures, and computer programming

12             instructions and code that derive independent economic value from not being known

13             generally to, and not being readily ascertainable through proper means by, the public

14             or any other persons who can obtain commercial or economic value from the

15             information.  Tesla has made, and continues to make, reasonable efforts to maintain

16             the secrecy of these trade secrets.";

17       m.     Damages You have allegedly incurred as the result of Tripp's conduct.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

19       In addition to its general objections, which are incorporated herein by reference, Tesla

20 objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the

21 case in that it requests "all" documents and communications concerning no less than thirteen

22 different subject areas, many of which contain subcategories.  Tesla further objects to the request

23 for all "VIN numbers for All Model 3 vehicles generated since February 1, 2018" as overbroad,

24 unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and

25 disproportionate to the needs of this case.  Tesla also objects to the use of the terms "classification"

26 and "reclassification" of scrap as vague and ambiguous.  Tesla further objects to this Request to the

27 extent that it seeks documents that are in Tripp's or a third party's possession, custody, or control,

28 and/or are otherwise equally accessible to Tripp.  Tesla further objects to the extent that this

5412269

Request seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges, protections, or immunities.

Subject to and without waiving any of the foregoing objections, Tesla will produce responsive, non-privileged documents, if any, that are in its possession, custody, or control and that can be located through a reasonably diligent search with respect to the following: (i) documents sufficient to describe "Containment AR622," including part numbers for and the location of things in Containment AR622; (ii) documents sufficient to show the amount and value of scrap generated at the Gigafactory from January 1, 2018 through mid-May 2018; (iii) documents relating to Tripp's misuse of MOS and other systems; (iv) documents relating to Tripp's false statements, fabrication of data, and modification of Tesla's proprietary information; (v) documents sufficient to show Tesla's efforts to maintain the security of its computer network and confidentiality of data stored thereon; and (vi) documents sufficient to show Tesla's damages and Tripp's unjust enrichment.  To the extent that this Request calls for the production of electronically stored information, Tesla will employ the custodians, search terms, and time periods identified on Exhibit A to locate potentially responsive documents for review.

**REQUEST FOR PRODUCTION NO. 2**:

All Documents and Communications Relating To or Regarding the Alleged Threat, Including, without limitation:

    a.    All video and audio recordings and transcripts of the Alleged Threat;

    b.    All call records showing the name and phone number of the caller who allegedly reported the Alleged Threat to Tesla on June 20, 2018;

    c.    All video recordings of the Gigafactory on June 20 and 21, 2018;

    d.    All video and audio recordings of Your reporting the Alleged Threat to the Storey County Sheriff's Office;

    e.    All actions You took after receiving the Alleged Threat, including All actions You took to secure or otherwise protect the premises of the Gigafactory.

1      f.    All e-mails relating to or regarding the Alleged Threat, including internal

2          Communications amongst Your employees and external Communications to the

3          Media;

4      g.    All actions You took to track and locate Tripp on June 20 and 21, 2018;

5      h.    Employment records for All Tesla employees who reported the Alleged Threat to

6          the Storey County Sheriff's Office, including Sean Gourthro;

7      i.    Employment records for All Tesla employees who discussed the Alleged Threat

8          with the Storey County Sheriff's Office, including Sean Gourthro;

9      j.    All Communications between You and the Storey County Sheriff's Department,

10          including Chief Deputy Tony Dosen, Deputy Christopher Parker, Deputy Brandon

11          Azevedo, Deputy Jeffrey Bowers, Deputy Eric Michael Kern, Deputy Carter, and

12          Deputy Hamblin;

13      k.    All Communications between You and Patrick Joseph Shakal from June 10, 2018 to

14          the present; and

15      l.    All Documents showing where the Alleged Threat was received.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

17      In addition to its general objections, which are incorporated herein by reference, Tesla

18  objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the

19  case in that it requests "all" documents and communications concerning twelve different

20  subcategories.  Tesla further objects to the specific Request for all "video recordings of the

21  Gigafactory on June 20 and 21, 2018" as unduly burdensome, overbroad, not reasonably calculated

22  to lead to the discovery of admissible evidence, and disproportionate to the needs of this case.

23  Tesla also objects to the extent that this Request seeks documents protected from disclosure by the

24  attorney-client privilege, attorney work product doctrine, or any other applicable privileges,

25  protections, or immunities.  Specifically, the Request for documents relating to actions Tesla "took

26  to track and locate Tripp on June 20 and 21, 2018" calls for documents protected by the

27  attorney-client privilege and the attorney work product doctrine.  Tesla further objects that the

28  Requests for employment records of certain Tesla employees is overbroad, unduly burdensome, not

5412269

1  reasonably calculated to lead to the discovery of admissible evidence, and calls for the disclosure of

2  personal records of employees that are protected from disclosure by those employees'

3  constitutional and statutory rights to privacy.  Tesla also objects that the Request for all

4  communications with Patrick Joseph Shakal from June 10, 2018 to the present is overbroad, unduly

5  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and

6  disproportionate to the needs of this case.  Tesla further objects to this Request to the extent that it

7  seeks documents that are in the possession, custody, or control, of third parties.

8       Subject to and without waiving any of the foregoing objections, Tesla will produce

9  responsive, non-privileged documents, if any, that are in its possession, custody, or control and that

10  can be located through a reasonably diligent search with respect to the following: (i) documents

11  relating to the call placed to Tesla's Las Vegas call center on June 20, 2018 regarding a threat to

12  the Gigafactory, including any video/audio recordings of the call, transcripts of the call, or call

13  logs; and (ii) documents sufficient to describe Tesla's response to the call, including internal

14  communications and communications with the Storey County Sheriff's Office and media.  To the

15  extent that this Request calls for the production of electronically stored information, Tesla will

16  employ the custodians, search terms, and time periods identified on Exhibit A to locate potentially

17  responsive documents for review.

18  **REQUEST FOR PRODUCTION NO. 3**:

19       All Documents and Communications Relating To or Regarding Tripp, Including, without

20  limitation:

21       a.     An image and/or copy of Any electronic devise that You issued to Tripp, including

22            any cell phone, laptop, or work computer;

23       b.     Tripp's employment records;

24       c.     All e-mails and electronic communications Tripp sent and received with his Tesla

25            accounts during his employment with You;

26       d.     All internal e-mails and electronic communications referencing Tripp;

27       e.     Your recruitment of Tripp for an employment position with You; and

28

f.     All Communications between You and Any third-party regarding Tripp from June 1,

2018 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

In addition to its general objections, which are incorporated herein by reference, Tesla objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that images of Tesla devices and all emails to, from, or referring to Tripp are irrelevant to this case and not reasonably calculated to lead to the discovery of admissible evidence.  Tesla also objects that the Request seeks discovery of proprietary, confidential, and trade secret matters not relevant to any claim or defense.  Tesla further objects to the extent that this Request seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges, protections, or immunities.

Subject to and without waiving any of the foregoing objections, Tesla will produce responsive, non-privileged documents, if any, that are in its possession, custody, or control and that can be located through a reasonably diligent search with respect to the following: (i) Tripp's employment records; and (ii) communications between Tesla and any third-party regarding Tripp from June 1, 2018 through October 2, 2018.  To the extent that this Request calls for the production of electronically stored information, Tesla will employ the custodians, search terms, and time periods identified on Exhibit A to locate potentially responsive documents for review.

**REQUEST FOR PRODUCTION NO. 4**:

All Documents and Communications Relating To or Regarding Containment AR622, Including, without limitation:

a.     A list of all vehicle VIN numbers where any battery module or battery cell listed in Containment AR622 was used; and

b.     All VIN numbers of any Model 3 that has been serviced for a battery issue since February 12, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

In addition to its general objections, which are incorporated herein by reference, Tesla objects to this Request as unduly burdensome, overbroad, not reasonably calculated to lead to the

1  discovery of admissible evidence, seeking discovery of matters not relevant to any claim or

2  defense, and disproportionate to the needs of this case, particularly in that identification of "VIN

3  numbers of any Model 3 that has been serviced for a battery issue since February 12, 2018" is

4  irrelevant to this case and not reasonably calculated to lead to the discovery of admissible evidence.

5  Tesla further objects to the extent that this Request seeks documents protected from disclosure by

6  the attorney-client privilege, attorney work product doctrine, or any other applicable privileges,

7  protections, or immunities.

8      Subject to and without waiving any of the foregoing objections, Tesla will produce

9  responsive, non-privileged documents, if any, sufficient to describe "Containment AR622" that are

10  in its possession, custody, or control and that can be located through a reasonably diligent search,

11  including documents sufficient to identify VIN numbers for Model 3 vehicles in which a battery

12  listed in Containment AR622 was used.  To the extent that this Request calls for the production of

13  electronically stored information, Tesla will employ the custodians, search terms, and time periods

14  identified on Exhibit A to locate potentially responsive documents for review.

15  **REQUEST FOR PRODUCTION NO. 5**:

16      All Documents and Communications Relating To or Regarding any denial in Your

17  responsive pleading to Tripp's Counterclaim.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

19      In addition to its general objections, which are incorporated herein by reference, Tesla

20  objects to this Request as vague and ambiguous, overbroad, and unduly burdensome in that it does

21  not describe each item or category of documents with reasonable particularity as required by

22  Federal Rule of Civil Procedure 34(b)(1).  Tesla further objects to the extent that this Request seeks

23  documents protected from disclosure by the attorney-client privilege, attorney work product

24  doctrine, or any other applicable privileges, protections, or immunities.

25      Subject to and without waiving any of the foregoing objections, Tesla will produce

26  responsive, non-privileged documents, if any, that are in its possession, custody, or control and that

27  can be located through a reasonably diligent search with respect to categories of documents

28  identified in Tesla's responses to Requests Nos. 1 through 4 and 6.  To the extent that this Request

5412269

1   calls for the production of electronically stored information, Tesla will employ the custodians,

2   search terms, and time periods identified on Exhibit A to locate potentially responsive documents

3   for review.

4   **REQUEST FOR PRODUCTION NO. 6**:

5        All Documents and Communications Relating To or Regarding the amount of "scrap"

6   and/or "non-conforming material" YOU generated from January 1, 2018 to present.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

8        In addition to its general objections, which are incorporated herein by reference, Tesla

9   objects to this Request as unduly burdensome, overbroad, not reasonably calculated to lead to the

10  discovery of admissible evidence, and disproportionate to the needs of this case.  Tesla further

11  objects to the extent that this Request seeks documents protected from disclosure by the attorney-

12  client privilege, attorney work product doctrine, or any other applicable privileges, protections, or

13  immunities.

14       Subject to and without waiving any of the foregoing objections, Tesla will produce

15  responsive, non-privileged documents, if any, relating to the amount of scrap and/or

16  non-confirming material generated at the Gigafactory from January 1, 2018 through mid-May 2018

17  that are in its possession, custody, or control and that can be located through a reasonably diligent

18  search.  To the extent that this Request calls for the production of electronically stored information,

19  Tesla will employ the custodians, search terms, and time periods identified on Exhibit A to locate

20  potentially responsive documents for review.

21  **REQUEST FOR PRODUCTION NO. 7**:

22       A complete mirror image of the date storage/hard drive for any smart phone(s) or laptop

23  computer(s) YOU issued to Tripp during his employment.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

25       In addition to its general objections, which are incorporated herein by reference, Tesla

26  objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the

27  case in that it seeks an image of Tesla devices that contain documents that are irrelevant to this case

28  and not reasonably calculated to lead to the discovery of admissible evidence.  Tesla also objects

5412269

1  that the Request seeks discovery of proprietary, confidential, and trade secret matters not relevant

2  to any claim or defense.  Tesla further objects that this Request seeks documents protected from

3  disclosure by the attorney-client privilege, attorney work product doctrine, and other applicable

4  privileges, protections, or immunities.

5

6  Dated:  October 24, 2018                          **HUESTON HENNIGAN LLP**

7

8                                                    By:  _____

9                                                         Allison L. Libeu
                                                          Attorneys for Plaintiff and
10                                                        Counter-Defendant Tesla, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5412269

**Exhibit A**

| Custodians | Date Range | Search Terms |
|---|---|---|
| Nick Gicinto<br>Andrew Lindemulder<br>Elon Musk<br>Jake Nocon | 6/1/18 – 10/4/18 | Tripp<br>Marty<br>Linette W/2 Lopez<br>Lopez AND "Business Insider"<br>Sabotage<br>(hack* W/5 (software OR system* OR code OR MOS))<br>(gigafactory AND (threat* OR armed* OR shoot*)) |
| Shamara Bell<br>Sean Gouthro<br>Jeff Jones | 6/1/18 – 10/2/18 | Tripp<br>Marty<br>(gigafactory AND (threat* OR armed* OR shoot*))<br>(Storey AND Sheriff!)<br>Dosen<br>tdosen |
| Dave Arnold<br>Sarah O'Brien | 6/1/18 – 10/2/18<br>6/1/18 – 9/7/18 | Tripp<br>Marty<br>Linette W/2 Lopez<br>Lopez AND "Business Insider"<br>Sabotage<br>(hack* W/5 (software OR system* OR code OR MOS))<br>(gigafactory AND (threat* OR armed* OR shoot*))<br>(Storey AND Sheriff!)<br>Dosen<br>tdosen |
| Scott Kohn<br>Bruce Watson | 1/1/18 – 10/2/18 | "622 containment"<br>"#622 containment"<br>AR622<br>"AR 622"<br>(#622 OR 622) W/3 containment<br>"hold 622"<br>((punct* OR pierc* OR dent* OR damag* OR rework* OR patch*) W/20 (batter* OR bandolier* OR module* OR cell* OR clamshell* OR housing*))<br>(("teach pin" OR "teaching pin") AND (batter* OR bandolier* OR module* OR cell* OR clamshell* OR housing*)) |
| Judy Phyo | 1/1/18 – 10/2/18 | ((Scrap* OR NCM OR waste) W/5 (bandolier* OR module* OR inverter* OR rotor* OR stator*)) |
| Imari Henderson | 1/1/18 – 10/2/18 | Tripp<br>Marty |

CONFIDENTIAL

| Custodians | Date Range | Search Terms |
|---|---|---|
| | | Linette W/2 Lopez |
| | | "Business Insider" |
| Kyle Anderson<br>Michael Bowling<br>Jason Hoyt<br>John Sheridan | 1/1/18 – 10/2/18<br><br><br>1/1/18 – 6/20/18 | Tripp |
| | | Marty |
| | | Linette W/2 Lopez |
| | | "Business Insider" |
| | | ((Scrap* OR NCM OR waste) W/5 (bandolier* OR module* OR inverter* OR rotor* OR stator*)) |
| | | "622 containment" |
| | | "#622 containment" |
| | | AR622 |
| | | "AR 622" |
| | | (#622 OR 622) W/3 containment |
| | | "hold 622" |
| | | ((punct* OR pierc* OR dent* OR damag* OR rework* OR patch*) W/20 (batter* OR bandolier* OR module* OR cell* OR clamshell* OR housing*)) |
| | | (("teach pin" OR "teaching pin") AND (batter* OR bandolier* OR module* OR cell* OR clamshell* OR housing*)) |
| Patrick Shakal | 1/1/18 – 10/2/18 | Tripp |
| | | Marty |
| | | Linette W/2 Lopez |
| | | "Business Insider" |
| | | ((Scrap* OR NCM OR waste) W/5 (bandolier* OR module* OR inverter* OR rotor* OR stator*)) |
| | | "622 containment" |
| | | "#622 containment" |
| | | AR622 |
| | | "AR 622" |
| | | (#622 OR 622) /3 containment |
| | | "hold 622" |
| | | ((punct* OR pierc* OR dent* OR damag* OR rework* OR patch*) W/20 (batter* OR bandolier* OR module* OR cell* OR clamshell* OR housing*)) |
| | | (("teach pin" OR "teaching pin") AND (batter* OR bandolier* OR module* OR cell* OR clamshell* OR housing*)) |
| | | (gigafactory AND (threat* OR armed* OR shoot*)) |
| | | (Storey AND Sheriff!) |
| | | Dosen |
| | | tdosen |
| Martin Tripp | 1/1/18 – 6/26/18 | Journalis* |
| | | Media |

5412269

CONFIDENTIAL

| Custodians | Date Range | Search Terms |
|---|---|---|
| | | Reporter* |
| | | Linette W/2 Lopez |
| | | Cady W/2 Thompson |
| | | "Business Insider" |
| | | Alexandria W/2 Sage |
| | | Reuters |
| | | Drew W/2 Harwell |
| | | "Washington Post" |
| | | Julia W/3 Wong |
| | | Guardian |
| | | Cyrus /2 Farivar |
| | | "Ars Technica" |
| | | Lora /2 Kolodny |
| | | CNBC |
| | | Dana W/2 Hull |
| | | Bloomberg |
| | | ((Scrap* OR NCM OR waste) W/5 (bandolier* OR module* OR inverter* OR rotor* OR stator*)) |
| | | "622 containment" |
| | | "#622 containment" |
| | | AR622 |
| | | "AR 622" |
| | | (#622 OR 622) /3 containment |
| | | "hold 622" |
| | | (punct* OR pierc* OR dent* OR damag* OR rework* OR patch*) |
| | | "Teach* pin" |

TESLA, INC.'S RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

5412269

1

**<u>PROOF OF SERVICE</u>**

2

        I am employed in the County of Orange, State of California.  I am over the age of 18 and not
a party to the within action.  My business address is 620 Newport Center Drive, Suite 1300, Newport

3

Beach, CA 92660.

4

        On October 24, 2018, I served the foregoing document(s) described as:

5

**PLAINTIFF AND COUNTER-DEFENDANT TESLA INC.'S RESPONSES AND
OBJECTIONS TO DEFENDANT AND COUNTER-CLAIMANT MARTIN TRIPP'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

6

7

[X]     (BY E-MAIL) By transmitting a true copy of the foregoing document(s) by **Email or
Electronic Transmission**:

8

9

Based on an agreement of the parties to accept service by email or electronic transmission. I
caused the document(s) to be sent from email address sjones@hueston.com to the persons at
the email addresses listed on the Service List. I did not receive, within a reasonable time after

10

the transmission, any electronic message or other indication that the transmission was
unsuccessful:

11

12

        Robert D. Mitchell
        William M. Fischbach III

13

        Christopher J. Waznik
        Matthew D. Dayton

14

        TIFFANY & BOSCO, P.A.
        2525 E. Camelback Road

15

        7th Floor, Camelback Esplanade II
        Phoenix, AZ  85016-4229

16

17

        TEL:  602-255-6000
        FAX:  602-255-0103

18

        E-MAIL:  rdm@tblaw.com
        E-MAIL:  wmf@tblaw.com

19

        E-MAIL:  cjw@tblaw.com
        E-MAIL:  md@tblaw.com

20

        I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct, and that I am employed in the office of a member of the bar of this

21

Court at whose direction the service was made.

22

        Executed on October 24, 2018, at Newport Beach, California.

23

24

| Stephen Richards | /s/ Stephen Richards |
|---|---|
| (Type or print name) | (Signature) |

25

26

27

28

TESLA, INC.'S RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS,
SET ONE

5412269