**JACKSON LEWIS P.C.**
Joshua A. Sliker, (Nevada Bar No. 12493)
*joshua.sliker@jacksonlewis.com*
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 921-2460
Facsimile: (702) 921-2461

**HUESTON HENNIGAN LLP**
John C. Hueston (*admitted pro hac vice*)
*jhueston@hueston.com*
Allison L. Libeu (*admitted pro hac vice*)
*alibeu@hueston.com*
523 W. 6th St., Suite 400, Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

*Attorneys for Plaintiff/Counter-Defendant Tesla, Inc.*

**TIFFANY & BOSCO, P.A.**
Robert D. Mitchell (*admitted pro hac vice*)
*rdm@tblaw.com*
William M. Fischbach III (*admitted pro hac vice*)
*wmf@tblaw.com*
Christopher J. Waznik (*admitted pro hac vice*)
*cjw@tblaw.com*
Jason C. Kolbe (Nevada Bar No. 11624)
*jck@tblaw.com*
Kevin S. Soderstrom (Nevada Bar No. 10235)
*kss@tblaw.com*
Camelback Esplanade II, Seventh Floor
2525 East Camelback Road Phoenix, Arizona 85016-4229
Telephone: (602) 255-6000
Facsimile: (602) 255-0103

*Attorneys for Defendant/Counter-Plaintiff Martin Tripp*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TESLA, INC., a Delaware corporation, | Case No.: 3:18-cv-00296-LRH-CBC |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT REPORT** |
| MARTIN TRIPP, an individual, | |
| Defendant. | |
| AND RELATED COUNTERCLAIM | |

Plaintiff and Counter-Defendant Tesla, Inc. ("Tesla") and Defendant and Counter-Plaintiff Martin Tripp ("Mr. Tripp") hereby submit the following joint case management report.

1. <u>Depositions</u>. Since the case management conference on December 3, 2018, the parties have agreed to take Mr. Tripp's deposition at his counsel's office in Phoenix, Arizona. Mr. Tripp withdrew Andrea Szikszai from his witness disclosures. Accordingly, Tesla does not anticipate taking Ms. Szikszai's deposition at this time. Although the parties have been working cooperatively to schedule remaining depositions, finding dates to accommodate counsel and witnesses has been a challenge. Among other things, counsel for Tesla have been unable to locate and serve two third parties identified on Mr. Tripp's witness disclosures. In addition, Mr. Tripp seeks to depose a Tesla representative on several matters pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), which will require Tesla to designate three different individuals to be deposed. Mr. Tripp also seeks to depose multiple other current and former Tesla employees, one of whom is currently on a leave of absence and is not expected to return until shortly before the current discovery cutoff. To allow for the taking of remaining depositions, the parties have agreed to extend the discovery cutoff by approximately ninety (90) days to June 10, 2019 and have filed a Stipulation and Proposed Modification to Scheduling Order (ECF No. 62) with the Court. The parties do not anticipate requesting further modification to the Discovery Plan and Scheduling Order.

With respect to Elon Musk, the parties provide the following separate statements:

<u>Mr. Tripp's Statement</u>. Mr. Tripp still fully intends to take the deposition of Elon Musk and has conducted some initial discovery as directed by the Court on December 3, 2018. In the interim, Mr. Tripp has requested that Tesla tentatively identify a date and location for scheduling and noticing Mr. Musk's deposition, but Tesla has refused to provide such information. As to the "apex" witness doctrine, Mr. Tripp previously explained how that doctrine has been consistently rejected by the United States District Court, District of Nevada. Further, even if that doctrine had been previously applied in Nevada, it is inapplicable here due to Mr. Musk's direct involvement in the allegedly harmful conduct.

<u>Tesla's Statement</u>.  The Court's December 3, 2018 Minute Order "directs counsel to conduct some initial discovery prior to noticing the deposition of Mr. Musk."  (ECF No. 54 ¶ 5.)  Following entry of the Court's order, Mr. Tripp served certain written discovery relating to Mr. Musk.  However, Mr. Tripp has not yet taken Tesla's Rule 30(b)(6) deposition or the deposition of any lower-level Tesla employee, both of which are prerequisites for consideration of the deposition of "apex" witnesses such as Mr. Musk.  After those depositions are completed, Tesla will meet and confer with Mr. Tripp in accordance with the Court's order to determine whether Mr. Tripp still believes Mr. Musk's deposition is warranted and whether further briefing is needed on this issue.

2.  <u>Mental Examination of Mr. Tripp</u>.  Mr. Tripp represented to Tesla that he may dismiss his counterclaim for intentional infliction of emotional distress (ECF No. 25 ¶¶ 93-99).  If Mr. Tripp dismisses that counterclaim, Tesla does not anticipate requesting that Mr. Tripp submit to mental examination pursuant to Rule 35.  Should Mr. Tripp decide to dismiss his counterclaim for intentional infliction of emotional distress, the parties will submit a stipulation and proposed order pursuant to Rule 41(a)(2) requesting that the Court dismiss that counterclaim.

3.  <u>Settlement Conference</u>.  As requested by the Court, the parties conferred and are amenable to scheduling this matter for a settlement conference.

Respectfully submitted,

Dated: January 30, 2019  **HUESTON HENNIGAN LLP**

　　　　　　/s/ Allison L. Libeu
Allison L. Libeu
*Attorneys for Plaintiff Tesla, Inc.*

Dated: January 30, 2019  **TIFFANY & BOSCO, P.A.**

　　　　　　/s/ Christopher J. Waznik
Christopher J. Waznik
*Attorneys for Defendant Martin Tripp*