```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEVADA (RENO)




TESLA, INC,                    ) CASE NO:  3:18-CV-00296-LRH-CBC
                               )
          Plaintiff,           )            CIVIL
                               )
    vs.                        )         Reno, Nevada
                               )
MARTIN TRIPP,                  )    Friday, September 27, 2019
                               )
          Defendant.           )    (1:04 p.m. to 1:26 p.m.)
```

       TELEPHONIC DISCOVERY HEARING RE STIPULATION

       BEFORE THE HONORABLE CARLA BALDWIN CARRY
              UNITED STATES MAGISTRATE JUDGE


**APPEARANCES:**

For Plaintiff:            SEAN P. GATES, ESQ.
                          Charis Lex P.C.
                          301 N. Lake Ave., Suite 1100
                          Pasadena, CA 91101

For Defendant:            WILLIAM M. FISCHBACH, III, ESQ.
                          FLETCHER R. CARPENTER, ESQ.
                          Tiffany & Bosco
                          2525 E. Camelback Rd.
                          Phoenix, AZ 85016

Court Reporter:           Recorded; Digital

Courtroom Administrator: LGM

Transcribed by:           Exceptional Reporting Services, Inc.
                          P.O. Box 8365
                          Corpus Christi, TX 78468
                          361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**Reno, Nevada; Friday, September 27, 2019; 1:04 p.m.**

**(Call to Order)**

**(Telephonic conference)**

**THE CLERK:** United States District Court for the District of Nevada is now in session, the Honorable Carla Baldwin Carry presiding. This is the date set for a telephonic discovery hearing regarding the proposed stipulation and modification to scheduling order in Case Number 18-CV-0296-LRH-CBC, *Tesla, Inc. versus Martin Tripp*.

Present telephonically on behalf of Plaintiff, Sean Gates. Present telephonically on behalf of Defendant, Fletcher Carpenter and William Fischbach.

**THE COURT:** Good afternoon, everyone. We are here for a conference related to a stipulation and modification of the scheduling order that I received filed yesterday at Document Number 97. I would also note for the record that my courtroom deputy has been contacted on more than one occasion over the last week about how to handle filing motions to compel which I find particularly concerning since the discovery deadline has since closed.

Let me go back through the record. First off, on Document Number 31, the Court initially entered a scheduling order on August 28th of 2018. Discovery cutoff at that point was set for January 7th, 2019. When I started on the bench, I began having monthly scheduling management conferences with the

parties to address issues as they arose so that we would not have any delays in discovery and that discovery would proceed on a timely basis.  On Document Number 55, that was entered at 12/3/2018 which was the first extension of the scheduling order.

The scheduling order deadline for discovery cutoff was set for March 11th of 2019.  On March 6th of 2018, I then set a second extension on the discovery deadline for July 10th, 2019 and that was entered at Document Number 68.  However, I remember very clearly that hearing and having a discussion about making sure that we had sufficient time built into the scheduling order so that discovery could be completed.  And, in fact, I believe there was a discussion about extending the times that the parties had originally asked for at that point to ensure that we could get discovery done.

Discovery cutoff was set for July 10th of 2019.  We continued to have our monthly scheduling hearings.  We had discussions at numerous different occasions about issues such as, very specifically, the deposition of Elon Musk.  I was told several times that the parties were trying to work through that but that they would not be briefing that until they had more discovery concluded.  I think I said on more than one occasion that we could have that addressed when the parties were ready.

We then had another scheduling management conference. I then entered an Order Number 81 on June 19th of 2019 which is

1  for this current discovery cutoff which was for September 9th,
2  2019.  Two, three weeks before, I received a stipulation now
3  from the parties seeking a modification of the scheduling
4  order.  I am not inclined to grant this.
5         Under Rule 16, the parties will get extensions of
6  time for scheduling orders where they show -- and I quote --
7  "good cause."  The good cause standard states very clearly that
8  it is related to the diligence of the parties in seeking the
9  amendment to the scheduling order.
10        In the current stipulation that I received, what I
11 was given as related to "good cause" is a statement on Page 2
12 starting at Line 9 that says, "Good cause exists for this
13 modification to allow the Court to rule on motions prior to the
14 filing of dispositive motions."  Well, the problem with that is
15 that under the case law -- if you read the case law -- if you
16 can't get your motion to compel on file and heard before the
17 close of discovery, it is untimely.
18        And so the good cause standard really requires the
19 parties to extend and explain what it is that they did or
20 didn't do in terms of due diligence to get their discovery done
21 within the deadline set.  There is nothing in this stipulation
22 that goes to the question of the diligence that was used by the
23 parties to complete the task necessary for discovery, including
24 filing their motions to compel within the discovery deadline.
25        So I am going to turn to the Plaintiff's counsel to

1  discuss whether or not there should be any type of briefing on
2  this issue or whether discovery should simply be closed because
3  it already is, in fact, closed. So let me go to the
4  Plaintiff's counsel. What is your position?
5         **MR. GATES:** Your Honor, this is Sean Gates on behalf
6  of Tesla. We are not intending to file any motions. The
7  motions would be filed by Mr. Tripp's counsel. If the rule is
8  that discovery cutoff means that motions have to be filed
9  before then, we don't have an issue with that.
10        **THE COURT:** Okay. Then let me go to Mr. Tripp's
11 counsel. I think it's Mr. Fischbach or Mr. Carpenter.
12        **MR. FISCHBACH:** Yes, Judge, Mr. Fischbach here. And
13 I -- with all respect to the Court, I need to point out to the
14 Court the -- there's two issues here and the primary one is the
15 deposition of Elon Musk and at the last status conference that
16 I participated in -- and I believe it was in the May or June
17 timeframe -- we particularly addressed the issue of Elon Musk's
18 deposition and the timing of that.
19        Tesla insisted that we complete all 30(b)(6)
20 depositions and all other depositions and all other discovery
21 before we even addressed the issue of Elon Musk's discussion --
22 or deposition and what I raised with the Court then and what we
23 all agreed to was that the deposition of Elon Musk could occur
24 after the close of ordinary discovery.
25        And as a result, we didn't bring it to the Court's

6

1  attention until after the close of ordinary discovery based
2  specifically on the Court's representation to us that that
3  issue could await the close of the rest of discovery.  In fact,
4  the last 30(b)(6) deposition --
5       **THE COURT:**  Well, then why wasn't that in the
6  stipulation?  You know, I have over 500 cases on my docket and
7  I don't necessarily remember every single thing that I say at
8  every single scheduling conference.  So it would have been
9  helpful for me to have a statement of good cause in this
10 stipulation that specifically detailed what the previous
11 statements were by the Court and by the parties with respect to
12 certain issues.
13      **MR. FISCHBACH:**  And, Judge, I'll accept
14 responsibility for that.  Although Mr. Gates was kind enough to
15 draft the stipulation, I should have added some language to
16 that effect to refresh everybody's recollection on the
17 discussions we had had regarding Mr. Musk's deposition.  So I
18 do apologize for not being clear.
19      **THE COURT:**  Okay.  Because I -- if that is the
20 representation I made, then my apologies to you, Mr. Fischbach,
21 because I will be honest with you.  I was surprised that I had
22 not gotten anything from you related to this issue.  I assumed
23 that the parties had been able to meet and confer and work it
24 out.
25      **MR. FISCHBACH:**  Well, Judge, we did meet and confer

1 immediately following the last 30(b)(6) deposition which,

2 again, did occur on the discovery cutoff of September 9th.

3 Mr. Gates asked that I submit to him a letter outlining our

4 kind of scope of Mr. Musk's deposition and proposed time

5 limitations. I did that.

6 We outlined a couple of topics and we were willing to

7 agree to a four-hour time limitation of Mr. Musk's deposition.

8 I believe Mr. Gates floated that one up to his client and he

9 indicated that I really just needed to file a motion at that

10 point. So that's -- that was kind of the genesis of this.

11 As for the other issues there, Judge, I'll be very

12 clear. A lot of that stuff is -- are things we think should be

13 excluded under Rule 37. And I thought the more prudent course

14 of action was to seek to compel at first. If the Court is --

15 believes that that should have occurred before the discovery

16 cutoff, we're okay taking the Rule 37 route because those were

17 things we requested from Tesla and we're not divided.

18 But respect to Mr. Musk's deposition, we do believe

19 there is good cause, Judge, and we do believe that based on

20 what we learned at the mediation, we think Mr. Musk's testimony

21 is going to play into a dispositive motion and that's why the

22 parties had discussed pushing back the dispositive motion

23 deadline.

24 **THE COURT:** Okay. Well, I wish you had put that

25 information in your stipulation because my -- not only my

1  demeanor but certainly my attitude about all of this would have

2  been very different had I been told or reminded of what had

3  happened.  We have multiple scheduling management conferences

4  in this case, Mr. Fischbach, and, in fact, I have been very

5  complimentary of the parties in trying to move this along.

6          But I did not recall specifically conversations.  I

7  knew that there were conversations about the parties wanting to

8  complete other discovery before the issue of Mr. Musk being

9  deposed became -- either the parties resolved it or it was

10 presented to the Court but I did not recall having

11 conversations about it taking place after the discovery cutoff.

12         So this is what I'm going to do.  I'm not going to

13 extend discovery though for the second set of issues that was

14 raised.  I don't recall that ever even being brought up.  So

15 I'll ask you.  Do you -- was this an issue -- the issues of

16 these documents not being provided, was that raised before?

17         **MR. FISCHBACH:**  No, Judge, and I'll be very clear.

18 That's something we're happy to deal with in a Rule 37 motion.

19 We thought maybe -- we were concerned the Court would say,

20 well, file a motion to compel first.  So that's why we made

21 that inquiry.  But as far as that issue, Judge, I don't think

22 you need to extend discovery.  For that purpose, we'll just go

23 with a Rule 37 motion for those documents.

24         **THE COURT:**  Have the parties met and conferred about

25 the -- about these issues?

1          **MR. FISCHBACH:**  Many times, Judge.

2          **THE COURT:**  Okay, all right.

3          **MR. GATES:**  Yes, and we were continuing to.

4          **THE COURT:**  Okay.  Well, I would encourage you-all to
5   continue to do that but as far as reopening discovery for the
6   purpose of dealing with that, I think that the Rule 37 motion
7   is the proper, appropriate way to do that at this point given
8   that discovery did close on the 9th.

9          As far as -- so this is what I am going to ask you to
10  do, however, is to refile the stipulation and to put that
11  information in there so that the record is clear related to the
12  issue of Mr. Musk's deposition and what has transpired.  I want
13  the record to be good on that.  I don't want there to be any
14  issues on appeal or with the District Court judge or anybody
15  else that we are granting the stipulation without good cause.

16         The second thing is I think it does make sense.  I
17  know that there was some briefing early on in a scheduling --
18  or a joint case management conference that was filed related to
19  Mr. Musk's deposition.  I doubt that there would need to be
20  much more extensive but I do think that given what
21  Mr. Fischbach is talking about, some new, additional
22  information that's probably been discovered through the course
23  of discovery and things like that, I will go ahead and extend
24  discovery for purposes of the briefing on the Elon Musk
25  deposition as well as taking his deposition.  And so what we

1  will do is we will set it out.
2         Mr. Fischbach, how much time do you need to file that
3  motion, sir?
4         **MR. FISCHBACH:** I could get it -- it should be no
5  later than two weeks, your Honor.
6         **THE COURT:** Okay.  So the reason I'm asking,
7  Mr. Gates and Mr. Fischbach, is because what my thought is, is
8  to have you re-set or re-provide a stipulation that gives
9  definitive dates.  I'm not in favor of doing open-ended dates
10 and, in fact, it actually becomes very confusing for the Court
11 when we do that.
12        So what I'm going to ask is that an updated
13 stipulation be filed that details out the information related
14 to the Elon Musk deposition issues, the meet-and-confer.  There
15 needs to be some language in there about meet-and-confers and
16 things like that.  What we will do is -- how much time will you
17 need for response, Mr. Gates?  I'm assuming 14 days would be
18 sufficient?
19        **MR. GATES:** The one thing I need to check, your
20 Honor, is how that falls.  I have a vacation, my wife's
21 birthday present, and I'm going to be out of the country during
22 that time.  So 14 days would be reasonable.  I just --
23        **THE COURT:** Come on, Mr. Fischbach -- or Mr. Gates.
24        **MR. GATES:** Mr. Fischbach and I have worked -- we
25 have worked together very well and I'm sure we can accommodate

1  that so it will be reasonable.
2              **THE COURT:**  Well, what my thought is, is maybe give
3  three weeks on the motion and three weeks --
4              **MR. GATES:**  Let me just see where that --
5              **THE COURT:**  Where that would land?
6              **MR. FISCHBACH:**  Where does that fall?  Yeah, it just
7  depends on where it falls.
8              **THE COURT:**  Today is the 27th.  So it --
9              **MR. FISCHBACH:**  Sorry.  I'm just trying to pull up
10 a --
11             **THE COURT:**  So October 18th?
12             **MR. FISCHBACH:**  Three weeks would be --
13             **THE COURT:**  For the motion.
14             **MR. FISCHBACH:**  Oh, that would be perfect.
15             **THE COURT:**  Okay.  Well, let's do that.
16             **MR. FISCHBACH:**  Yeah, if the motion were due on the
17 18th, that would be perfect.
18             **THE COURT:**  Okay.  So motion due on the 18th.
19 Response due two weeks later.  Is that -- that puts us on
20 November 1st.  Is that fair?
21             **MR. GATES:**  That is fair, your Honor.
22             **THE COURT:**  Okay.  And then, Mr. Fischbach, is seven
23 days enough time for a response or for a reply brief?
24             **MR. FISCHBACH:**  Judge, if I could ask for ten because
25 I'm going to be taking some depositions in Tennessee on the 7th

1  and 8th of November.
2          **THE COURT:**  All right.  Well, let's give that 14
3  then.  So we'll go two more weeks.
4          **THE CLERK:**  November 15th, your Honor.
5          **THE COURT:**  November 15th.  It's almost a perfect
6  birthday present for me.  So thank you very much.  My birthday
7  is a week later.  So maybe we can have the hearing on
8  Thanksgiving Day.  That'll be fun for everybody.  I'm kidding.
9  You guys can laugh.  That's fine.
10         Okay.  My thought is to review the briefing and let's
11 tentatively schedule -- and we can do it telephonically if the
12 parties would like a hearing date but if I don't need it, I'll
13 vacate it.  How about November 29th?
14         **MR. FISCHBACH:**  The 29th.
15         **MR. GATES:**  That's the day after Thanksgiving, your
16 Honor.
17         **THE COURT:**  Oh, it is?  Oh.
18         **MR. GATES:**  It is.
19         **THE COURT:**  Okay.  Well, then let's go out --
20         **MR. GATES:**  At least on my calendar.
21         **THE COURT:**  -- to December 6th.  I'll be here.
22         **MR. GATES:**  Okay.
23         **THE COURT:**  No one else will be here.
24         **MR. GATES:**  December 6th is acceptable, Judge.
25         **THE CLERK:**  See how quiet I was?

1          **THE COURT:**  Yeah.  You-all are getting some sort of a
2    sense of the lack of life that I have outside of the office.
3    So December 6th.  Let's do it for December 6th.  Will that
4    work?
5          **MR. FISCHBACH:**  That'll work for Mr. Tripp, your
6    Honor.
7          **THE COURT:**  Okay.  So this is what we'll do.
8          **MR. GATES:**  And that'll work for Tesla.
9          **THE COURT:**  Given those deadlines, what we will do is
10   I will ask you to file a stipulation extending out the
11   discovery deadlines for the purpose of taking Mr. Musk's
12   deposition should that be ordered until -- how about January
13   15th?
14         **MR. GATES:**  Fifteenth.  My only concern, your Honor,
15   is if you order it on the 6th, given kind of Mr. Musk's life
16   and responsibilities, it may be difficult to schedule him.  So
17   if we could go to -- did you say the 15th -- January 31?
18         **THE COURT:**  Okay, that's fine with me.  Is there any
19   objection to that from the -- from you, Mr. Fischbach?
20         **MR. FISCHBACH:**  No, your Honor.
21         **THE COURT:**  Okay.  So that's what we'll do.  So
22   that'll give you plenty -- my thought was if I do order the
23   deposition of Mr. Musk, that'll, you know, avoid any conflicts
24   with holidays, New Year's, Christmas and all of that.  So that
25   was sort of why I was thinking into the January timeframe.

1  But what we'll do is if -- like I said, if we need
2  the hearing, we'll keep it on.  If not, then I will just vacate
3  it and issue an order on Mr. Musk's deposition.  And then that
4  will be the end of discovery.
5  But what I'll ask is that be the discovery cutoff
6  date that's placed in the stipulation and then for the parties
7  to set a specific date for dispositive motion deadlines.  That
8  would be the due date as well as for the pretrial order.  I
9  think we normally have a specific date for that.  If not,
10 that's fine but at least definitely for dispositive motion
11 practice.
12 Is there anything further, Mr. -- let me just go --
13 start with Mr. Fischbach.
14 **MR. FISCHBACH:**  Judge, I'm still not clear on how it
15 affects the dispositive motion deadline.
16 **THE COURT:**  Well, I think what we will do is we will
17 just simply set the date from the end of discovery.  So the
18 discovery cutoff deadline we'll set for January 31st to take
19 Mr. Musk's deposition and then you can pick your, you know,
20 timeframe after the discovery cutoff deadline for the timeframe
21 for dispositive motions.
22 **MR. FISCHBACH:**  And we should --
23 **THE COURT:**  If you finish Mr. Musk's depo and you
24 don't have other discovery, then that just gives you more time
25 to draft up your dispositive motions.  That's how I would see

1 it but I would like to have a specific date for that and you
2 can pick that date.  Just pick a date.
3         **MR. FISCHBACH:**  Understood, your Honor.  We'll put
4 that -- we'll meet and confer and put that in the stipulation.
5         **THE COURT:**  Okay, perfect.
6         Is there anything further, Mr. Gates, or any
7 clarification from you, sir?
8         **MR. GATES:**  No, your Honor.
9         **THE COURT:**  Okay.  All right.  Well, I will look
10 forward to the briefing and I think that's all I have.  Let me
11 just make -- clarify again one more time.  Is there anything
12 else, Mr. Fischbach, that we should cover while we're on the
13 call?
14         **MR. FISCHBACH:**  Not at all, Judge.  Again, I
15 appreciate your understanding on this issue and, again, I'll --
16 mea culpa for not submitting a more detailed stipulation to the
17 Court.
18         **THE COURT:**  Well, my apologies for not remembering.
19         **MR. GATES:**  Oh, and, your Honor --
20         **THE COURT:**  I should have remembered, I guess.
21         Who is this?
22         **MR. GATES:**  Your Honor, one thing.  This is
23 Mr. Gates.
24         **THE COURT:**  Okay.
25         **MR. GATES:**  I apologize.  One thing we didn't touch

1  on is your deputy had informed us that the page limit would be
2  ten pages and then five pages for the reply.  Is that -- should
3  we include that in the stipulation?
4        **THE COURT:**  Well, you know what?  I think, given what
5  Mr. Fischbach said about additional information that came in
6  through discovery, why don't you tell me how much time -- how
7  much do you need, Mr. Fischbach?  And be cognizant of the fact
8  that I don't want to read a treatise on taking a CEO's
9  deposition.
10       **MR. FISCHBACH:**  I think I can do it in ten pages.  I
11 really do.  And if for some reason, that -- I feel otherwise, I
12 would reach out to the Court but I -- if I can't say it in ten
13 pages, then, you know, that's --
14       **THE COURT:**  I appreciate that.  Well, why don't we do
15 this?  Why don't I give you guys both 15 pages and ten pages
16 for the reply brief, the aspirational goal being ten?  But
17 that'll give you a little bit of extra if there's more things
18 about things that happened during the course of the discovery
19 period that maybe I need to be told about that may not be able
20 to be put in the documents.
21       That's certainly more in line with what would be
22 probably more than enough, I would think, given this is a
23 fairly discrete issue.  It's not as if this is -- you know, it
24 shouldn't be that complex, I would think.  So is that
25 sufficient, Mr. Fischbach?

| | |
|---|---|
| 1 | **MR. FISCHBACH:** Absolutely, your Honor. |
| 2 | **THE COURT:** Okay. Mr. Gates? |
| 3 | **MR. GATES:** Yes, your Honor. |
| 4 | **THE COURT:** Okay, perfect. And, again, if there is a |
| 5 | need, I mean, you can file a motion for an extended page limit |
| 6 | but I would truly, genuinely discourage it if you can avoid it. |
| 7 | **MR. FISCHBACH:** Judge, if I could just briefly, one |
| 8 | other housekeeping issue. This came up when we filed the |
| 9 | Daubert motion. We were initially not able to file that under |
| 10 | seal as required by the protective order. Is the protocol to |
| 11 | file the documents and then immediately call the clerk and let |
| 12 | them know that we have just filed a document that contains |
| 13 | confidential information pursuant to a protective order and it |
| 14 | needs to be sealed right away? |
| 15 | **THE COURT:** Well, it should be that you should be |
| 16 | able to file it under seal in -- with a motion to seal |
| 17 | accompanied with it. So that's a little bit concerning to me |
| 18 | to hear that you weren't able to put it under seal at the time |
| 19 | of filing because the way the CM ECF -- |
| 20 | **MR. GATES:** This is Mr. Gage. |
| 21 | **THE COURT:** -- program works is you can select that, |
| 22 | I thought. |
| 23 | **MR. GATES:** Yeah, this is Mr. Gage. My understanding |
| 24 | is that under the ECF, there's a -- basically a box you check |
| 25 | when you're filing it -- |

1          **THE COURT:** Yes.

2          **MR. GATES:** -- which will ensure that it's under seal
3   and I just -- I think what happened was somebody forgot to
4   check that box.

5          **THE COURT:** Yeah.  So if you check the box but you
6   file -- for purposes of the local rule, you file the motion
7   under seal, contemporaneous with it, you file the motion to
8   seal that comes with it.

9          **MR. FISCHBACH:** Well, I'll check with our staff, your
10  Honor, and make sure they did.  If it's that simple, that's a
11  welcome relief.

12         **THE COURT:** Yeah.  No, it shouldn't be a problem for
13  you to actually file it electronically under seal even without
14  the Court order saying that you can.

15         **MR. FISCHBACH:** Understood, your Honor. Thank you for
16  clarifying.

17         **THE COURT:** But if that becomes an issue again,
18  please alert my courtroom deputy immediately and then we'll try
19  to figure out what's going on.  Maybe there's something weird.
20  Who knows?

21         **MR. FISCHBACH:** Thank you, your Honor.

22         **THE COURT:** Absolutely.

23         Okay, Mr. Gates, is there anything else, sir?

24         **MR. GATES:** Nothing further, your Honor.

25         **THE COURT:** Okay.  Well, with that, we will be

19

1  recess.  I hope you both -- or I guess Mr. Carpenter is on the
2  phone too.  Sir, I'm sorry to -- I'm not trying to ignore you.
3  I hope you-all have a nice weekend and we will hear from you at
4  the next hearing.
5           **MR. FISCHBACH:**  Thank you, your Honor.
6       **(This proceeding ends at 1:26 p.m.)**

**CERTIFICATION**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                October 10, 2019
            Signed                                    Dated

*TONI HUDSON, TRANSCRIBER*