# Exhibit 8 - Meet and Confer Correspondence

**TIFFANY & BOSCO**
P.A.

WILLIAM M. FISCHBACH
SHAREHOLDER
DIRECT LINE: (602) 255-6036
E-mail: wmf@tblaw.com

Offices in:
Phoenix, Arizona
Las Vegas, Nevada
San Diego, California
Albuquerque, New Mexico

September 23, 2019

Sean Gates (sgates@charislex.com)
Douglas Beteta (dbeteta@charislex.com)
Charis Lex P.C.
16 N. Marengo Ave., Suite 300
Pasadena, CA 91101

    Re:    Tesla v. Tripp Case No. 3:18-cv-00296-LRH-CBC
             Deposition of Elon Musk

Dear Messrs. Gates and Beteta:

    It was previously agreed between counsel, with the Court's endorsement, that the parties would complete the Rule 30(b)(6) depositions before we address the deposition of Elon Musk, even if that occurred after the formal discovery cutoff on September 9, 2019. At 11:00 A.M. on September 12, 2019, Mr. Gates and I held a telephonic meet and confer regarding this topic. Mr. Gates requested that we provide a general list of topics for Elon Musk's deposition, as well as consider a time limitation. This letter is in response to that request.

    Elon Musk's deposition may include "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), including the following topics:

- Any statements made by Elon Musk regarding Martin Tripp.

- Any written or e-mail communications disclosed by Tesla to or from Elon Musk.

- Elon Musk's knowledge of Tesla's investigation of Martin Tripp.

- Elon Musk's knowledge of the matters alleged in Tesla's Complaint and Mr. Tripp's Counterclaim.

- Elon Musk's knowledge of the alleged threat to "shoot up" the Gigafactory, including any statements made to third parties by Elon Musk and Tesla regarding the alleged threat.

- Any efforts by Elon Musk to publicly criticize, threaten legal action against, or undermine the public or professional standing of critics of Elon Musk or Tesla, including without limitation Vernon Unsworth and Lawrence Fossi (aka Montana Skeptic).

- Any matter bearing on Elon Musk's credibility or biases, which are always relevant.

Regarding duration, we are willing to stipulate to limit Elon Musk's deposition to four (4) hours. This is substantially less than the presumed limit of seven (7) hours afforded under Rule 30(d)(1).

Finally, in terms of timing, we anticipate that Elon Musk's deposition testimony will be relevant and necessary in responding to Tesla's forthcoming motion for summary judgment. Given the dispositive motion deadline of October 9, 2019, we would need to conduct Elon Musk's deposition sometime in late October. Accordingly, please let us know no later than Friday, September 27, 2019 if Tesla will make Elon Musk available for his deposition under the conditions above.

Very truly yours,

TIFFANY & BOSCO, P.A.

William M. Fischbach