**JACKSON LEWIS P.C.**
Joshua A. Sliker (Nevada Bar No. 12493)
Joshua.Sliker@jacksonlewis.com
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone:     (702) 921-2460
Facsimile:     (702) 921-2461

**CHARIS LEX P.C.**
Sean P. Gates *(admitted pro hac vice)*
sgates@charislex.com
Douglas J. Beteta *(admitted pro hac vice)*
dbeteta@charislex.com
301 N. Lake Ave., Suite 1100
Pasadena, California 91101
Telephone:     (626) 508-1717
Facsimile:     (626) 508-1730

Attorneys for Plaintiff/Counter-Defendant
TESLA, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TESLA, INC., a Delaware corporation, | Case No. 3:18-cv-00296-LRH-CLB |
| Plaintiff, | |
| vs. | **TESLA, INC.'S RESPONSE TO MARTIN TRIPP'S MOTION TO SEAL MOTION TO COMPEL DEPOSITION OF NON-PARTY ELON MUSK** |
| MARTIN TRIPP, an individual, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

Plaintiff and Counter-Defendant Tesla, Inc., hereby submits this response to Defendant and Counter-Claimant Martin Tripp's Motion to Seal Motion to Compel Deposition of Elon Musk. The only document Tesla seeks to seal is an email chain among Tesla personnel and a consultant discussing Tesla's communication strategies regarding a wide range of topics, almost none of which have anything to do with this case. In addition, Tesla seeks the redaction of the names and private email addresses of two persons who do not work for Tesla.

A party seeking to seal documents in support of a non-dispositive motion must only show "good cause" exists to seal the documents in question. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). When a court grants a protective order to seal discovery documents, "it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the needs for 'confidentiality'." *Phillips v. GMC*, 307 F.3d 1206, 1213 (9th Cir. 2002). *Cuadros v. State Farm Fire & Cas. Co.*, No. 2:16-cv-02025-JCM-VCF, 2018 U.S. Dist. LEXIS 116424, at *2-3 (D. Nev. July 12, 2018). This standard applies here; Tripp's motion to compel is a non-dispositive motion. *See id.* (holding good cause standard applies because a motion to compel is not dispositive and granting motion to seal with respect to documents designated confidential pursuant to "approved stipulated protective order").

"Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties" and thus, find good cause to seal documents. *Kamakana*, 447 F.3d at 1180. Generally, "when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted" and sealing is appropriate. *Phillips*, 307 F.3d 1213. Thus, courts routinely find that, on non-dispositive motions, "[t]he designating parties have represented that good cause exists for sealing when identifying information under the Protective Order as 'Confidential'" and that "[t]his is a sufficient showing of good cause to permit a sealing order on a non-dispositive motion." *Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-CV-0106-LRH-PAL, 2012 U.S. Dist. LEXIS 140667, at *4 (D. Nev. Sep. 26, 2012) (citation omitted); *see also Cuadros*, 2018 U.S. Dist. LEXIS 116424, at *2-3. This is especially so when the parties

1  narrowly tailor their requests and submit any documents or portions of documents that are not

2  confidential, publicly. *Oracle*, 2012 U.S. Dist. LEXIS 140667, at *4 (finding it significant that

3  opposition and supporting declaration were redacted, allowing public filing of non-confidential

4  information).

5       On October 11, 2018, finding good cause, the Court entered the parties' stipulated

6  Protective Order Regarding the Disclosure and Use of Discovery Material (ECF No. 44) ("the

7  Protective Order"). Pursuant to the Protective Order, the parties may designate a document or

8  testimony "CONFIDENTIAL" "if it contains or reflects confidential, proprietary, and/or

9  commercially sensitive information of any party." (ECF No. 44 at 6.) Each of the documents that

10  Tesla requests to be sealed have been designated confidential by Tesla and meet this standard.

11  Furthermore, Tesla does not seek to seal every single document submitted by Tripp in support of

12  his motion to compel. Instead of asking that entire pleadings be sealed it only seeks to seal the

13  portions that are actually confidential. Thus, Tesla's sealing request is narrowly tailored to protect

14  its confidentiality interests and the confidentiality interests of third-parties.

15       Tesla requests that the Court seal the following documents submitted by Tripp in support of

16  his motion to compel:

17       **Exhibits L and M**: In these exhibits, Tesla only requests that the Court seal the names and

18       email addresses of the private individuals with whom Elon Musk was corresponding. These

19       individuals have no involvement in the present lawsuit. To protect their privacy interests,

20       these individuals' names and email addresses should be redacted. Tesla designated this

21       document CONFIDENTIAL pursuant to the Protective Order. (Marsh Decl. ¶ 2.)

22

23       **Exhibit N**: An August 21, 2018 email chain amongst Tesla personnel and a public relations

24       consultant. Tesla designated this document CONFIDENTIAL pursuant to the Protective

25       Order. The email chain reflects Tesla's internal and confidential strategic discussions

26       regarding communications with the press and the public. The only individuals involved are

27       internal Tesla personnel and a consultant. In addition, these materials have not been

28       publicly disclosed and their public disclosure would harm Tesla's ability to strategize about

future inquiries with the concern that such communications would be made public. This exhibit also reveals contact information for individuals, including Tesla executives. (Marsh Decl. ¶ 3.)

**Tripp's Motion**: Tesla also requests that the Court seal the portions of Tripp's motion that make explicit references to the materials identified above.

Tesla respectfully submits that good cause exists to seal the above documents and requests that the Court grant Tripp's motion to seal.

Dated: November 20, 2019                    **CHARIS LEX P.C.**


                                        By:   /s/ Sean P. Gates
                                              Sean P. Gates
                                              Attorneys for Plaintiff and
                                              Counter-Defendant Tesla, Inc.