UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TESLA, INC., a Delaware Corporation,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MARTIN TRIPP,<br><br>　　　　　　　　　　　　　　　Defendant. | Case No. 3:18-cv-00296-LRH-CLB<br><br>ORDER |
| MARTIN TRIPP,<br><br>　　　　　　　　　　　　　Counterclaimant,<br><br>　v.<br><br>TESLA, INC., a Delaware Corporation,<br><br>　　　　　　　　　　　　Counter-defendant. | |

　　　Defendant and counterclaimant Martin Tripp has filed a *Daubert* motion to exclude the opinions of Jeffrey Kinrich, a damages expert hired by plaintiff and counter-defendant Tesla, Inc. (ECF No. 86). Tripp also filed a motion to seal his *Daubert* motion (ECF No. 87), but within the motion, he requested that it be denied. The Court will address the *Daubert* motion itself first.

　　　Tripp argues that the Court should exclude any opinions offered by Kinrich under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), because: (1) he failed to conduct a proper event study; (2) he admitted at his deposition that he could not demonstrate that Tripp caused Tesla's market valuation to decrease, and (3) the market

"erased" any "minor dips" in Tesla's stock price that occurred following the publication of news articles critical of Tesla's practices in its Gigafactory. (ECF No. 86 at 2). Tripp's *Daubert* motion, however, is premature. Generally, evidentiary-related motions like *Daubert* motions should not be adjudicated until the eve of trial and after a pretrial order has been filed. *Jones v. Harris*, 665 F.Supp.2d 384, 404 (S.D.N.Y. 2009). Here, discovery is still ongoing, with the discovery deadline currently scheduled for January 31, 2020. (ECF No. 99 at 3). The dispositive motion deadline is currently March 2, 2020. (*Id*. at 4). It is therefore premature for the Court to adjudicate Tripp's motion to exclude Kinrich's opinions, especially considering that the parties are currently litigating a motion to compel concerning a potential deposition of Tesla's CEO Elon Musk. If Tesla has any claims remaining against Tripp following the adjudication of any dispositive motions that may be filed, Tripp may refile his *Daubert* motion after entry of the pretrial order.

Turning to Tripp's motion to seal the *Daubert* motion, Tripp states that he filed the motion because under the protective order governing this case, he was required to file such a motion if any of the documents included in the filing were designated as confidential. (ECF No. 87 at 2). He notes that only three exhibits (out of five) he filed in support of his *Daubert* motion were designated as confidential, but Tesla has "abused the protective order by lavishly designating anything and everything" as confidential. (*Id*.) In response, Tesla states that only Exhibit C should be sealed because it contains confidential salary information regarding its employees and the rates it paid to Nisos Group, a digital intelligence investigation company. (ECF No. 90 at 2). It does not argue that any of the other four exhibits should be sealed. The issue here, however, is that Tripp filed his *Daubert* motion with all five supporting exhibits directly attached to his substantive motion. It is therefore impossible for the Court to seal only Exhibit C while leaving the motion and other exhibits unaffected. Given that the Court has determined that Tripp's *Daubert* motion is premature, the Court will similarly deny the motion to seal as moot. But to maintain the confidentiality of the information contained in Exhibit C, the Court will leave Tripp's *Daubert* motion under seal. If Tripp refiles his *Daubert* motion, he must file an unredacted copy of his motion and all exhibits under seal, a complete redacted copy not under seal, and a motion to seal the unredacted copy. Because the parties eventually agreed on what information should and should

not be redacted or under seal, they are instructed to meet and confer with one another prior to the filing of any further motions containing confidential information to avoid unnecessary disputes.

IT IS THEREFORE ORDERED that Martin Tripp's motion to seal (ECF No. 87) is **DENIED AS MOOT**. However, ECF No. 86 shall remain under seal for the reason stated herein.

IT IS FURTHER ORDERED that Tripp's *Daubert* motion (ECF No. 86) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

DATED this 27th day of November, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE