Robert D. Mitchell (*admitted pro hac vice*)
William M. Fischbach III (*admitted pro hac vice*)
Fletcher R. Carpenter (*admitted pro hac vice*)
Jason C. Kolbe, Nevada Bar No. 11624
Kevin S. Soderstrom, Nevada Bar No. 10235

TB TIFFANY & BOSCO P.A.

Camelback Esplanade II, Seventh Floor
2525 East Camelback Road
Phoenix, Arizona 85016-9239
Telephone: (602) 255-6000
Fax: (602) 255-0103
E-mails: rdm@tblaw.com; wmf@tblaw.com;
frc@tblaw.com; jck@tblaw.com; kss@tblaw.com

Counsel for Defendant/Counterclaimant Martin Tripp

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN TRIPP, an individual,<br><br>Defendant. | Case No. 3:18-cv-00296-LRH-CBC<br><br>**DEFENDANT/COUNTERCLAIMANT MARTIN TRIPP'S REPLY IN SUPPORT OF MOTION TO SEAL MOTION TO COMPEL DEPOSITION OF ELON MUSK UNDER LR IA 10-5** |
| MARTIN TRIPP, an individual,<br><br>Counterclaimant,<br><br>vs.<br><br>TESLA, INC., a Delaware corporation,<br><br>Counterdefendant | |

1

Tesla's response to Defendant/Counterclaimant Martin Tripp's Motion to Seal Motion to Compel Deposition of Elon Musk [ECF No. 114] supports Tripp's claim that Tesla has abused the October 10, 2018 Protective Order [ECF No. 43]. Tesla had designated Exhibits D, E, G, I, L, M, N, Q, and R to the motion to compel as CONFIDENTIAL under ¶ 8 of the Protective Order. In its response to the motion to seal [ECF No. 112], Tesla conceded that Exhibits D, E, G, I, Q, and R were no longer deserving of the CONFIDENTIAL designation after all, and therefore did not need to be filed under seal. Tesla also attached fourteen exhibits to its response to Tripp's motion to compel, thirteen of which Tesla had once designated as CONFIDENTIAL. Tesla presumably decided to tacitly withdraw the CONFIDENTIAL designation for all thirteen exhibits, because Tesla did not file its response under seal. The CONFIDENTIAL designation seems to come and go depending on whether or not Tesla decides a particular document is helpful to Tesla to either justify its conduct or to vilify Tripp in the public domain. Tesla wants its side of the story to be publicly available, but not Tripp's. This Court should therefore be wary of Tesla's claims that Exhibits L, M, and N must remain under seal, as these claims are based solely on Tesla's *ipse dixit*.

Tesla is also mistaken regarding the standard this Court is to apply. Three years ago, the 9th Circuit did away with the dispositive/non-dispositive motion distinction Tesla relies on in *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). In *Chrysler Group*, the court noted

> Most litigation in a case is not literally "dispositive," but nevertheless involves important issues and information to which our case law demands the public should have access. To only apply the compelling reasons test to the narrow category of "dispositive motions" goes against the long held interest in ensuring the public's understanding of the judicial process and of significant public events. Such a reading also contradicts our precedent, which presumes that the compelling reasons' standard applies to most judicial records. . . . The focus in all of our cases is on whether the motion at issue is more than tangentially related to the underlying cause of action. It is true that nondispositive motions are sometimes not related, or only tangentially related, to the merits of a case. . . . But plenty of technically nondispositive

motions—including routine motions in limine—are strongly correlative to the merits of a case.

809 F.3d at 1098-99 (internal quotes and citations omitted).

In this case, Musk was the primary tortfeasor because his own statements are the basis for Tripp's counterclaims for defamation and false light. In his motion to compel, Tripp was required to outline the merits of his case to demonstrate the relevance and necessity of Musk's deposition. And Tesla went to great lengths in its response memorandum to Tripp's motion to compel to attack the merits of Tripp's case. For these reasons, the issue of Musk's deposition is not simply "tangentially related to the merits of [the] case," but rather "strongly correlative to the merits of a case," and this Court must apply the "compelling reasons" standard reaffirmed by *Chrysler Group*. Under that standard, there is a presumption that the public has a right of access and the Court "may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1096–97 (internal quotes, citations, and brackets omitted).

Tesla's proffered reasons for keeping exhibits L, M, and N under seal fall far short of the "compelling reasons" standard under *Chrysler Group*.

Exhibit L and M:  These e-mails between Musk and others occurred between July 8 and July 10, 2018, which was after Tesla brought its high-profile lawsuit against Tripp on June 20, 2018. These e-mails reflect the efforts of Musk and the persons he was communicating with to "unmask" Tripp as a corporate saboteur linked to short-sellers of Tesla stock. This belies Tesla's suggestion that these individuals "have no involvement in the present lawsuit." Musk and the people he was corresponding with knew or should have known such e-mails were not privileged and would be produced in discovery. If these "private persons" wanted to keep their identity secret (and there is no indication they do), they should not have gotten involved in Musk's efforts to investigate Tripp after Tesla sued him. Finally, the only person identified by her actual name is Bonnie Norman, who is an outspoken

advocate of Musk and Tesla on Twitter. Her Twitter handle is @bonnienorman. This is hardly someone who wishes to remain anonymous.

Exhibit N: These e-mails between Musk, Tesla personnel, and Musk's PR consultant Juleanna Glover occurred between August 18 and August 21, 2018. This was after Tesla had filed its lawsuit on June 20, 2018 and after Tripp filed his counterclaim on July 31, 2018. Once again, Musk and the people he was corresponding with knew or should have known such e-mails were not privileged and would be produced in discovery. Tesla has characterized these e-mails as "Tesla's internal and confidential strategic discussions regarding communications with the press and the public." This description defies credulity. These e-mails further reflect Musk's efforts to establish a link between Tripp and short-sellers of Tesla stock. These e-mails also reflect Musk bragging that, after uncovering the identity of an anti-Tesla blogger, Musk forced him to stop blogging by pressuring his employer. Finally, the e-mails show Musk boasting about his efforts to have Tripp prosecuted criminally for the conduct alleged in Tesla's complaint. These e-mails are not a "discussion[] regarding communications with the press and the public." It is Musk and his associates discussing how to best silence Tesla's critics through secret investigations, intimidation, and threats of criminal prosecution. Tesla has no evidence—other than its own conclusory assertions—that "disclosure [of Exhibit N] would harm Tesla's ability to strategize about future inquiries with the concern that such communications would be made public." *See Chrysler Group*, supra, 809 F.3d at 1096-97.

Tesla also claims these e-mails "reveal contact information for individuals, including Tesla executives." This concern by Tesla is contrived. The only "contact information" for "Tesla executives" that is "revealed" in this exhibit are the e-mail addresses for Musk and Sarah O'Brien. Those e-mail addresses were included in Exhibits D and G to Tripp's motion to compel, which Tesla has conceded need not be filed under seal. O'Brien was also the vice-president of communications for Tesla, and used her e-mail address to communicate routinely with the press. *See, e.g.,* Exhibit G to Motion to Compel. O'Brien's Tesla e-mail address is not a secret.

The only other "contact information" in this e-mail is that of Tesla's outside PR consultant Juleanna Glover from the firm Ridgley Walsh (ridgelywalsh.com). As of the date of filing, Ridgley Walsh's online profile for Ms. Glover (below) highlights her representation of Tesla and other large companies, and contains a link to her V-card. Ms. Glover's downloadable V-card contains her e-mail address (juleanna@ridgelywalsh.com), business phone (202-505-5602), mobile phone (202-288-2076), and business address (2146 Wyoming Ave., NW Washington, DC 64105). This is the same information in Exhibit N. Exhibit N contains no "contact information" that Ms. Glover doesn't want the world to know already.



1    In sum, nothing in Exhibits L, M, and N meet the "compelling reasons" standard in *Chrysler Group*. Frankly, none of Tesla's proffered reasons rise to less exacting the level of "good cause." As such, Tripp requests that this Court deny the motion to seal.

TIFFANY & BOSCO, P.A.

By /s/William M. Fischbach III
  Robert D. Mitchell
  William M. Fischbach III
  Fletcher R. Carpenter
  Camelback Esplanade II, Seventh Floor
  2525 East Camelback Road
  Phoenix, Arizona 85016-9239
  *Counsel for Defendant/Counterclaimant*

**PROOF OF SERVICE**

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action; my business address is Tiffany & Bosco, P.A. 2525 E. Camelback Road, Suite 700, Phoenix, Arizona 85016.

On December 4, 2019, I served the following described as:

**DEFENDANT/COUNTERCLAIMANT MARTIN TRIPP'S REPLY IN SUPPORT OF MOTION TO SEAL MOTION TO COMPEL DEPOSITION OF ELON MUSK UNDER LR IA 10-5**

on the following interested parties in this action:

Joshua A. Sliker
Jackson Lewis
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Joshua.sliker@jacksonlewis.com
*Attorney for Plaintiff/Counterdefendant Tesla, Inc.*

Sean P. Gates (*admitted pro hac vice*)
Douglas J. Beteta (*admitted pro hac vice*)
Charis Lex, P.C.
301 N. Lake Ave., Suite 1100
Pasadena, California 91101
sgates@charislex.com
*Attorneys for Plaintiff/Counterdefendant Tesla, Inc.*

**[X] (BY E-MAIL)** By transmitting the above documents to the above e-mail addresses.

**[X] (STATE)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 4th day of December, 2019 at Phoenix, Arizona.

*/s/Kesha M. Cabanilla*