```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
        BEFORE THE HONORABLE CARLA BALDWIN CARRY, MAGISTRATE JUDGE
                              ---o0o---


   TESLA, INC., a Delaware          :
   corporation,                     :
                                    :
              Plaintiff,            :  No. 3:18-cv-296-LRH-CBC
                                    :
           -vs-                     :  February 6, 2019
                                    :
   MARTIN TRIPP, an                 :  Reno, Nevada
   individual,                      :
                                    :
              Defendant.            :
   _____  :



        TRANSCRIPT OF TELEPHONIC CASE MANAGEMENT CONFERENCE



   APPEARANCES:

   FOR THE PLAINTIFF:        ALLISON L. LIBEU and
                             STEPHEN RICHARDS
                             Attorneys at Law
                             Los Angeles, California


   FOR THE DEFENDANT:        ROBERT D. MITCHELL
                             Attorney at Law
                             Phoenix, Arizona




   Transcribed by:           Margaret E. Griener, CCR #3, FCRR
                             Official Reporter
                             400 South Virginia Street
                             Reno, Nevada 89501
```

```
 1        RENO, NEVADA, WEDNESDAY, FEBRUARY 6, 2019, 9:01 A.M.
 2                            ---o0o---
 3
 4              THE CLERK:  This is the date set for telephonic
 5   case management conference in case 3:18-CV-0296-LRH-CBC,
 6   Tesla, Incorporated, versus Martin Tripp.
 7              Present telephonically on behalf of plaintiff,
 8   Allison Libeu and Stephen Richards.  Present telephonically on
 9   behalf of defendant, Robert Mitchell.
10              THE COURT:  Good morning, everyone.
11              We're here for our follow-up case management
12   conference in Tesla versus Tripp.
13              In preparation for today's hearing I have
14   reviewed document number 54, which was the minutes from the
15   last hearing on December 3rd, the stipulation for extension of
16   discovery deadlines that was received which was at document
17   number 62, as well as the joint management conference
18   statement that was filed by the parties at docket number 63.
19              One thing I wanted to note for everybody before
20   I get started is I wanted to thank counsel.  It's very
21   apparent to me the professionalism and the cooperation of
22   everyone in this case, and I know that it's probably fairly
23   contentious, but from the Court's perspective from what I see
24   in a lot of cases, I just want you all to know how much I
25   appreciate how much work is going into this and working
```

1  cooperatively so I thank you all for that.

2              I just have a few things that I wanted to go

3  over with everybody today because it looks like things are

4  kind of plugging along just fine.

5              The first relates to depositions.  As I can

6  tell, they appear to be moving along at a normal pace, and I

7  have absolutely no problem with the extension of time that's

8  been requested to accommodate those, and I appreciate the

9  resolution of the issue of Mr. Tripp's deposition which was a

10 matter of issue I believe at our last hearing.

11             Do you believe -- I think my main question, and

12 I'm going to start with plaintiff's counsel in this particular

13 instance, my only concern is whether or not this will be a

14 sufficient amount of time to get through all of the

15 depositions.  I believe you're asking until June of 2018.

16             So starting with you, Ms. Libeu, do you believe

17 that this will be a sufficient amount of time to get through

18 all of the depositions in this case?

19             MS. LIBEU:  Thank you, your Honor.

20             We hope -- we think 90 days will be sufficient,

21 but we, of course, don't want to be coming back in front of

22 your Honor to request additional extensions.  So if defendant

23 would be amenable as well, we're happy to make that a longer

24 period.  We have no objection to that.

25             I know we -- we initially, I think, wanted the

1    short period, and I am happy to say that I was incorrect and
2    optimistic in thinking we should get it all done in the time
3    period that we had originally allotted.
4                So the 90 days is what we had come up with here
5    as a -- what we thought would be sufficient.  But to make sure
6    we're not back in front of your Honor requesting another
7    extension, I'd be happy to move it longer to 120 days or
8    something along those lines.
9                THE COURT:  Okay.  Let me ask you, Mr. Mitchell,
10   what are your thoughts with the amount time that's being
11   requested?
12               MR. MITCHELL:  Your Honor, we have no problem
13   with the additional 90 days that the plaintiff's counsel
14   requested.  If they're suggesting 120 days, I don't really
15   take exception to that either.
16               THE COURT:  Okay.  I guess my one concern is
17   that we've already done two extensions, and so this -- well,
18   actually, I'm not sure if we've done two, if this will just be
19   the second, but one of the things that I'd really like to do
20   is to make sure that we give everybody enough time that they
21   need in their extensions rather than coming back, you know,
22   time after time having to do additional extensions.  I just
23   prefer to allow the parties a sufficient amount of time to get
24   what they need to get done.
25               I understand people's schedules are very busy,

1   especially in this case with so many attorneys and people in
2   different locations and things of that nature.
3               So, you know, I guess -- I'm fine with 90 days,
4   it doesn't bother me one way or the other, but I think I'm
5   hearing from -- especially counsel for Tesla that I think
6   120 days would likely be more realistic to really get this
7   done.  Is that what I'm hearing, Ms. Libeu?
8               MS. LIBEU:  Yes, your Honor.
9               THE COURT:  Okay.  So this is what my suggestion
10  would be -- and, Mr. Mitchell, you don't have any problem with
11  that and you agree that 120 would likely be better?
12              I don't want to put words in your mouth, sir, I
13  just want to make sure I'm hearing you correctly.
14              Mr. Mitchell?
15              MR. MITCHELL:  Your Honor, if the agreement is
16  that we extend it to 120 days and then we don't come back for
17  additional requests, I have no problem with that.
18              THE COURT:  Okay.  And I guess that would be
19  sort of my one caveat to this is that that if we go out
20  120 days, I really do not -- I would really be displeased if
21  you were back here again for an extension unless there's some
22  extreme circumstances.
23              So with that, I think what I'll request the
24  parties to do is to submit an updated stipulation using the
25  120 days as the calculated date, and just resubmit that to me

1   with the corrected calculated dates, and I'll sign that once I
2   receive it.
3              I think that would make more sense in this case.
4   That was the one thing that sort of struck me when I reviewed
5   the request in this particular matter.
6              Is there anything else from the plaintiff's
7   perspective that I need to know about depositions or other
8   issues related to any discovery matters that are going on in
9   this case?  And I'll start with you, Ms. Libeu.
10             MS. LIBEU:  Nothing else from our side, your
11  Honor.  We think we're working very cooperatively with
12  Mr. Mitchell and his colleagues so I thank them for that, and
13  there's nothing else from our end.
14             THE COURT:  Okay.  Perfect.
15             Mr. Mitchell, is there anything else you would
16  like to add, sir, for purposes of the record?
17             MR. MITCHELL:  Yes, your Honor, just briefly to
18  bring up an issue that I understand has come up in the prior
19  case management conference which I wasn't in participation at.
20             But we had requested from Tesla's counsel to
21  take Elon Musk's deposition.  We feel that because of
22  statements he's made, he has injected himself into the issues
23  in this case.
24             We've tried to take some discovery to try to
25  help minimize the need for that.  We're also taking

1  depositions of other parties that we can try to get some
2  answers from, but we do believe we will need to take
3  Mr. Musk's deposition.
4              We're willing to go to wherever he is at.  We
5  want to make it as quick and inconvenient for him as possible.
6  I'm a 30-year trial lawyer, I have no intention or desire to
7  harass him in any respect.  I recognize -- I recognize how
8  busy he is.  But we do need his deposition, and I don't think
9  that's an issue that counsel have been able to sort out.
10              Our goal would be to try to schedule that, and
11  we'll line it up within maybe 60 days from now after we've had
12  a chance to complete a few other depositions and to receive
13  back certain written discovery from Tesla that's outstanding.
14              But we probably are going to need the Court's
15  assistance in making that deposition happen, and, again, my
16  goal is to make it as totally convenient for Mr. Musk as
17  possible.
18              THE COURT:  Well, thank you, sir.  That was
19  actually the next issue on my list so I was actually getting
20  ready to address that with you.
21              From my understanding of the case management
22  conference statement is that Tesla still believes that there's
23  some additional discovery that needs to be conducted and then
24  the meet and confer should take place.
25              And based on what you have just stated to me, it

1    sounds like there are some -- a few additional things that
2    still need to take place, at least some depositions and things
3    like that before that deposition gets noticed.
4                It would be my suggestion, and this is what I
5    would ask the parties to do, is to complete that additional
6    discovery and then have a true meet and confer to see if there
7    can't be some agreement on taking this deposition in terms of
8    time and location and all of those things.
9                If the parties can't agree, my initial response,
10   because there was actually pretty extensive -- I don't want to
11   say briefing, but fairly extensive information provided to the
12   Court in the last case management conference, that, in looking
13   at this again, it's clear to me that with the additional
14   discovery and some of the development of the facts of this
15   case, I think if you're unable to reach a decision or
16   agreement on taking Mr. Musk's deposition, then I will be
17   requesting briefing because I will need to know that
18   additional, you know, factual development that wasn't
19   necessarily provided in that first case management document
20   where this was outlined.
21               So that would be my position at this point.  So,
22   Ms. Libeu, do you have any objection to that process?
23               MS. LIBEU:  No objection, your Honor.  We think
24   that makes sense.
25               THE COURT:  Okay.  And, Mr. Mitchell, is that

1  acceptable to you, sir?
2          MR. MITCHELL:  Yes, yes, of course, but my goal
3  was simply to alert the Court that that issue is still out
4  there.
5          THE COURT:  I appreciate that, and, like I said,
6  that was one of the things that I had intended to bring up
7  because it was raised in the case management report.
8          So that just to be clear for the record, so I
9  would ask the parties to finish up whatever discovery that
10 they need to do in anticipation of noticing Mr. Musk's
11 deposition.
12         Once that's completed, I would ask that the
13 parties meet and confer to try to resolve this particular
14 issue and come to some sort of agreement as to Mr. Musk's
15 deposition.
16         If, you know, at that point you're unable to
17 agree, then I would go ahead and ask -- I would assume that it
18 would be the plaintiff's counsel that would file a motion for
19 protective order, but either way, whether it's a motion to
20 compel, a motion for protective order, that is neither here
21 nor there, but to go ahead with the normal briefing schedule.
22         One thing I will say is I will -- I would
23 appreciate it if someone would alert the Court that it's being
24 filed so that way I can keep my eye out for it, and I'll try
25 to decide it as soon as possible.

1                 If I need to have any additional argument, I
2    will do that, but it would be my expectation to rule on that
3    as soon as the briefing is completed.
4                 So that will be the decision of the Court.
5                 The next issue that I had that I wanted to
6    address with the parties has to do with the mental
7    examination.
8                 It's my understanding from the case management
9    report that Mr. Tripp may dismiss his counterclaim for
10   intentional infliction of emotional distress, and that is what
11   actually sort of triggers this mental examination, but my
12   concern is that there was no definitive statement that that
13   would happen and, if so, when.
14                So I was hoping, Mr. Mitchell, if you could give
15   me any more information.  If you can't, I understand, sir, but
16   I simply wanted to ask about the status of that and what the
17   expectation is from Mr. Tripp's perspective.
18                MR. MITCHELL:  Understood, your Honor.
19                We actually have been working out the terms of
20   the stipulation for the dismissal, and that stipulation to
21   dismiss was filed this morning.
22                THE COURT:  Oh, perfect.  Well, I should have
23   checked the docket before I walked out here.  So I appreciate
24   that.  That takes several of my questions off of my list.  So
25   thank you very much.

1        MS. LIBEU:  I believe it was filed while we were
2   on this conference, your Honor.
3        THE COURT:  Well, then, I feel better, that I
4   wasn't dilatory in my preparation for today.  I appreciate
5   that, thank you.
6        The last thing that -- well, actually not, the
7   second to last thing that I have is, from what I can tell from
8   the case management conference, it appears that both parties
9   are actually interested in setting this for a settlement
10  conference.
11       Let me ask you, Ms. Libeu, is that the case?
12       MS. LIBEU:  Yes, that's correct, and we would be
13  interested in either a, you know, settlement conference with
14  your assistance arranged by the Court, or private mediation.
15       That's something that we haven't actually
16  discussed with defense counsel, but we're happy to meet and
17  confer with them on dates, who the settlement officer or
18  mediator would be, and, of course, if it's a settlement
19  conference with your Honor's assistance, it would probably
20  would rule out a private mediation.  The location would be
21  something we could discuss as well.
22       THE COURT:  Okay.  Mr. Mitchell?  Anything you
23  would like to add, sir?
24       MR. MITCHELL:  Your Honor, we'll say we're
25  amenable to scheduling a settlement conference, but we don't

1   believe it would be successful until additional discovery is
2   performed.  And so what we suggest is setting in June or
3   perhaps July, if the extension is now going to be 120 days,
4   for the setting of a settlement conference.
5              THE COURT:  So let me -- if that's the case,
6   then are you anticipating having this settlement conference
7   towards the end of the discovery time frame?  Is that what
8   you're suggesting, sir?
9              MR. MITCHELL:  Yes, your Honor.
10             THE COURT:  Okay.  Well, let me start with this.
11             First off, settlements with the Court are free.
12  To the extent that you have a private mediator, certainly
13  that's going to be costs for the parties, so for whatever
14  that's worth.
15             To the extent that we would do this towards the
16  end of discovery, I would likely go ahead and handle this
17  myself, because at that point there wouldn't -- I won't be
18  involved in the substance of any motions to -- you know,
19  motions for summary judgment or trial or anything of that
20  nature, so I'm comfortable handling the settlement conference
21  at that point.
22             Ms. Libeu, I guess with that in mind and what
23  you just stated, since the mediation issue it sounds like
24  hasn't really been discussed with opposing counsel at this
25  point, what I'm going to ask the parties to do is within,

1  let's say, 30 days from today's date, if you would file a
2  joint statement indicating whether or not you intend to
3  proceed with scheduling a private mediation or whether you
4  would ask the Court to set a settlement conference.
5             If you choose private mediation, that's fine, I
6  won't take any action, but if you are requesting the Court to
7  set a settlement conference, then what I will do is I'll have
8  my courtroom deputy contact you, and we will set a date in
9  late June or early July to do that.
10            Is that acceptable, Ms. Libeu?
11            MS. LIBEU:  Yes, it is, your Honor.
12            THE COURT:  Okay.  Mr. Mitchell?
13            MR. MITCHELL:  Of course.
14            THE COURT:  Okay.  With that, you know, like I
15 said as I started out, I'm genuinely very pleased and very
16 happy that things are moving along the way that they are and
17 how cooperative everyone is being.
18            So my thought is, is that up to this point I've
19 taken a fairly active oversight role in this case.  I don't
20 mind doing that on a continuing basis, but I also don't want
21 to simply have hearings to have hearings or increase the costs
22 of litigation unnecessarily.
23            So I would like to ask Ms. Libeu what your
24 thoughts are with continuing case management conferences and
25 whether you think that those would be helpful or useful, or

1   whether or not you'd just as soon we stop doing them unless

2   there's some need to have a hearing.

3              MS. LIBEU:  Your Honor, I think they're helpful,

4   especially if we should get -- if there are some discovery

5   issues or things, get your Honor's thoughts on them in a more

6   formal and less costly manner.

7              I don't necessarily think we need to have them,

8   given, you know, the amount of cooperation we've had, at least

9   60 days as we have in the past, so it might make sense to have

10  one in 90 days or maybe more than that in this case.

11             But I'm not particularly wedded to that number,

12  but I do think they are helpful, but maybe just the frequency,

13  we don't need as much.

14             THE COURT:  Okay.  Mr. Mitchell, what are your

15  thoughts, sir?

16             MR. MITCHELL:  Another area of agreement.  We

17  are in total agreement with that.

18             THE COURT:  Okay.  Well, I like that plan.  I

19  think if we set it out 90 days, then if there's any -- you

20  know, at that point if there's any issues that need to be

21  addressed certainly with settlement or any discovery matters,

22  we can catch them and move the case forward without any

23  unnecessary delay.  So that's what the plan will be.

24             Ms. Clerk, can you give us a date 90 days out

25  from today for a follow-up status conference in this case.

1               THE CLERK:  Yes, your Honor.  Monday, May 6th,
2   at 10:00 a.m.
3               THE COURT:  And, you know, I think actually let
4   me reconsider my last statement about settlement conference.
5               I think what we will do -- strike that request
6   for filing a notice to let me know about mediation or
7   settlement, and what the expectation will be is at that May
8   hearing we can simply address that at that time because that
9   will give us enough time to decide whether or not a settlement
10  or mediation is what the parties are anticipating.
11              With that, is that date acceptable to you,
12  Ms. Libeu?
13              MS. LIBEU:  Yes, it is.
14              THE COURT:  And Mr. Mitchell?
15              MR. MITCHELL:  Yes.
16              THE COURT:  Okay.  Perfect.
17              The one last thing I will say is that in the
18  meantime, because we are going to set this out a little bit
19  further, if there is any discovery issue that comes up that
20  needs to be addressed more immediately, I want the parties to
21  feel comfortable filing a joint document that just simply
22  states notice of discovery dispute or something like where the
23  parties set out in a couple of pages their respective
24  positions with whatever the issue is.
25              My hope is to do that in a way that will allow

1   us to avoid costly motion practice, especially if an emergency
2   discovery issue arises so that way discovery isn't slowed down
3   because of some sort of dispute that's going on that might
4   impact the ability to take depositions or get information that
5   you need in preparation for a deposition or something like
6   that.
7           So if something does happen, I want the parties
8   to -- that would be my preference, that you do that first
9   before filing any motions, and if I can resolve it, I will.
10  If I need to have a teleconference, I will set one, but if I
11  think motions are required, I will go ahead and issue an order
12  asking for motion practice.
13          Does that process make sense, Ms. Libeu?
14          MS. LIBEU:  Yes, it does.
15          THE COURT:  And Mr. Mitchell?
16          MR. MITCHELL:  Yes, thank you.
17          THE COURT:  And just so I'm clear on the record,
18  I've noticed in a couple of cases I've said this, but it seems
19  like the parties are hesitant to do that.
20          And I want everyone on the call to be aware I
21  have no problem with people having disputes in discovery.
22  That's expected.  So we don't want the parties to have the
23  sense that by bringing it to the Court's attention, you know,
24  I'm going to be upset or that it's going to be some negative
25  on anybody involved.

```
1              Please feel free to utilize that mechanism so
2    that we can make sure the case moves along and that there
3    isn't going to be any kind of issue from my perspective with
4    that happening, and, in fact, I invite that.  So for whatever
5    that's worth, I wanted to make sure I put that on the record.
6              Is there anything else from the plaintiff that
7    needs to be put on the record at this time?
8              MS. LIBEU:  Nothing, your Honor, thank you.
9              THE COURT:  And anything from the defense,
10   Mr. Mitchell?
11             MR. MITCHELL:  No, thank you.
12             THE COURT:  Okay.  Well, thank you all again.
13   I'll just await that updated stipulation and -- on the
14   extension of time, and I'll sign that as soon as I receive it.
15             And, with that, I wish you all a very good day,
16   and we will be in recess.
17             MS. LIBEU:  Thank you, your Honor.
18                           -oOo-
19
20        I certify that the foregoing is a correct
          transcript from the record of proceedings
21        in the above-entitled matter.
22        /s/Margaret E. Griener          00/00/201 ^
           Margaret E. Griener, CCR #3, FCRR
23         Official Reporter
24
25
```