**JACKSON LEWIS P.C.**
Joshua A. Sliker (Nevada Bar No. 12493)
Joshua.Sliker@jacksonlewis.com
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone:   (702) 921-2460
Facsimile:    (702) 921-2461

**CHARIS LEX P.C.**
Sean P. Gates *(admitted pro hac vice)*
sgates@charislex.com
Douglas J. Beteta *(admitted pro hac vice)*
dbeteta@charislex.com
301 N. Lake Ave., Suite 1100
Pasadena, California 91101
Telephone:   (626) 508-1717
Facsimile:    (626) 508-1730

Attorneys for Plaintiff/Counter-Defendant
TESLA, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN TRIPP, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:18-cv-00296-LRH-CLB<br><br>**TESLA, INC.'S MOTION TO FILE SURREPLY IN OPPOSITION TO MOTION TO COMPEL DEPOSITION OF NON-PARTY ELON MUSK** |

1        Plaintiff and Counter-Defendant Tesla, Inc. ("Tesla"), hereby moves for an order granting it leave to file the surreply attached hereto as Exhibit A.

       Surreplies are appropriate where the moving party raises a new matter on reply. *lIoane v. Commissioner*, No. 3:09-CV-00243-RCJ-(RAM), 2010 U.S. Dist. LEXIS 71808, at *9 (D. Nev. Mar. 11, 2010) ("Because Plaintiff's reply raised issues not in his initial motion, the Court grants Defendant leave to file a surreply and will consider Defendant's arguments raised in its surreply"); *FNBN-RESCON I LLC v. Ritter*, No. 2:11-cv-1867-JAD-VCF, 2014 U.S. Dist. LEXIS 130128, at *17 (D. Nev. Mar. 12, 2014) (considering surreply where reply "raised new arguments"); *Escobedo-Gonzalez v. Kerry*, No. 2:15-CV-1687 JCM (PAL), 2018 U.S. Dist. LEXIS 170634, at *7 (D. Nev. Oct. 3, 2018) (same). This is because "new material does not belong in a reply brief." *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 846 (9th Cir. 1976).

       Here, Tripp raises new arguments and cites new materials in his reply brief. First, Tripp raises new arguments regarding the applicability of the apex doctrine. Tripp argued in his opening brief that this district has rejected the apex doctrine as a matter of law. (ECF 107 at 7-8.) Tesla responded to that argument in its opposition. (ECF 112 at 5-7.) In his reply brief, however, Tripp cites new material, quoting from a transcript of a case management conference, to support his arguments. But Tripp does not submit the entire transcript, and he fails to cite the portions of the transcript in which the Court directed him to conduct "extensive" discovery by less intrusive means regarding "specific to any issues related to Mr. Musk and his personal knowledge, statements, et cetera" —exactly the type of discovery Tesla maintains Tripp failed to take. In its proposed surreply, Tesla provides the entire transcript and cites the passages regarding the discovery Tripp was ordered (but failed) to take.

       Second, Tripp submits a deposition transcript from an entirely unrelated case to argue that he needs a full seven hours for the deposition. He claims based on about 10 minutes of colloquy in the transcript that he needs three hours more than the four hours he requested. Tesla's proposed surreply addresses this new material, showing that the Tripp's arguments are unfounded and irrelevant.

1  The Court should grant this motion to allow Tesla to address the improperly raised new
2  arguments and materials raised for the first time in Tripp's reply.

Dated: December 10, 2019      **CHARIS LEX P.C.**

                                By:  /s/ Sean P. Gates
                                      Sean P. Gates
                                      Attorneys for Plaintiff and
                                      Counter-Defendant Tesla, Inc.