**JACKSON LEWIS P.C.**
Joshua A. Sliker, Nevada Bar No. 12493
*Joshua.Sliker@jacksonlewis.com*
3800 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone:   (702) 921-2460
Facsimile:    (702) 921-2461

**HUESTON HENNIGAN LLP**
John C. Hueston *(admitted pro hac vice)*
jhueston@hueston.com
Robert N. Klieger *(admitted pro hac vice)*
rklieger@hueston.com
Allison L. Libeu *(admitted pro hac vice)*
alibeu@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:   (213) 788-4340
Facsimile:    (888) 775-0898

Attorneys for Plaintiff/Counter-Defendant
Tesla, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN TRIPP, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:18-cv-00296-LRH-CBC<br><br>**PLAINTIFF AND COUNTER-DEFENDANT TESLA, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTER-CLAIMANT MARTIN TRIPP'S SECOND SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   Defendant/Counter-Claimant Martin Tripp

RESPONDING PARTY:    Plaintiff/Counter-Defendant Tesla, Inc.

SET NO.:                        Two (Nos. 9-25)

---

TESLA, INC.'S RESPONSES AND OBJECTIONS TO INTERROGATORIES, SET TWO

5455769

**CONFIDENTIAL**

Plaintiff and Counter-Defendant Tesla, Inc. ("Tesla"), by and through its undersigned counsel, hereby respectfully submits its responses and objections to Defendant and Counter-Claimant Martin Tripp's ("Tripp") Second Set of Interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT

As Tesla has not completed discovery in this action, these Responses and Objections ("Responses") necessarily reflect only the current state of Tesla's knowledge, understanding, and belief based upon the information reasonably available to Tesla at this time. Tesla anticipates that further facts and information may be discovered. Without in any way obligating itself to do so, Tesla reserves the right to modify, supplement, revise, or amend these Responses to correct any errors or omissions which may be contained herein, in light of the information that Tesla may subsequently obtain or discover. These Responses are made solely for the purposes of this action, and are subject to all objections as to competence, authenticity, relevance, materiality, privilege, and admissibility. All such objections and grounds are expressly reserved and may be interposed at the time of summary judgment, trial, or otherwise. Furthermore, these Responses are provided without prejudice to Tesla's right to produce evidence of any subsequently discovered fact or facts which Tesla may later recall. Tesla accordingly reserves the right to change any and all Responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are investigated. This Preliminary Statement shall apply to each and every Response given herein and shall be incorporated by reference as though set forth fully in each Response below. Subject to the general and specific objections listed below, Tesla will provide the following responses.

## GENERAL OBJECTIONS

The following general objections apply to each and every Interrogatory propounded by Tripp and are incorporated by reference into each of the following specific responses as if set forth in full therein.

1.  Tesla objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, unduly burdensome, incomprehensible, compound, duplicative and cumulative, fail to identify the documents sought with reasonable particularity, call for speculation, and seek

**CONFIDENTIAL**

information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

      2.      Tesla objects to the Interrogatories to the extent they call for the production of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, Federal Rule of Civil Procedure 26(b)(3) and (4), and/or any other applicable privileges, protections, or immunities. Such information or documents will not be provided in response to the Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product doctrine or other protections that may attach thereto.

      3.      Tesla objects to the Interrogatories to the extent they seek information and/or documents that are subject to an obligation of confidentiality to a third party, or the disclosure of which is restricted by any law, order, or regulation, or is otherwise protected by third parties' rights to privacy. Tesla is not authorized to and cannot waive these confidentiality and/or privacy rights. Such information will not be provided unless the terms of the obligation have been satisfied to permit its production.

      4.      Tesla objects to the Interrogatories to the extent they purport to impose any obligation to obtain or provide information or documents that are not within Tesla's possession, custody, or control. Tesla further objects to the extent any Interrogatory seeks information not discernible by Tesla after a reasonably diligent investigation. An objection on this ground does not constitute a representation or admission that such information and/or documents do, in fact, exist or are known to Tesla.

      5.      Tesla objects to the Interrogatories to the extent that they seek information and/or documents that are already in Tripp's possession, custody, or control.

      6.      Tesla objects to the Interrogatories to the extent that they contain discrete subparts improperly grouped as a single interrogatory. Tesla objects that the Interrogatories are compound to the extent that they contain multiple subparts.

      7.      Tesla objects to the Interrogatories to the extent that they incorporate argumentative and conclusory definitions. Tesla will respond to the Interrogatories without prejudice either to

**CONFIDENTIAL**

Tesla's position that such definitions may be incorrect or to any legal position Tesla may take during this action.

8. Tesla's responses to the Interrogatories are without waiver or limitation of its right to object to the use of any information and/or documents referenced or contained therein on grounds of competency, relevancy, materiality, privilege, admissibility as evidence for any purpose, or any other ground, in any subsequent proceeding or hearing in, or the trial of, this or any other action. Each response is without prejudice to, or waiver of, any objection Tesla may make to any future use of such information. Tesla likewise reserves the right to object to other discovery procedures involving or relating to the subject matter of any information and/or documents produced in response to these Interrogatories.

**RESPONSES TO INTERROGATORIES**

**CONFIDENTIAL**

**INTERROGATORY NO. 16**:

Identify all Communications in which You reported to Your shareholders, management, auditors, and accountants the losses and/or damages claimed in the November 8, 2018 Expert Report of Jeffrey H. Kinrich.

**RESPONSE TO INTERROGATORY NO. 16**:

In addition to its general objections, which are incorporated herein by reference, Tesla objects to this Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportional to the needs of the case in that it asks Tesla to "Identify all Communications" with members of four separate groups. Tesla objects to this Interrogatory as vague and ambiguous in its use of "all." Therefore, in responding to this Interrogatory, Tesla will interpret "all" to mean "All" as defined in Paragraph 1 of the Definitions in Tripp's Second Set of Interrogatories. Tesla further objects that this Interrogatory calls for information and/or communications that are not relevant to any claim or defense at issue in this action. Tesla further objects to this Interrogatory to the extent that it calls for information and/or communications protected by the attorney-client privilege, work product doctrine, and all other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Tesla responds to this Interrogatory as follows:

Tesla's stock price is public and therefore available to Tesla's shareholders, management, auditors, and accountants. At all relevant times, Tesla management has been aware of the wages paid to Mr. Tripp, Mr. Gicinto, Mr. Henderson, and Mr. Lindemulder as well as the fees and expenses incurred by Nisos Group in its investigation.

**CONFIDENTIAL**

**INTERROGATORY NO. 22**:

State Your total claimed damages, including the method for calculating those damages and the legal and/or statutory basis allowing You to claim any particular item or category of damages.

**RESPONSE TO INTERROGATORY NO. 22**:

In addition to its general objections, which are incorporated herein by reference, Tesla objects to this Interrogatory to the extent that it calls for information protected by the

**CONFIDENTIAL**

attorney-client privilege, work product doctrine, and all other applicable privileges, protections, or immunities. Tesla further objects to this Interrogatory as calling for a legal conclusion in that it requests the "legal and/or statutory basis" for Tesla's damages. Tesla further objects to this Interrogatory to the extent that it calls for expert opinion. Tesla further objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, work product doctrine, and all other applicable privileges, protections, or immunities.

    Subject to and without waiving the foregoing general and specific objections, Tesla responds to this Interrogatory as follows:

    *See* Expert Report of Jeffrey H. Kinrich, dated November 8, 2018.

**CONFIDENTIAL**

Dated: March 8, 2019

**HUESTON HENNIGAN LLP**

By: *[signature]*
Allison L. Libeu
Attorneys for Plaintiff and
Counter-Defendant Tesla, Inc.

## VERIFICATION

I, Imari Henderson, declare:

I have read the foregoing **PLAINTIFF AND COUNTER-DEFENDANT TESLA INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTER-CLAIMANT MARTIN TRIPP'S SECOND SET OF INTERROGATORIES** and know its contents.

I am an employee of Tesla, Inc., Plaintiff and Counter-Defendant in this action, and I am authorized to make this verification for and on its behalf. The matters stated in the foregoing document are true and correct to the best my own knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this ___8___ day of March, 2019, at ___Sparks___, ___Nevada___.

_____
Imari Henderson

5493900

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 620 Newport Center Drive, Suite 1300, Newport Beach, CA 92660.

On March 8, 2019, I served the foregoing document(s) described as:

**PLAINTIFF AND COUNTER-DEFENDANT TESLA INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTER-CLAIMANT MARTIN TRIPP'S SECOND SET OF INTERROGATORIES**

[X]  (BY E-MAIL) By transmitting a true copy of the foregoing document(s) by **Email or Electronic Transmission**:

Based on an agreement of the parties to accept service by email or electronic transmission. I caused the document(s) to be sent from email address sjones@hueston.com to the persons at the email addresses listed on the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful:

    Robert D. Mitchell
    William M. Fischbach III
    Christopher J. Waznik
    Matthew D. Dayton
    TIFFANY & BOSCO, P.A.
    2525 E. Camelback Road
    7th Floor, Camelback Esplanade II
    Phoenix, AZ 85016-4229

    TEL: 602-255-6000
    FAX: 602-255-0103
    E-MAIL: rdm@tblaw.com
    E-MAIL: wmf@tblaw.com
    E-MAIL: cjw@tblaw.com
    E-MAIL: md@tblaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 8, 2019, at Newport Beach, California.

| Stephen Richards | /s/ Stephen Richards |
|---|---|
| (Type or print name) | (Signature) |