Joshua A. Sliker (Nevada Bar No. 12493)
Joshua.Sliker@jacksonlewis.com
JACKSON LEWIS P.C.
3800 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 921-2460
Facsimile: (702) 921-2461

Sean P. Gates *(admitted pro hac vice)*
sgates@charislex.com
Douglas J. Beteta *(admitted pro hac vice)*
dbeteta@charislex.com
CHARIS LEX P.C.
301 N. Lake Ave., Suite 1100
Pasadena, CA 91101
Telephone: (626) 508-1717
Facsimile: (626) 508-1730

Attorneys for Plaintiff/Counter-Defendant
TESLA, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TESLA, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN TRIPP, an individual, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 3:18-cv-00296-LRH-CBC <br><br> **PLAINTIFF AND COUNTER-DEFENDANT TESLA INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTER-CLAIMANT MARTIN TRIPP'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY: Defendant/Counter-Claimant Martin Tripp

RESPONDING PARTY: Plaintiff/Counter-Defendant Tesla, Inc.

SET NO.: Three (Nos. 20-22)

Plaintiff and Counter-Defendant Tesla, Inc. ("Tesla"), by and through its undersigned counsel, hereby respectfully submits its responses and objections to Defendant and Counter-Claimant Martin Tripp's ("Tripp") Third Set of Requests for Production of Documents (the "Requests").

**PRELIMINARY STATEMENT**

1. Tesla's investigation of the facts and circumstances relating to this action is ongoing. These Responses and Objections ("Responses") are made without prejudice to, and are not a waiver of, Tesla's right to rely on other facts or documents at trial.

2. By making the accompanying Responses to Tripp's Requests, Tesla does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Tesla makes the Responses herein without in any way implying that it considers the Requests or Responses thereto to be relevant or material to the subject matter of this action.

3. Tesla will produce responsive documents only to the extent that such documents are in the possession, custody, or control of Tesla, as set forth in the Federal Rules of Civil Procedure. Tesla's possession, custody, or control does not include documents with third parties, including related corporate entities.

4. Tesla expressly reserves the right to supplement, clarify, revise, or correct any or all of the Responses herein, and to assert additional objections or privileges, in one or more subsequent supplemental Response(s).

5. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

**GENERAL OBJECTIONS**

1. Each of these General Objections and the foregoing Preliminary Statement is incorporated by reference in each of the specific Responses below as if fully set forth therein. For particular emphasis, one or more of these General Objections and one or more parts of the Preliminary Statement may be reiterated in a specific Response. The absence or inclusion or any

reiteration in a specific Response is neither intended as, nor shall be construed as, a limitation or waiver of any general objection or any other specific objection made herein. Tesla reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

2. Tesla objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the District of Nevada, applicable rules and orders of the Court, or any agreement between the parties.

3. Tesla objects to the Requests to the extent that they are not reasonably particular as required by Federal Rule of Civil Procedure 34(b)(1).

4. Tesla objects to each document Request that is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case when taking into account the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5. Tesla objects to each Request to the extent it seeks documents not in Tesla's custody, possession, or control. Any Response to make documents available does not constitute a representation that any such documents exist or are in the possession, custody, or control of Tesla.

6. Tesla objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Tripp from his own documents, the public domain, or sources other than Tesla. Responding to such Requests would be oppressive, unduly burdensome, and unnecessarily expensive, as such documents are equally accessible to Tripp and the burden of responding to such Requests is substantially the same or less for Tripp as for Tesla.

7. Tesla objects to the Requests to the extent they seek electronically stored information ("ESI") that is not reasonably accessible because of undue burden or cost.

8. By referring to the contents of any documents referred to in a Request, Tesla does not admit their authenticity, relevance, or admissibility at trial, and Tesla reserves the rights to object to the introduction of and/or other use of such documents at trial or any other proceeding.

9. Tesla objects to each definition, instruction, and Request, to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges, protections, or immunities available under the United States Constitution, the Constitution of the State of Nevada, any federal or state statute, or common law. Should any such disclosure by Tesla occur, it is inadvertent and shall not constitute a waiver of any privilege.

10. Tesla objects to each Request to the extent that it expressly or impliedly seeks information that is confidential, personal, or proprietary in nature, or that constitutes protected commercial, financial, and/or trade secret information of Tesla or third parties. Tesla will provide relevant and responsive commercial, financial, or trade secret information only pursuant to the parties' Protective Order under an appropriate designation.

11. Tesla objects to the Requests to the extent they assert legal arguments or characterizations, seek a legal conclusion, or assume the existence of facts that do not exist and the occurrence of events that did not take place. Any response of Tesla to an individual Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

12. Tesla objects to the definitions of "You," "Your," and "Possession, custody or control" as unduly burdensome, harassing, oppressive, overbroad, and not proportional to the needs of the case to the extent they purport to include entities other than Tesla. For purposes of its responses, Tesla will construe "You" and "Your" to mean only Tesla.

13. Tesla objects to the definition of "Communication(s)" as unduly burdensome, harassing, oppressive, overbroad, and not proportional to the needs of the case.

14. Subject to the Preliminary Statement, the General Objections, and the Objections to Definitions outlined above and the more specific objections set forth below, Tesla responds as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 20**:

All Documents and Communications transferred, delivered, sent, and/or presented to any law enforcement officer or agency Regarding Martin Tripp, including without limitation a PowerPoint presentation that was delivered at a July 2018 meeting between Tesla's counsel John Hueston and the FBI and/or the Nevada Attorney General.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

In addition to its General Objections, which are incorporated herein by reference, Tesla objects to this Request as unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of this case.  Tesla objects to this Request because it seeks documents protected from disclosure by the attorney work product doctrine.  Tesla further objects to the extent this Request seeks documents protected by any other applicable privileges, protections, or immunities.

**REQUEST FOR PRODUCTION NO. 21**:

All Documents and Communications, including reports, e-mails and text messages, obtained or generated in any investigation of Martin Tripp by Tesla, Inc, or Nisos Group, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

In addition to its General Objections, which are incorporated herein by reference, Tesla objects to this Request as unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of this case.  Tesla also objects to this Request to the extent that it seeks discovery of proprietary, confidential, and trade-secret matters not relevant to any claim or defense.  Tesla further objects to the extent that this Request seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges, protections, or immunities.

**REQUEST FOR PRODUCTION NO. 22**:

All Documents and Communication sent and received by You regarding Martin Tripp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

In addition to its General Objections, which are incorporated herein by reference, Tesla objects to this Request as overbroad and unduly burdensome in that it calls for "all" documents regarding Martin Tripp.  Tesla further objects to the extent that this Request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges, protections, or immunities.  Tesla further objects to this Request to the extent that it seeks discovery of proprietary, confidential, and trade-secret matters not relevant to any claim or defense.

Subject to and without waiving any of the foregoing objections, Tesla has already produced all non-privileged documents responsive to this Request that are in its possession, custody, or control and that were located through a reasonably diligent search.

Dated:  June 17, 2019                CHARIS LEX P.C.

By: _/s/ Sean P. Gates_
Sean P. Gates
Attorneys for Plaintiff and
Counter-Defendant Tesla, Inc.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 16 N. Marengo Ave., Suite 300, Pasadena, CA 91101.

On June 17, 2019, I served the foregoing document(s) described as:

**PLAINTIFF AND COUNTER-DEFENDANT TESLA INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTER-CLAIMANT MARTIN TRIPP'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

[X]   (BY E-MAIL) By transmitting a true copy of the foregoing document(s) by **Email or Electronic Transmission**:

Based on an agreement of the parties to accept service by email or electronic transmission. I caused the document(s) to be sent from email address dbeteta@charislex.com to the persons at the email addresses listed on the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful:

Robert D. Mitchell
William M. Fischbach III
Matthew D. Dayton
TIFFANY & BOSCO, P.A. 2525
E. Camelback Road
7th Floor, Camelback Esplanade II
Phoenix, AZ  85016-4229

TEL: 602-255-6000
FAX: 602-255-0103
E-MAIL: rdm@tblaw.com
E-MAIL: wmf@tblaw.com
E-MAIL: md@tblaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 17, 2019, at Pasadena, California.

Douglas J. Beteta
(Type or print name)                                              (Signature)