MCDONALD CARANO LLP
Rory T. Kay (NSBN 12416)
  rkay@mcdonaldcarano.com
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV  89102
Telephone:  (702) 873-4100
Facsimile:  (702) 873-9996

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael T. Lifrak (admitted pro hac vice)
  michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (admitted pro hac vice)
  jeaninezalduendo@quinnemanuel.com
Aubrey Jones (admitted pro hac vice)
  aubreyjones@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Attorneys for Plaintiff/Counter Defendant
TESLA, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TESLA, INC.,<br>　　　　　　Plaintiff,<br>　v.<br>MARTIN TRIPP,<br>　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:18-cv-00296-LRH-CBC<br><br>**TESLA, INC.'S MOTION TO FILE ITS MOTION FOR SUMMARY JUDGMENT AND SUPPORTING DECLARATIONS OF MICHAEL T. LIFRAK AND ELON R. MUSK IN REDACTED FORM AND UNDER SEAL**<br><br>**ORAL ARGUMENT REQUESTED PER LR 78-1** |

1  Plaintiff/Counterclaim Defendant, Tesla, Inc., moves this Court for an order permitting Tesla to redact certain portions of its Motion for Summary Judgment and the Declaration of Elon R. Musk ("Musk Declaration"), which refer to, describe, and quote documents and deposition testimony that have been designated confidential pursuant to the Protective Order Regarding the Disclosure and Use of Discovery Material, Dkt. 44 ("Protective Order") governing this case. Additionally, Tesla moves the Court for an order allowing certain exhibits to the Declaration of Michael T. Lifrak ("Lifrak Declaration") and Musk Declaration that are contained in the Appendix of Exhibits in support of Tesla's Motion for Summary Judgment (the "Appendix"), which have been designated confidential pursuant to the Protective Order, be filed under seal.

The Motion for Summary Judgment and Musk Declaration reference specific Tesla internal communications, interview transcripts, deposition transcripts, and communications with Defendant/Counterclaimant Martin Tripp that the parties have designated confidential pursuant to the Protective Order. The Appendix attaches these confidential documents as exhibits. Accordingly, through this motion, Tesla seeks to file redacted copies of the Motion for Summary Judgment and Musk Declaration and to file under steal certain exhibits in the Appendix that were previously designated confidential in order to maintain the confidentiality of this information. Tesla respectfully requests that the Court grant this motion to preserve the confidentiality of these discovery materials.

Respectfully submitted this 31st day of March, 2020.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Alex Spiro*
Alex Spiro
51 Madison Avenue, 22nd Floor
New York, New York 10010

Rory T. Kay (NSBN 12416)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102

*Attorneys for Plaintiff/Counter-Defendant TESLA, INC.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Tesla seeks permission to file redacted copies of the Motion for Summary Judgment and Musk Declaration and to file under seal certain exhibits to the Lifrak and Musk Declarations contained in the Appendix to preserve the confidentiality of sensitive discovery materials that the parties designated confidential pursuant to the Protective Order governing this case. The Motion for Summary Judgment, Musk Declaration, and certain exhibits include confidential information and materials from each party—including internal sensitive Tesla communications and materials relating to Tesla's business operations and personnel—which the parties have previously designated as confidential. This information is not publicly available. Accordingly, compelling reasons exist for permitting Tesla to redact the Motion and file under seal certain exhibits to protect the parties' confidential information.

### II. LEGAL DISCUSSION

Although the courts recognize a "strong presumption in favor of access" to judicial records, it is appropriate to seal dispositive filings in order to protect the parties' proprietary business operations and trade secrets. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Accordingly, a party may seal a dispositive motion, like here, "by meeting the 'compelling reasons' standard" by "articulating the compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178-79 (citation and internal punctuation omitted). Under the "compelling reasons" standard, the need to prevent a party's sensitive material from disclosure and improper use will, in general, "be sufficient to outweigh the public's interest in disclosure." *Id*; *see also In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1333 (D.C. Cir. 1985) ("courts have refused to permit their files to serve…as sources of business information that might harm a litigant's competitive standing"). Where the "public's right of access is rebutted," the Court has the authority to enter an order sealing or redacting those documents. *See id*. at 1178.

Here, there are compelling reasons to seal the information and materials at issue. The parties and the Court entered into the Protective Order to govern the production, disclosure, and designation of confidential materials in this case. (Dkt. 44). All of the information and material that Tesla seeks to seal has been designated confidential or highly confidential by the parties under the terms of the Protective Order. It is necessary to seal this information in order to prevent the improper use of Tesla's proprietary information and trade secrets, and Tripp's personal information.

The information and materials Tesla seeks to seal include proprietary and confidential information relating to Tesla's business operations and personnel decisions, including facts and information uncovered during a highly sensitive investigation into Tripp's unauthorized disclosure of Tesla's trade secrets and confidential business information. *See* Lifrak Declaration Exs. 1-2 (deposition testimony regarding Tripp's disclosure of confidential Tesla information, Tesla's investigation of Tripp, Tesla personnel issues, internal communications regarding Tesla corporate media strategy); Lifrak Declaration Ex. 6 (transcript of interview conducted by Tesla in connection with its investigation of Tripp); Lifrak Declaration Exs. 11-12, 17-20 (internal communications regarding Tesla personnel issues and discipline); Lifrak Declaration Ex. 21 (Tesla business information being forwarded by Tripp to himself); Lifrak Declaration Ex. 44 (internal communications regarding Tesla corporate media strategy); and Lifrak Declaration Ex. 50 (interrogatory response describing information discovered by Tesla in its investigation of Tripp). One exhibit, 49, contains the personal contact information of third parties, and should be sealed to protect their privacy. *See NML Capital Ltd. v. Republic of Argentina*, 2015 WL 727924, at *5 (D. Nev. Feb. 19, 2015) (sealing personal email address based on "privacy and security concerns"). Additionally, a number of the exhibits—which include, among other things, confidential Tesla business information—attached to the Lifrak and Musk Declarations have been designated confidential by Tripp. *See* Lifrak Declaration Exs. 13-16 and Musk Declaration Exs. D, E (Tripp's non-disclosure agreements with Tesla); and Lifrak Declaration Exs. 23, 25-28, 33

(communications between Tripp and Linette Lopez regarding internal Tesla data, data charts, and photos).

Because the exhibits at issue contain Tesla's confidential and proprietary business information and/or trade secrets, there is a serious risk that Tesla may suffer competitive harm should this information be publicly filed. Accordingly, there are compelling reasons to allow Tesla to file the Motion for Summary Judgment and related exhibits in redacted form or under seal pursuant to Local Rule IA 10-5 and FRCP 5.2. *See Kamakana* 447 at 1178.

### III.  CONCLUSION

For the aforementioned reasons, the Court should grant Tesla's motion and permit it to file the Motion for Summary Judgement, Musk Declaration, and certain exhibits to the Lifrak Declaration and Musk Declaration contained in the Appendix in redacted form or under seal. Tesla will publicly file redacted copies of the Motion for Summary Judgment and Musk Declaration, while simultaneously filing unredacted copies under seal.

Respectfully submitted this 31st day of March, 2020.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Alex Spiro*
Alex Spiro
51 Madison Avenue, 22nd Floor
New York, New York 10010

Rory T. Kay (NSBN 12416)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102

*Attorneys for Plaintiff/Counter-Defendant TESLA, INC.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on the March 31, 2020, a true and correct copy of the foregoing **TESLA, INC.'S MOTION TO FILE ITS MOTION FOR SUMMARY JUDGMENT AND SUPPORTING DECLARATIONS OF MICHAEL T. LIFRAK AND ELON R. MUSK IN REDACTED FORM AND UNDER SEAL** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to the following counsel of record registered to receive CM/ECF notification.

*/s/   CaraMia Gerard*
An employee of McDonald Carano LLP