# EXHIBIT G

**CONFIDENTIAL - David Arnold - 6/6/2019**

Page 1

```
                UNITED STATES DISTRICT COURT
                    DISTRICT OF NEVADA
_____
TESLA, INC., a Delaware      )
corporation,                 )
                             )
          Plaintiff,         )
                             )
v.                           )        Case No.
                             )   3:18-CV-00296-LRH-CBC
MARTIN TRIPP, an             )
individual,                  )
                             )
          Defendant.         )
_____  )
MARTIN TRIPP, an             )
individual,                  )
                             )
    Counterclaimant,         )
                             )
v.                           )
                             )
TESLA, INC., a Delaware      )
corporation,                 )
                             )
    Counterdefendant,        )
_____  )
```

CONFIDENTIAL

Videotaped Deposition of David Arnold

Palo Alto, California

Thursday, June 6, 2019

Michael P. Hensley, RDR, CSR No. 14114

**Depo Dynamics, LLC**
**(888) 494-3370**

f30c01d1-40f2-4cbc-949c-e1cebbe8b9ef

```
 1   defendant-counterclaimant Martin Tripp.
 2           THE VIDEOGRAPHER:  The reporter today is Michael
 3   Hensley with Depo Dynamics.
 4           Would the reporter please swear in the witness.
 5                       DAVID ARNOLD,
 6   having been first duly sworn, was examined and testified
 7   as follows:
 8                        EXAMINATION
 9   BY MR. MITCHELL:
10   Q.      Mr. Arnold, good morning.
11   A.      Good morning.
12   Q.      As I indicated, I'm Robert Mitchell, and I
13   represent Martin Tripp in the litigation that you've
14   been subpoenaed for here today.
15           Let me begin by asking you to state your full
16   legal name for the record.
17   A.      Sure.  David Wayne Arnold.
18   Q.      And what is your current address?
19   A.      2175 Market Street, Apartment 315,
20   San Francisco, California.
21   Q.      And by whom are you employed, sir?
22   A.      Tesla.
23   Q.      Okay.  And have you been -- when did you first
24   become employed with Tesla?
25   A.      January 2017.
```

```
 1    communications department with either Ms. Bell or with
 2    the local sheriff's department?
 3    A.      Am I aware of anybody in the communications team
 4    being in direct contact with Shamara Bell?
 5    Q.      Yes.
 6    A.      I believe Sarah was although I don't know when
 7    that was exactly.  It was at some point.
 8    Q.      Do you know if it was before or after the
 9    release to the press?
10    A.      I think it was after.
11            MR. MITCHELL:  Okay.  Mark that.
12            MS. LIBEU:  Thank you.
13            THE REPORTER:  This is Exhibit 4.
14            (Exhibit 4 was marked for identification.)
15    BY MR. MITCHELL:
16    Q.      Mr. Arnold, I've handed you what's been marked
17    as Exhibit 4, and this is an email from you dated
18    Thursday June 21, 2018, at 8:52 A.M. to Lora Kolodny at
19    NBC; is that correct?
20    A.      Yes.  CNBC.
21    Q.      CNBC?
22    A.      Mm-hmm.
23    Q.      And is she a reporter there?
24    A.      She is.
25    Q.      And you're providing her information including
```

1  the copy of the statement attributable to a Tesla
2  spokesperson; is that right?
3  A.     That's correct.
4  Q.     Did you, at some point, become aware that the
5  sheriff's department investigated the alleged phone call
6  and determined that there was no credible threat at
7  least as to Mr. Tripp?
8  A.     I did become aware of that.
9  Q.     When did you become aware of that?
10 A.     I believe that was the following day, which
11 would have been later on the 21st.
12 Q.     Okay.  Do you know what time on the 21st you
13 found that out?
14 A.     I don't recall.
15        THE REPORTER:  Remember to wait for the
16 question, please.
17        THE WITNESS:  Got it.
18 BY MR. MITCHELL:
19 Q.     How did you find out that the sheriff's
20 department had determined that Mr. Tripp was not a
21 credible threat.
22 A.     I can't recall exactly.  I -- we either found
23 out internally, or I think, perhaps, a reporter
24 contacted us and sort of made us aware of it.  I don't
25 recall exactly.

**CONFIDENTIAL - David Arnold - 6/6/2019**

Page 24

```
 1   Q.      Okay.  Did Tesla, in response to that
 2   information from the sheriff's department, modify or
 3   retract its statement that had been made over the last
 4   day according to a spokes -- Tesla spokesperson?
 5   A.      We did not.  We didn't think there was a reason
 6   to retract anything.
 7              MR. MITCHELL:  Let's mark this, please.
 8              THE REPORTER:  This will be exhibit 5.
 9              (Exhibit 5 was marked for identification.)
10              MR. MITCHELL:  Is there two copies there?
11              THE REPORTER:  No.
12              MR. MITCHELL:  I'm sorry, Allison, you may just
13   have to look over his shoulder if you don't mind that.
14              MS. LIBEU:  I'll do my best.
15              MR. MITCHELL:  This is one you saw last night.
16              MS. LIBEU:  I think this is 4.  Oh, sorry.  Do
17   you know what number this is?
18              MR. MITCHELL:  You know what, I'm just going to
19   give you my copy.
20              MS. LIBEU:  I may have it in my other stack
21   but --
22              MR. MITCHELL:  It's not a problem.
23              MS. LIBEU:  Okay.  Thank you, Robert.
24              MR. MITCHELL:  Okay.  Do you have the exhibit in
25   front of you?
```

```
 1          MR. MITCHELL:  That's agreed.  Thank you.
 2          THE VIDEOGRAPHER:  This concludes today's
 3   deposition of David Arnold.  We are going off the record
 4   at approximately 10:29 A.M.
 5          (Deposition concluded at 10:29 A.M.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```