MCDONALD CARANO LLP
Rory T. Kay (NSBN 12416)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9996

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael T. Lifrak (admitted pro hac vice)
  michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (admitted pro hac vice)
  jeaninezalduendo@quinnemanuel.com
Aubrey Jones (admitted pro hac vice)
  aubreyjones@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Attorneys for Plaintiff/Counter Defendant
TESLA, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TESLA, INC.,<br>                Plaintiff,<br>v.<br>MARTIN TRIPP,<br>                Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:18-cv-00296-LRH-CBC<br><br>**TESLA, INC.'S UNOPPOSED MOTION TO FILE ITS OPPOSITION TO MARTIN TRIPP'S MOTION FOR SUMMARY JUDGMENT, AND EXHIBITS TO SUPPORTING DECLARATION OF MICHAEL T. LIFRAK IN REDACTED FORM AND UNDER SEAL** |

1  Plaintiff/Counterclaim Defendant, Tesla, Inc., moves this Court for an order permitting Tesla to redact certain portions of its Opposition to Martin Tripp's Motion for Summary Judgment (the "Opposition"), which refer to, describe, and quote documents and deposition testimony that the parties have designated confidential pursuant to the Protective Order Regarding the Disclosure and Use of Discovery Material, ECF No. 44 ("Protective Order") governing this case. Additionally, Tesla moves the Court for an order allowing certain exhibits to the Declaration of Michael T. Lifrak ("Lifrak Opp. Declaration") that are contained in the Appendix of Exhibits in support of Tesla's Opposition (the "Appendix"), which the parties have designated confidential pursuant to the Protective Order, be filed under seal or with certain redactions. The parties met and conferred regarding Tesla's proposed request to seal this information, and Defendant/Counterclaim Plaintiff Martin Tripp does not oppose this Motion.

The Opposition references specific Tesla internal communications, an interview transcript, deposition transcripts, communications with or by Defendant/Counterclaimant Martin Tripp, and third-party contact information that Tesla has designated confidential pursuant to the Protective Order. The Appendix attaches these confidential documents as exhibits. Accordingly, through this unopposed motion, Tesla seeks to file redacted copies of the Opposition and to file under seal or with redactions certain exhibits in the Appendix that the parties previously designated confidential in order to maintain the confidentiality of this information. Tesla respectfully

requests that the Court grant this motion to preserve the confidentiality of these discovery materials.

Respectfully submitted this 5th day of May, 2020.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Alex Spiro*
Alex Spiro
51 Madison Avenue, 22nd Floor
New York, New York 10010

Rory T. Kay (NSBN 12416)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102

*Attorneys for Plaintiff/Counter-Defendant TESLA, INC.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Tesla seeks permission to file redacted copies of its Opposition and to file under seal or with redactions certain exhibits to the Lifrak Opp. Declaration contained in the Appendix to preserve the confidentiality of sensitive discovery materials that the parties designated confidential pursuant to the Protective Order governing this case. The Opposition and certain exhibits include confidential information and materials from each party—including internal sensitive Tesla communications and materials relating to Tesla's business operations and personnel—which the parties have previously designated as confidential. This information is not publicly available. Accordingly, compelling reasons exist for permitting Tesla to redact the Opposition and file under seal or with redactions certain exhibits to protect the parties' confidential information. Tripp does not oppose this motion.

### II. LEGAL DISCUSSION

Although courts recognize a "strong presumption in favor of access" to judicial records, it is appropriate to seal dispositive filings in order to protect the parties' proprietary business

1  operations and trade secrets. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79
2  (9th Cir. 2006). Accordingly, a party may seal a dispositive motion, like here, "by meeting the
3  'compelling reasons' standard" through "articulating the compelling reasons supported by specific
4  factual findings that outweigh the general history of access and the public policies favoring
5  disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178-79
6  (citation and internal punctuation omitted). Under the "compelling reasons" standard, the need to
7  prevent a party's sensitive material from disclosure and improper use will, in general, "be
8  sufficient to outweigh the public's interest in disclosure." *Id*; *see also In re Reporters Comm. for
9  Freedom of the Press*, 773 F.2d 1325, 1333 (D.C. Cir. 1985) ("courts have refused to permit their
10 files to serve…as sources of business information that might harm a litigant's competitive
11 standing"). Where the "public's right of access is rebutted," the Court has the authority to enter
12 an order sealing or redacting those documents. *See id*. at 1178.

13 Here, there are compelling reasons to seal the information and materials at issue. The
14 parties and the Court entered into the Protective Order to govern the production, disclosure, and
15 designation of confidential materials. (*See* ECF No. 44.) All information Tesla seeks to seal has
16 been designated confidential or highly confidential by the parties under the terms of the Protective
17 Order. It is necessary to seal this information in order to prevent the improper use of Tesla's
18 proprietary information and trade secrets, and certain third parties' personal information.

19 The information and materials Tesla seeks to seal include proprietary and confidential
20 information relating to Tesla's business operations, technology, and internal computer systems,
21 including facts and information uncovered during a highly sensitive investigation into Tripp's
22 unauthorized disclosure of Tesla's trade secrets and confidential business information. *See* Lifrak
23 Opp. Declaration Ex. 57 (Tripp's deposition testimony regarding his disclosure of confidential
24 Tesla information, Tesla's investigation of Tripp, and Tesla's internal manufacturing operating
25 system and technology that Tripp breached); Lifrak Opp. Declaration Ex. 54 (transcript of
26 interview conducted by Tesla in connection with its investigation of Tripp); Lifrak Opp.
27 Declaration Exs. 52, 64 (deposition testimony regarding Tesla's manufacturing operating systems,
28

and confidential technology); Lifrak Opp. Declaration Exs. 53, 60 (Tripp's instant messenger conversations with other employees regarding Tesla's internal manufacturing operating system, technology, user access levels); Lifrak Opp. Declaration Exs. 55, 56 (internal emails regarding access to Tesla's manufacturing operating system and Tripp's violation of the terms thereof); Lifrak Opp. Declaration Exs. 63, 65 (Tripp's August 2018 and February 2020 tweets which briefly revealed Tesla confidential information before being taken down)[1]; and Lifrak Opp. Declaration Ex. 62 (interrogatory response describing information discovered by Tesla in its investigation of Tripp). Several exhibits contain the personal contact information of third parties and should be redacted to protect their privacy. *See* Lifrak Opp. Declaration Ex 67-69; *see also NML Capital Ltd. v. Republic of Argentina*, 2015 WL 727924, at *5 (D. Nev. Feb. 19, 2015) (sealing personal email address based on "privacy and security concerns").

Because the exhibits at issue contain Tesla's confidential and proprietary business information and/or trade secrets, there is a serious risk that Tesla may suffer competitive harm should this information be publicly filed. Accordingly, there are compelling reasons to allow Tesla to file the Opposition and related exhibits in redacted form or under seal pursuant to Local Rule IA 10-5 and FRCP 5.2. *See Kamakana* 447 at 1178.

### III.   CONCLUSION

For the aforementioned reasons, the Court should grant Tesla's unopposed motion and permit it to file the Opposition to Martin Tripp's Motion for Summary Judgment, and certain exhibits to the Lifrak Opp. Declaration contained in the Appendix in redacted form or under seal.

---

[1] Courts have allowed parties to redact or seal information which should properly be kept confidential, even if such information was briefly made publicly available. *See, e.g.*, *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2018 WL 9651897, at *4 (N.D. Cal. Jan. 3, 2018) (granting plaintiff's motion to remove an incorrectly filed document containing unredacted confidential information where the "information was not publicly available for long"); *Brazil v. Dole Packaged Foods, LLC*, 2014 WL 12774704, at *2 n.3 (N.D. Cal. Nov. 6, 2014 (allowing plaintiff to remove document from docket and redact a footnote). Although Tripp briefly (and improperly) revealed Tesla's confidential information on Twitter, that information was taken down and is no longer publicly available. The information was not publicly available for long. This information should be kept confidential, and this Court should permit Tesla to redact confidential information contained in these tweets.

Tesla will publicly file redacted copies of the Opposition and Exhibits, while simultaneously filing unredacted copies under seal.

Respectfully submitted this 5th day of May, 2020.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Alex Spiro*
Alex Spiro
51 Madison Avenue, 22nd Floor
New York, New York 10010

Rory T. Kay (NSBN 12416)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102

*Attorneys for Plaintiff/Counter-Defendant TESLA, INC.*
