# Exhibit 70
# Martin Tripp Deposition
# Excerpts

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

**REPORTER'S CERTIFIED TRANSCRIPT**

TESLA, INC., a Delaware )
corporation,            )
                        )  Case No.:
       Plaintiff,       )
                        )  3:18-cv-00296 LRH-CBC
            v.          )
                        )
MARTIN TRIPP,           )
                        )
       Defendant,       )
_____)
                        )
AND RELATED COUNTER-CLAIMS.)
_____)

**CONFIDENTIAL**

CONFIDENTIAL

VIDEOTAPE DEPOSITION OF MARTIN TRIPP

PHOENIX, ARIZONA
WEDNESDAY, SEPTEMBER 4, 2019
9:01 A.M.

DAVID M. LEE, RMR, CCR
Certified Reporter
Certificate Number 50391
File No.: 19-29468



CHASE LITIGATION SERVICES

```
09:48   1      Q.  Which year?
09:48   2      A.  2015.
09:48   3      Q.  So you were married in 2015.
09:48   4      A.  Yes, so four years.
09:48   5      Q.  When you were sharing information with
09:48   6   Linette Lopez, information that you had obtained
09:48   7   from Tesla, did -- did your wife know about that?
09:48   8      A.  She did not.
09:48   9      Q.  Did you tell her that "I might lose my
09:49  10   job"?
09:49  11          MR. FISCHBACH:  I'm going to object on the
09:49  12   basis of marital privilege and instruct the witness
09:49  13   not to answer.
09:49  14          MR. GATES:  And we're going to play this
09:49  15   little game probably throughout, which is he
09:49  16   instructs you not to answer.  I ask you "Are you
09:49  17   going to follow your attorney's instruction?"  So
09:49  18   you have to decide whether or not to follow his
09:49  19   instruction.
09:49  20      Q.  So I'm going to ask you are you going to
09:49  21   follow your attorney's instruction?
09:49  22      A.  Yes, I am.
09:49  23      Q.  When you were sharing information with
09:49  24   Linette Lopez, information that you had taken from
09:49  25   Tesla, how did you think it was all going to end?
```

| | | |
|---|---|---|
| 09:49 | 1 | What did you think was going to be accomplished? |
| 09:49 | 2 | A.  I was hoping that it would cause Tesla to |
| 09:49 | 3 | change it's ways and improve things.  That's what I |
| 09:50 | 4 | was hoping for. |
| 09:50 | 5 | Q.  Did you think that even if Tesla changed its |
| 09:50 | 6 | ways, it might have been upset that somebody had |
| 09:50 | 7 | taken its information and shared it with a reporter? |
| 09:50 | 8 | MR. FISCHBACH:  Objection; foundation. |
| 09:50 | 9 | Answer if you can. |
| 09:50 | 10 | THE WITNESS:  That was a possibility, but |
| 09:50 | 11 | based on the issues that I saw, I was more concerned |
| 09:50 | 12 | to get the information out than the repercussions |
| 09:50 | 13 | from that. |
| 09:50 | 14 | Q.  BY MR. GATES:  Did you think in the end you |
| 09:50 | 15 | were going to be seen as a hero? |
| 09:50 | 16 | A.  I did not think of it that way at all. |
| 09:50 | 17 | Q.  You didn't. |
| 09:50 | 18 | What did you think was going to happen |
| 09:50 | 19 | with your job? |
| 09:50 | 20 | A.  I didn't think that far ahead; I was not |
| 09:50 | 21 | worried.  I was more concerned about public safety. |
| 09:51 | 22 | Q.  Do you think you should be viewed as a hero |
| 09:51 | 23 | for disclosing Tesla's confidential information to |
| 09:51 | 24 | a reporter? |
| 09:51 | 25 | A.  No. |

| | | |
|---|---|---|
| 11:09 | 1 | MR. FISCHBACH:  Object to the form of the |
| 11:09 | 2 | question. |
| 11:09 | 3 | Answer if you can. |
| 11:09 | 4 | THE WITNESS:  From my experience at |
| 11:09 | 5 | previous employers. |
| 11:09 | 6 | Q.  BY MR. GATES:  Okay. |
| 11:09 | 7 | And those are the previous employers |
| 11:09 | 8 | that would say that you were an excellent employee. |
| 11:09 | 9 | A.  Yes. |
| 11:09 | 10 | (Deposition Exhibit Number 19 was marked |
| 11:10 | 11 | for identification.) |
| 11:10 | 12 | Q.  BY MR. GATES:  All right.  Let me give you |
| 11:10 | 13 | what's been marked as Exhibit 19. |
| 11:10 | 14 | So this is an e-mail that you sent to |
| 11:10 | 15 | Linette Lopez on May 30th, 2018.  Is that right? |
| 11:10 | 16 | A.  That is correct. |
| 11:10 | 17 | Q.  And she is asking you to comment on certain |
| 11:10 | 18 | things from Tesla's quarterly report; right? |
| 11:10 | 19 | A.  It appears, yes. |
| 11:10 | 20 | ==Q.  So you had raised a couple of concerns with== |
| 11:10 | 21 | ==Ms. Lopez about scrap.  You said Model 3 production== |
| 11:10 | 22 | ==numbers, and safety concerns you said, because you== |
| 11:10 | 23 | ==wanted to see change at Tesla; right?== |
| 11:10 | 24 | ==A.  Yes.== |
| 11:10 | 25 | Q.  And now she's asking you to comment on all |

| | | |
|---|---|---|
| 11:11 | 1 | were -- no one was addressing. |
| 11:11 | 2 | Q.  So you were just going to keep going and |
| 11:12 | 3 | keep going, until every one of your issues was |
| 11:12 | 4 | addressed. |
| 11:12 | 5 | MR. FISCHBACH:  Object to the form of the |
| 11:12 | 6 | question. |
| 11:12 | 7 | Answer if you can. |
| 11:12 | 8 | THE WITNESS:  They weren't necessarily my |
| 11:12 | 9 | issues, they were everybody's issues. |
| 11:12 | 10 | Q.  BY MR. GATES:  Okay.  So every issue that |
| 11:12 | 11 | you saw that you thought was an issue or problem at |
| 11:12 | 12 | the Tesla Gigafactory, you were going to keep giving |
| 11:12 | 13 | Linette Lopez information about it until it was |
| 11:12 | 14 | resolved to your satisfaction. |
| 11:12 | 15 | MR. FISCHBACH:  Same objection. |
| 11:12 | 16 | Answer -- |
| 11:12 | 17 | Q.  BY MR. GATES:  Right? |
| 11:12 | 18 | MR. FISCHBACH:  Answer if you can. |
| 11:12 | 19 | THE WITNESS:  Yes. |
| 11:12 | 20 | (Deposition Exhibit Number 20 was marked |
| 11:12 | 21 | for identification.) |
| 11:12 | 22 | Q.  BY MR. GATES:  Okay.  Let me give you what |
| 11:12 | 23 | will be marked as Exhibit 20. |
| 11:13 | 24 | Okay.  Mr. Tripp, so Exhibit 20 is an |
| 11:13 | 25 | e-mail that you sent from -- from yourself to |

```
 1              I CERTIFY that the foregoing deposition
 2   was taken by me pursuant to Notice; that I was then
 3   and there a Certified Reporter for the State of
 4   Arizona, and by virtue thereof authorized to
 5   administer an oath; that the witness before
 6   testifying was duly sworn by me to testify to the
 7   truth; that the questions propounded by counsel and
 8   the answers of the witness thereto were taken down
 9   by me in shorthand and thereafter transcribed under
10   my direction, and that the foregoing typewritten
11   pages contain a full, true, and accurate transcript
12   of all proceedings had upon the taking of said
13   deposition, all done to the best of my skill and
14   ability; that deposition review and signature was
15   requested.
16              I FURTHER CERTIFY that I am in no way
17   related to nor employed by any of the parties
18   hereto, nor am I in any way interested in the
19   outcome hereof.
20              DATED at Phoenix, Arizona, this 16th
21   day of September, 2019.
22
23              _____
                David M. Lee, RMR, CRR
24              Arizona Certificate No. 50391
25
```