MCDONALD CARANO LLP
Rory T. Kay (NSBN 12416)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9996

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael T. Lifrak (admitted pro hac vice)
  michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (admitted pro hac vice)
  jeaninezalduendo@quinnemanuel.com
Aubrey Jones (admitted pro hac vice)
  aubreyjones@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Attorneys for Plaintiff/Counter Defendant
TESLA, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TESLA, INC.,<br>         Plaintiff,<br>v.<br>MARTIN TRIPP,<br>         Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:18-cv-00296-LRH-CBC<br><br>**TESLA, INC.'S UNOPPOSED MOTION TO FILE ITS REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, IN REDACTED FORM AND UNDER SEAL** |

Plaintiff/Counterclaim Defendant, Tesla, Inc., moves this Court for an order permitting Tesla to redact certain portions of its Reply in support of its Motion for Summary Judgment or in the alternative, Partial Summary Judgment (the "Reply"), which refer to and describe deposition testimony that has been designated confidential pursuant to the Protective Order Regarding the Disclosure and Use of Discovery Material, ECF No. 44 ("Protective Order") governing this case. The parties met and conferred regarding Tesla's proposed request to seal this information, and Defendant/Counterclaim Plaintiff Martin Tripp does not oppose this motion.

The Reply references information about Mr. Tripp that he has designated confidential pursuant to the Protective Order. Accordingly, through this unopposed motion, Tesla seeks to file a redacted copy of the Reply in order to maintain the confidentiality of this information. Tesla respectfully requests that the Court grant this motion to preserve the confidentiality of this information.

Respectfully submitted this 9th day of June, 2020.

> QUINN EMANUEL URQUHART & SULLIVAN, LLP
>
> By: /s/ *Alex Spiro*
> Alex Spiro
> 51 Madison Avenue, 22nd Floor
> New York, New York 10010
>
> Rory T. Kay (NSBN 12416)
> MCDONALD CARANO LLP
> 2300 West Sahara Avenue, Suite 1200
> Las Vegas, NV  89102
>
> *Attorneys for Plaintiff/Counter-Defendant TESLA, INC.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Tesla seeks permission to file a redacted copy of its Reply to preserve the confidentiality of personal information that Tripp designated confidential pursuant to the Protective Order governing this case.  The Reply references this confidential information.  Accordingly, compelling reasons exist for permitting Tesla to redact the Reply and file under seal this confidential information.  Tripp does not oppose this motion.

### LEGAL DISCUSSION

A party may seal a dispositive motion, like here, "by meeting the 'compelling reasons' standard" by "articulating the compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citation and internal punctuation omitted).  Under the "compelling reasons" standard, the need to prevent a party's sensitive material from disclosure and improper use will, in general, "be sufficient to outweigh the public's interest in disclosure." *Id*; *see also In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1333 (D.C. Cir. 1985) ("courts have refused to permit their files to serve…as sources of business information that might harm a litigant's competitive standing").  Where the "public's right of access is rebutted," the Court has the authority to enter an order sealing or redacting those documents. *See Kamanaka*, 447 F.3d at 1178.

Here, there are compelling reasons to seal the information and materials at issue.  The parties and the Court entered into the Protective Order to govern the production, disclosure, and designation of confidential materials in this case.  (*See* ECF No. 44.)  The information that Tesla seeks to seal has been designated confidential by Tripp under the terms of the Protective Order.  It is necessary to seal this information to protect Tripp's sensitive personal information. *See NML Capital Ltd. v. Republic of Argentina*, 2015 WL 727924, at *5 (D. Nev. Feb. 19, 2015) (sealing personal email address based on "privacy and security concerns"); *see also Testa v. Chautauqua*

*Cty.*, 2014 WL 1875363, at *1 (W.D.N.Y. May 9, 2014) (describing that court had entered a permanent sealing order as to "allegedly private information, including arrest records"). And "[r]edacting this information from the public record will not infringe the quality or integrity of the judicial process, which the public right of access protects, because the information is irrelevant to the merits of [Tesla's] action." *NLM Capital Ltd.*, 2015 WL 727924, at *5. Accordingly, there are compelling reasons to allow Tesla to file the Opposition and related exhibits in redacted form or under seal pursuant to Local Rule IA 10-5 and FRCP 5.2.

## CONCLUSION

For the aforementioned reasons, the Court should grant Tesla's unopposed motion and permit it to file the Reply in support of its Motion for Summary Judgment or in the alternative Partial Summary Judgment, in redacted form or under seal. Tesla will publicly file a redacted copy of the Reply, while simultaneously filing an unredacted copy under seal.

Respectfully submitted this 9th day of June, 2020.

> QUINN EMANUEL URQUHART & SULLIVAN, LLP
>
> By: /s/ *Alex Spiro*
> Alex Spiro
> 51 Madison Avenue, 22nd Floor
> New York, New York 10010
>
> Rory T. Kay (NSBN 12416)
> MCDONALD CARANO LLP
> 2300 West Sahara Avenue, Suite 1200
> Las Vegas, NV  89102
>
> *Attorneys for Plaintiff/Counter-Defendant TESLA, INC.*