Rory T. Kay (NSBN 12416)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV  89102
Telephone:  (702) 873-4100
Facsimile:  (702) 873-9996

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
   alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael T. Lifrak (admitted pro hac vice)
   michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (admitted pro hac vice)
   jeaninezalduendo@quinnemanuel.com
Aubrey Jones (admitted pro hac vice)
   aubreyjones@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Attorneys for Plaintiff/Counter Defendant
TESLA, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TESLA, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>MARTIN TRIPP,<br><br>            Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:18-cv-00296-LRH-CBC<br><br>**TESLA, INC.'S OPPOSITION TO TRIPP'S MOTION FOR LEAVE TO FILE A SURREPLY IN CONNECTION WITH TESLA, INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |

1   Tesla, Inc. ("Tesla") hereby opposes Defendant and Counterclaimant Martin Tripp's
2   Motion for Leave to File a Surreply in connection with Tesla's Motion for Summary Judgment,
3   or in the alternative, Partial Summary Judgment ("Motion for Surreply").
4   As an initial matter, Tripp's Motion for Surreply ignores Local Rule 7-2, which makes
5   clear that "motions for leave to file a surreply are discouraged." D. Nev. LR 7-2. Courts in the
6   District of Nevada "have held that the '[f]iling of surreplies is highly disfavored, as it typically
7   constitutes a party's improper attempt to have the last word on an issue ….'" *Stevens v. Prentice*,
8   2018 WL 3758577, at *1 (D. Nev. Aug. 8, 2018) (citation omitted). "Only the most exceptional
9   or extraordinary circumstances warrant permitting a surreply to be filed." *Id.*[1]
10  No such extraordinary circumstances exist here. As Tesla noted in its Reply, Tripp did not
11  dispute any of the material facts Tesla presented in its summary judgment motion. (ECF No. 177.)
12  Rather, he presented an "additional statement of facts" that are highly misleading, includes facts
13  taken out of context, and otherwise misportrays them. (*Id.* at 3.) Tesla responded to many of
14  these "facts" in its Reply. (ECF No. 193.) But doing so did not create a right for Tripp to file
15  another brief. *Stevens*, 2018 WL 3758577, at *1.
16  Although a court in its discretion may allow the non-moving party to respond to "new"
17  evidence submitted in a reply when the evidence should have been cited in the opening brief,
18  *Provenz v. Millller*, 102 F.3d 1478, 1483 (9th Cir. 1996), this rule does not apply where, as here,
19  the allegedly "new" evidence is presented in direct response to arguments made in an opposition
20  brief. *See Terrell v. Contra Costa Cnty.*, 232 Fed. Appx. 626, 629 n.2 (9th Cir. 2007) (information
21  in a reply brief is not "new" where the reply "addresse[s] the same set of facts supplied in [the]

---

[1] Tripp's procedure of attaching the proposed Surreply to his Motion for Leave to file the Surreply is suspect. Although the District of Nevada has not opined on this issue, the Court in *Miller v. Tiger Style Corp.*, found such procedure problematic, as it caused the Court to consider the merits of the brief not yet properly before it. 2018 WL 6566598, at *2 (W.D. Tenn. Oct. 15, 2018) ("Styling what is essentially a reply memorandum in fact as a 'proposed reply' on the docket is the functional filing equivalent of sending a wooden horse into the City of Troy. The Motion for Leave to Reply innocuously asks the Court for permission to gainsay Defendants' last filings, but the content of the 'proposed' reply then disingenuously springs forth in surprise attack during the motion's pendency, forcing Defendants—and attempting to force the Court—to expend valuable time and resources litigating and analyzing a narrow procedural issue while the substantive merits of this case remain unresolved.").

1  opposition to the motion but provides the full context to [the opposition's] selected recitation of
2  the facts"); *E.E.O.C. v. Creative Networks, LLC & Res-Care, Inc.*, 2008 WL 5225807, at *2 (D.
3  Ariz. Dec. 15, 2008) ("The Court has examined the challenged exhibits and concludes that they
4  do not constitute new evidence. Rather, they rebut arguments first raised by Plaintiff in its
5  opposition to Defendant's Motion for Summary Judgment."); *Edwards v. Toys "R" Us*, 527 F.
6  Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007). ("Evidence is not 'new,' however, if it is submitted
7  in direct response to proof adduced in opposition to a motion").

That is exactly the case here. The evidence cited by Tesla in its Reply was included in direct response to Tripp's misleading presentation of new facts and argument. The evidence refutes Tripp's "selected recitation of the facts" and provides further context. *Terrell*, 232 Fed. Appx. at 629, n. 2. The exhibits to Tesla's Reply each serve to respond, refute, or clarify an argument raised by Tripp in his Opposition, as shown below:

| **Statements in Tripp's Opposition:** | **Tesla's Direct Response in Reply:** |
|---|---|
| Tripp argued that he wanted and intended to remain anonymous despite leaking volumes of Tesla confidential information to members of the press. (ECF No. 177, at 2, 4, 14-15.) | Tesla cited to a June 15, 2018 email from Tripp to Lynette Lopez in which Tripp gave Lopez permission to use his name publicly, directly refuting Tripp's claim that he wished to remain anonymous. (ECF Nos. 193, at 4; 194-2.) <br><br> In the proposed surreply, Tripp argues that Tesla's investigation had identified Tripp as the leaker on June 14. But Tesla had not made Tripp's name public at that point. The undisputed facts continue to show that Tripp gave Lopez permission to make his name public on June 15, days before Tripp was named in this lawsuit. |
| Tripp cherry-picked and misconstrued witness testimony to argue that the call warning of a threat to the Gigafactory was a "hoax," that Tesla's response to the false threat was unjustified, and that Tesla did not verify the threat. (*See* ECF No. 177, at 7-9; 23-25.) | That was not at all true. Tesla cited additional deposition testimony of members of Tesla's communications team that makes clear that a threat was received, it was taken very seriously, and reports of the threat were published as they were received. (ECF Nos. 193, at 14, 18; 194-5, 194-6.) <br><br> Tesla cited other evidence that Tesla learned that Tripp did, in fact, own firearms, justifying Tesla's serious response to the threat. (ECF Nos. 193 at 15, 194-3.) |

| | |
|---|---|
| Tripp argued that he was "dragged" unwillingly into this controversy by Tesla's investigation to identify the leaker of its confidential information, and by the subsequent lawsuit. (ECF No. 177, at 14-17.)[2] | Tesla presented additional statements from Tripp indicating that he knew that Tesla would investigate the leak, which led to uncovering his identity. (ECF Nos. 193, at 4; 194-1; 194-4.) |
| Tripp cited an excerpt from Elon Musk's deposition testimony providing background information (in response to a confusing question) to argue that "Musk intended to convey a factual message" with his July 5, 2018 tweet. (ECF No. 177, at 10, 29-30.) | Tesla merely added an additional excerpt from Musk's testimony a few minutes later where he stated that his tweet to Lopez was meant as nothing more than what it appears to be on its face—a question. (ECF Nos. 193, at 20; 194-7.) |
| Tripp argued that a Tesla employee knew Tripp's location at the time of the Gigafactory threat, undermining the seriousness of the threat. (ECF. No. 177, at 6-7, 25-26.) | Tesla presented additional testimony of the Tesla employee that clearly demonstrates that the employee did not in fact know Tripp's location while the Gigafactory threat was ongoing, and took the threat seriously. (ECF Nos. 193, at 17; 194-8.) |

Accordingly, the evidence Tesla presented in its Reply is not "new" and does not entitle Tripp to a surreply to respond to it. *See E.E.O.C.*, 2008 WL 5225807 at *2; *see also* D. Nev. LR 7-2; *Stevens*, 2018 WL 3758577, at *1.

Finally, none of the evidence cited by Tesla in its Reply creates a disputed issue of *material* fact fatal to the consideration of Tesla's motion for summary judgment. The undisputed facts set out in Tesla's motion (which Tripp admits are undisputed) stand on their own and are sufficient for the Court to grant summary judgment. The additional evidence presented in Tripp's Opposition (and to which Tesla responded) does not change the fact that the undisputed material facts mandate judgment in Tesla's favor.

---

[2] Tripp also argues in his Surreply that "Tesla fails to reconcile its argument here with the holding in *Wolston v. Reader's Digest Association, Inc.*" (ECF No. 197-1, at 3.) But an alleged misapplication of the law does not provide the basis for a surreply. *United State v. Ormat Indus., Ltd*, 2016 WL 1298119, at *6 (D. Nev. Apr. 1, 2016) ("[A]n alleged misapplication or mischaracterization of the law alone surely cannot be a sufficient basis for a surreply; otherwise, litigants would constantly seek to have the last word in brief filing by claiming the other side presented the law in an unfavorable manner."). And Tripp is wrong about the law. As Tesla has repeatedly pointed out, the relevant question is whether Tripp voluntarily inserted himself into a public debate, and he clearly did that. *See e.g., McDowell v. Palewonsky*, 769 F.2d 942, 949 (3d Cir. 1985) (public figure "even though an individual does not intend to attract attention" if he "undertakes a course of conduct that invites attention").

Tripp has no right to a surreply under these circumstances, and a surreply would serve no purpose to the resolution of Tesla's MSJ.

### CONCLUSION

Tesla respectfully requests that the Court deny Tripp's Motion for Leave to File a Surreply, and grant Tesla's Motion for Summary Judgment.

DATED June 19, 2020.

>                QUINN EMANUEL URQUHART &
>                SULLIVAN, LLP
>
>                By: /s/ Alex Spiro
>                   Alex Spiro
>                   51 Madison Avenue, 22nd Floor
>                   New York, New York 10010
>
>                   Rory T. Kay (NSBN 12416)
>                   MCDONALD CARANO LLP
>                   2300 West Sahara Avenue, Suite 1200
>                   Las Vegas, NV  89102
>
>                   *Attorneys for Plaintiff/Counter-Defendant TESLA, INC.*