Rory T. Kay (NSBN 12416)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9996

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael T. Lifrak (admitted pro hac vice)
  michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (admitted pro hac vice)
  jeaninezalduendo@quinnemanuel.com
Aubrey Jones (admitted pro hac vice)
  aubreyjones@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Attorneys for Plaintiff/Counter Defendant
TESLA, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TESLA, INC.,<br><br>            Plaintiff,<br>v.<br>MARTIN TRIPP,<br><br>            Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:18-cv-00296-LRH- CLB<br><br>**TESLA, INC.'S EMERGENCY MOTION FOR AN ORDER DIRECTING MARTIN TRIPP TO CEASE DISSEMINATION OF TESLA'S CONFIDENTIAL INFORMATION; AN ORDER TO SHOW CAUSE RE MONETARY SANCTIONS; AND RELATED RELIEF** |

Pursuant to Local Rules 7-4 and IA 11-8, and FRCP 37(b), Tesla, Inc., moves this Court on an emergency basis for the following relief: (1) an Order that Defendant Martin Tripp immediately cease the public dissemination of Tesla's confidential information; (2) an Order holding Mr. Tripp in civil contempt for violation of this Court's Protective Order; (3) an Order that Mr. Tripp cease harassing counsel for Tesla; and (4) an Order to Show Cause why the Court should not order (a) payment of Tesla's attorney's fees in bringing this Emergency Motion and responding to any submission by Mr. Tripp in connection with the order to show cause (which will exceed $25,000); and (b) other sanctions under 37(b)(2) for Mr. Tripp's willful defiance of the Protective Order, including issuance of sanctions related to the parties' pending summary judgment motions.

Tesla moves for this emergency relief under Local Rule 7-4 because, as discussed in its Memorandum of Points and Authorities, Mr. Tripp intentionally made publicly available (via Twitter, YouTube, and Google Drive) volumes of Tesla's confidential documents, deposition transcripts and filings in this case (despite them being protected by the Court's Protective Order), as well as descriptions of Tesla's Attorneys Eyes Only information, and continues to disseminate these materials after multiple requests to stop and remove them. Tesla has met and conferred with Tripp's counsel regarding this Motion, as required under Local Rule 7-4.

This Motion is made pursuant to this Notice of Motion and Motion, the Declaration of Jeanine Zalduendo, the [Proposed] Orders Granting Tesla's Emergency Motion, the files and

Page 1

records in this action, and any such additional argument or materials as may be submitted to the Court before the time of the decision in this matter.

DATED this 10th day of August, 2020.

> QUINN EMANUEL URQUHART & SULLIVAN, LLP
>
> By: /s/ *Alex Spiro*
> Alex Spiro
> 51 Madison Avenue, 22nd Floor
> New York, New York 10010
>
> Rory T. Kay (NSBN 12416)
> MCDONALD CARANO LLP
> 2300 West Sahara Avenue, Suite 1200
> Las Vegas, NV  89102
>
> *Attorneys for Plaintiff/Counter-Defendant TESLA, INC.*

## MEMORANDUM OF POINTS AND AUTHORITIES

Starting on Friday August 7, 2020, Defendant Martin Tripp began directly violating the Court's Protective Order (ECF No. 44) by publicly posting his case file containing nearly 6 GB of data, including thousands of documents and deposition transcripts that were designated "Confidential," and tweeting descriptions of information designated "Attorneys' Eyes Only." Even though he has now disabled public access to his case file, he continues to retweet other Twitter users who saved the materials and are posting it themselves. All the while, Tripp has sent harassing emails to Tesla's counsel, and posted rambling YouTube videos mocking his own lawyers and the judicial system. Tripp's unrelenting release of Tesla's protected information—that has continued through the time of filing this motion—reveals his desire to inflict maximum harm on Tesla and complete disregard for the Court' Order.

This is not the first time Tripp has ignored his legal obligations regarding Tesla's confidential information.  Tesla brought this case because Tripp stole Tesla's confidential information and disclosed it to a reporter, which led to the publishing of misleading and damaging information about the company.  After the case was filed, he twice tweeted confidential Tesla information to the public (including consumers' vehicle identification numbers).  Tripp does not

believe the rules apply to him. And the Protective Order has no meaning (and Tesla's confidentiality rights are non-existent) if Tripp is allowed to ignore it at will.

The Court should order Tripp to stop. It should also impose appropriate sanctions on him. Tripp has no excuse. He is fully aware of his confidentiality obligations and is openly flouting them. And he has a ready source to pay any monetary sanctions, as his bogus defamation counterclaim against Tesla is being funded by a hedge fund, Cable Car Capital LLC, which is also a short seller of Tesla stock (a fact that was revealed for the first time in Tripp's August 7 data dump, despite Tripp representing under oath in discovery that he had no funding or connection to Tesla short sellers).

Accordingly, Tesla seeks an order that Tripp immediately cease the public dissemination of Tesla's confidential information; that Tripp is held in civil contempt for violation of the Protective Order; that Tripp be ordered to cease contacting Tesla's counsel; and that Tripp be ordered to show cause why he should not be sanctioned, including the payment of Tesla's attorney's fees in bringing this Emergency Motion and responding to the order to show cause.

## I. FACTUAL BACKGROUND

On August 7, 2020, Defendant Martin Tripp took to Twitter to publicly release Tesla's confidential information. Specifically, Tripp made available on Twitter a link to a public Google Drive folder that housed voluminous materials related to this litigation. (Declaration of Jeanine Zalduendo ("Zalduendo Decl.") at ¶ 3.) On the same day, Tripp also posted numerous videos on YouTube discussing the case and Tesla confidential information. (*Id*.) Among the materials made publicly available are volumes of the documents produced by Tesla in the case, most of which are designated "Confidential," transcripts and videos for depositions in this case, many also designated "Confidential," and Tesla's confidential mediation documents. (*Id.* at ¶ 4, Ex. 1.) Specifically, Tripp released:

- Tesla produced documents, designated Confidential;
- deposition transcripts, designated Confidential;
- deposition exhibits, designated Confidential;
- deposition videos, designated Confidential;
- Tesla mediation files, designated Confidential; and

- Motions filed under seal with the Court because they contain Confidential information.

Tripp's release of this information is in violation of the Protective Order entered by the Court on October 11, 2018. (ECF No. 44.) The Protective Order specifically prohibits the use of protected materials, "directly or indirectly for any purpose whatsoever," and requires that "Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order." (*Id.* at ¶¶ 1(a), 6(a).) The Protective Order also requires that the "Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order." (*Id.* at ¶ 6(b).) Tripp's release of Tesla's confidential information on Twitter, making the case file available on Google Drive, and discussing confidential case information on YouTube violates each of these provisions of the Protective Order.

Even more egregious is Tripp's release and discussion of information deemed "Confidential – Attorneys' Eyes Only" under the Protective Order. The Protective Order contains very specific restrictions on the dissemination of such material: "To ensure compliance with United States Export Compliance Administration, Protected Material designated "Confidential – Attorneys' Eyes Only" may not be exported outside of the United States or released to any foreign national (even if within the United States)." (*Id.*) Tripp's discussion of Tesla's "Confidential – Attorneys' Eyes Only" on Twitter to countless individuals around the world flies in the face of this obligation. And Tripp acknowledges as much. (*See, e.g.,* Zalduendo Decl, Ex. 12, August 10, 2020 tweet: "A typical 'Attorneys Eyes Only' doc. One that I was able to see and memorialize, but unable to have a copy. [description of document]".)

Upon learning of Tripp's release of confidential information, Tesla counsel immediately communicated with Tripp's counsel requesting that the information be removed. (Zalduendo Decl. at ¶ 5, Ex. 2.) After Tripp's counsel purportedly informed him of his obligations under the Protective Order in this case, rather than removing the confidential information, Tripp instead posted to Twitter Tesla counsel's email requesting the removal of the information, stating that he would not comply. (*Id.* at ¶¶ 6, 7; Exs. 3, 4.) Shortly after posting the email, Tesla counsel began

receiving harassing phone calls. (*Id.* at ¶ 9, Ex. 6.) Tripp then sent Tesla counsel a harassing email, appearing to condition his removal of Tesla confidential information. (*Id.* at ¶ 8, Ex. 5 ("Tell elon to fix his shit, issue apologies to not only myself, but the countless others he and 'his' company have destroyed, and maybe I will think about it.").)

Despite a further request from Tesla's counsel that the confidential information be removed, it remained available via Tripp's Twitter account until the afternoon of August 8, 2020. (*Id.* at ¶¶ 10, 11, Ex. 7). Tripp finally took down the link to his case file on Google Drive, but it was too late, and he continues to disseminate the same material. The information that Tripp made publicly available on August 7 and 8, 2020, has been saved by countless other individuals, posted on Twitter by them, and Tripp continues to retweet such posts. (*Id.* at ¶¶ 12, 13, Ex. 8 (a twitter user noting, "Hey $TSLAQ, here is a link to the Martin Tripp lawsuit materials. I understand the original was deleted? I'm not sure if this is everything. It is 2.15 GB.").)

This is the *third* time Tripp has tweeted Tesla's confidential information since the case was filed. (ECF No. 180-12; ECF No. 181-2.) For example, in August 2018, he tweeted vehicle identification numbers ("VIN") of certain Model 3s (that he had stolen from Tesla), falsely claiming they had problems. (*Id.*).

## II.     ARGUMENT

Tesla seeks four forms of relief by this emergency motion: (1) an Order that Tripp immediately cease the public dissemination of Tesla's confidential information; (2) an Order holding Tripp in civil contempt for violation of this Court's Protective Order; (3) an Order that Tripp cease contacting Tesla's counsel; and (4) an Order to Show Cause why the Court should not order (a) payment of Tesla's attorneys' fees in bringing this Emergency Motion and (b) other sanctions under 37(b)(2) for Mr. Tripp's willful defiance of the Protective Order.

Courts have inherent power to enforce their orders, such as the Protective Order at issue here, through civil contempt and/or the imposition of sanctions, as well as fashion any other orders deemed just. *See Spallone v. United States*, 493 U.S. 265, 276 (1990) ("courts have inherent power to enforce compliance with their lawful orders through civil contempt.")( citation omitted); *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (A district court has wide latitude

in determining whether there has been a contemptuous defiance of one of its orders); *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207 (1958) (Rule 37 authorizes a court to make any order which is "just"); Fed.R.Civ.P. 37(b)(2)(A)(vii) ("treating as contempt of court the failure to obey any [discovery] order"); and L.R. IA 11-8(e) ("The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who fails to comply with any order of this court.").

### 1. Order to Cease Dissemination of Tesla's Confidential Information

Although Tripp has now disabled access to his Google Drive containing Tesla's confidential information and removed some of his own tweets that reference Tesla's confidential information, he nonetheless continues to retweet Tesla confidential information posted by others (obtained from Tripp's Google Drive). (Zalduendo Decl,¶¶ 12, 13, Ex. 8.) Tripp should not be allowed to end-run around the Protective Order.

In addition, Tripp stated in one of his YoutTube videos that if the links to the documents get taken down, he has "other avenues" to disseminate the material, including other people who will post it. (*Id.*at ¶ 13). Indeed, shortly before the filing of this Motion, at least two individuals have made Tripp's case file available via links posted on Twitter. (*Id.*, ¶¶ 12, 13, Ex. 8.) On the morning of August 10, 2020, Tripp also began posting descriptions of "Attorneys' Eyes Only" information he had viewed during the course of this litigation. (*Id.*, Ex. 12.) Tripp has made clear that he intends to continue the dissemination of Tesla's confidential material and to violate the Court's order. Accordingly, Tesla requests a specific Order directing Tripp to cease any and all public dissemination of Tesla's confidential information, in any form.

### 2. Order for Civil Contempt

Courts "have inherent power to enforce compliance with their lawful orders through civil contempt." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). Civil contempt requires clear and convincing evidence of a "party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. The contempt 'need not be willful,' and there is no good faith exception to the requirement of

obedience to a court order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

In order to determine whether a violation of the Protective Order has occurred, "[a] protective order should be read in a reasonable and common sense manner so that its prohibitions are connected to its purpose." *On Command Video Corp. v. LodgeNet Entm't Corp.*, 976 F. Supp. 917, 921 (N.D. Cal. 1997). Moreover, "[c]ourts are particularly unsympathetic to purported excuses for less-than-substantial compliance when the contemnor participated in drafting the order against which compliance is measured, because a party who participates in drafting the order should do so with an understanding of what it can reasonably accomplish." *Clarke v. First Transit, Inc.*, 2012 WL 12877865, at *12 (C.D. Cal. Nov. 2, 2012).

Here, Tripp's counsel participated in drafting the operative protective order and stipulated to it. (*See* ECF. No. 43.) The evidence of Tripp's violation of the Protective Order is beyond debate. His words and actions in a public forum demonstrate that he intentionally violated the most fundamental requirement of the Protective Order—*i.e.,* protecting confidential information. (*See infra* II.3) And he has continued to defy the Protective Order after being asked to stop and reminded of his obligations there under. (Zalduendo Decl., Exs. 4, 10, commenting, "No Jeanine I don't think I will . . ." in response to Tesla counsel's request that Tripp stop the release of confidential information; and "tesla's attorneys have reached out to my old attorneys for me to immediately remove all docs. I WILL NOT STOP UNTIL EVERYTHING IS RELEASED and the world knows about it!").

Tripp's violation of the Protective Order is uniquely pernicious, as it has placed Tesla's confidential and attorneys' eyes only information in the public domain in a way that Tesla cannot now undo. It is unknown how many people viewed and/or saved this information when it was available on Tripp's public Google Drive folder, but at least two now claim to have the entire file. (*Id.*, ¶¶ 12, 13, Ex. 8.) Indeed, over the course of just the last three days of Tripp's Twitter activity, his followers increased from three to over a thousand, greatly expanding the spread of this information. (*Id.* at ¶ 14, Ex. 9). These individuals will be able to continue to disseminate Tesla's confidential information even if Tripp is stopped. (*Id.*, ¶¶ 12, 13, Ex.8.) Tripp has exposed Tesla

to an incalculable and continuing harm, and must be held accountable therefor in contempt of the Protective Order.

### 3. Order to Show Cause Why Tripp Should not be Sanctioned, Including by Paying Tesla's Attorneys' Fees for Filing this Motion

In addition to contempt sanctions described above, "Rule 37[(b)(2)] of the Federal Rules of Civil Procedure grants courts the authority to impose sanctions where a party has violated a discovery order, including a protective order issued pursuant to Rule 26(f)." *Life Techs. Corp. v. Biosearch Techs., Inc.*, 2012 WL 1600393, at *8 (N.D. Cal. May 7, 2012)("Sanctions are permissible under Rule 37 when a party fails to comply with a court order, regardless of the reasons."); *see also United States v. Nat'l Med. Enterprises, Inc.*, 792 F.2d 906, 910 (9th Cir. 1986)(affirming Rule 37 sanctions for violation of protective orders). Rule 37(b) sanctions include, among other relief, striking pleadings, dismissing the action in whole or in part, or rendering a default judgment. *See* Fed.R.Civ.P. 37(b)(2)(A). The applicable burden of proof for Rule 37 sanctions is "preponderance of the evidence." *See Ramos v. Swatzell*, 2017 WL 2857523, at *14 (C.D. Cal. June 5, 2017); *Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, 2016 WL 6609208, at *26 (C.D. Cal. July 12, 2016). Negligence or inadvertence is ***not*** a defense: "[s]anctions are permissible under Rule 37 when a party fails to comply with a court order, regardless of the reasons." *Life Techs.*, 2012 WL 1600393 at *8.

A district court also has the inherent power to sanction for a "willful" violation of a court order. *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). A "'willful' violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Id*.

There can be no debate that Tripp's actions were willful. His tweets say as much, and indeed he may have done so to obtain monetary donations. For example, Tripp stated in his tweets:

- "Part 1 - Introduction to my story of tesla and musk. Shedding the light on the TRUTH of what they have done to myself, Family, their Employees, and the entire world. For the first gift to you, I give you the MUSK DEPOSITION [link omitted]

Page 8

- you would be so kind as to provide a small donation, I will need it now, more than ever. Thanks! [link omitted]."[1]
- "Video 4 is up and live, as well as gDrive has all Discovery, Complaint, Whistleblower (Meissner docs, including Termination Letter to him), and currently adding Depositions one by one."
- "Discovery has an Index to make it easy to search for anything in particular."
- "I'm doing my best to get this stuff out before I'm silenced."
- "tesla's attorneys have reached out to my old attorneys for me to immediately remove all docs.  I WILL NOT STOP UNTIL EVERYTHING IS RELEASED and the world knows about it!"
- FYI, I'm just going down the Discovery folder from 1 - 15,000+  If you think it is out of hand, please tell me to stfu (or mute me).  Otherwise I am going to just keep on chugging away a few every day.  There's a LOT to say.  And, I was HEAVILY immersed in all of it! *My JOB*
- "A typical 'Attorneys Eyes Only' doc. One that I was able to see and memorialize, but unable to have a copy. [description of document]".)

(Zalduendo Decl. Exs. 10, 12.)

Tripp wanted to provide confidential and attorneys' eyes only information he obtained from Tesla through this litigation to the world, and that is exactly what he did.  What appeared to be Tripp's entire case file, and all of the sensitive discovery materials contained therein, was freely accessible for over 24 hours, and some of the information is already being tweeted by others and retweeted by Tripp.  (*Id.* at ¶¶ 11-13, Ex. 8.) Tripp has also continued to describe attorneys' eyes only information in his tweets as of this morning.  (*Id.* at Ex. 12.)

"Rule 37(b) sanctions may serve either remedial and compensatory purposes or punitive and deterrent purposes." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 783 (9th Cir. 1983).  The Court has broad discretion regarding the type and degree of discovery sanctions it may impose for the violation of a discovery Order.  *See Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976).  "Violations of protective orders issued to safeguard the confidentiality of trade secrets and other confidential information cannot and must not be tolerated. Not surprisingly, the sanctions that can be imposed for violating a protective order may

---

[1] At least one person confirmed to Tripp on Twitter that they had made a donation to Tripp's Go Fund Me campaign in response to this request. (Zalduendo Decl. at ¶ 16, Ex. 11.)

be severe." *Beam Sys., Inc. v. Checkpoint Sys., Inc.*, 1997 WL 364081, at *2 (C.D. Cal. Feb. 6, 1997). Parties that engage in the sort of misconduct Tripp has engaged in are routinely ordered to pay costs and fees in addition to other sanctions. *See, e.g. Clarke*, 2012 WL 12877865, at *13. Indeed, courts have dismissed cases for willful conduct analogous to Tripp's actions here, to ensure that other litigants do not "view the potential benefits of breaking a court order as outweighing the potential consequences." *See Baker v. Transunion L.L.C.,* 2008 WL 544826, at *4 (D. Ariz. Feb. 26, 2008), *aff'd sub nom. Baker v. Transunion LLC*, 316 F. App'x 594 (9th Cir. 2009) (dismissing case where plaintiff published defendant's confidential information to its website, noting that given the harm, "A monetary sanction for actual damages other than attorney's fees could not be measured with confidence. It seems unlikely that [plaintiff] would pay such an assessment."); *see also Blum v. Schlegel*, 1997 WL 138741, at *2 (2d Cir. 1997)(dismissing Plaintiff's complaint for willful violation of the protective order by disseminating protected material, concluding that "no monetary sanction could cause [plaintiff] to submit to the lawful mandates" of the court, and that "assessing a large fine against [plaintiff], who claimed that the case had bankrupted him, seemed a harsher penalty than ending the litigation.").

Tesla requests that the Court issue an order to show cause why Tripp should not have to pay Tesla's attorneys' fees associated with this emergency motion, as well as any other relief the Court deems "just," which may include, among other things, issue sanctions related to the parties' pending summary judgment motions. *See* Fed.R.Civ.P. 37(b); *Societe Internationale*, 357 U.S. 197, 207. Given the immeasurable harm that Tripp's intentional actions of spreading Tesla's confidential and attorneys' eyes only information on the internet has caused and will continue to cause Tesla, Tesla will seek dismissal of Tripp's Cross-Complaint if Tripp does not immediately heed this Court's Orders.

## **CONCLUSION**

Tesla respectfully requests that the Court enter (1) an Order that Defendant Martin Tripp immediately cease the public dissemination of Tesla's confidential information; (2) an Order holding Mr. Tripp in civil contempt for violation of this Court's Protective Order; (3) an Order that Mr. Tripp cease contact with Tesla's attorneys; and (4) an Order to Show Cause why the

Court should not order (a) payment of Tesla's attorney's fees in bringing this Emergency Motion and responding to any opposition Mr. Tripp's may raise (which will exceed $25,000); and (b) other sanctions under 37(b)(2) for Mr. Tripp's willful defiance of the Protective Order, including issue of sanctions related to the parties' pending summary judgment motions.

DATED this 10th day of August, 2020.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Alex Spiro*
Alex Spiro
51 Madison Avenue, 22nd Floor
New York, New York 10010

Rory T. Kay (NSBN 12416)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102

*Attorneys for Plaintiff/Counter-Defendant TESLA, INC.*