Rory T. Kay (NSBN 12416)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9996

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
   alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael T. Lifrak (admitted pro hac vice)
   michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (admitted pro hac vice)
   jeaninezalduendo@quinnemanuel.com
Aubrey Jones (admitted pro hac vice)
   aubreyjones@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Attorneys for Plaintiff/Counter Defendant
TESLA, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TESLA, INC.,<br><br>               Plaintiff,<br><br>v.<br><br>MARTIN TRIPP,<br><br>               Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:18-cv-00296-MMD-CLB<br><br>**TESLA, INC.'S RENEWED EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE REGARDING CIVIL CONTEMPT AND CASE-TERMINATING SANCTIONS UNDER F.R.C.P. 37(B)** |

Pursuant to Local Rules 7-4 and IA 11-8, and FRCP 37(b), Tesla, Inc., again moves this Court on an emergency basis for an Order advancing the hearing on the Order to Show Cause why the Court should not (a) hold Defendant Martin Tripp in civil contempt for violation of the Court's Protective Order and August 11, 2020 Order; and (b) issue sanctions pursuant to FRCP 37(b), including (1) dismissing Mr. Tripp's Counterclaim (ECF No. 25), (2) striking Mr. Tripp's Motion for Summary Judgment (ECF No. 154), (3) ordering payment of Tesla's attorney's fees in bringing these Emergency Motions (which will exceed $25,000), and (4) any other appropriate sanctions under 37(b) for Mr. Tripp's willful defiance of the Protective Order and August 11, 2020 Order.

Tesla moves for this emergency relief under Local Rule 7-4 because, as discussed in its Memorandum of Points and Authorities, after the Court's order on August 11, 2020, Mr. Tripp responded by reposting links to Tesla's confidential documents, deposition transcripts and filings in this case (despite them being protected by the Court's Protective Order)– all while making it clear that he was doing so purposely to defy the Court. Tesla has met and conferred with Tripp's counsel regarding this Motion, as required under Local Rule 7-4.

This Motion is made pursuant to this Notice of Motion and Motion, the Declaration of Jeanine Zalduendo, the files and records in this action, and any such additional argument or materials as may be submitted to the Court before the time of the decision in this matter.

DATED this 12th day of August, 2020.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: /s/ *Alex Spiro*
Alex Spiro
51 Madison Avenue, 22nd Floor
New York, New York 10010

Rory T. Kay (NSBN 12416)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102

*Attorneys for Plaintiff/Counter-Defendant TESLA, INC.*

Page 1

## MEMORANDUM OF POINTS AND AUTHORITIES

On the afternoon of August 11, 2020, this Court issued an Order (ECF No. 205) enforcing the Protective Order (ECF No. 44) and directing Defendant Martin Tripp to immediately cease the dissemination of Tesla's confidential and "Attorneys' Eyes Only" information, in all forms through any means.  Within hours thereof, Tripp returned to Twitter, in brazen defiance of the Court's Orders, to re-release his entire case file, including thousands of Tesla's confidential materials.  Tripp's words and actions speak for themselves.  He has no intention of heeding the Court's Orders, no respect for the Court, and no respect for the rule of law.  Specifically, Tripp has stated the following on Twitter in the last 24-hours:

- "In the spirit of F-YOUs to and the 'judge' I once again give to you the entire data dump. Have at it. It doesn't come down this time until they force it down: [link omitted]"
- "So, if you have kept up with this thread, here's what I have to say: judge baldwin, you can take your rule of law and shove it up your ass. Impose your sanctions on me, come after me, extradite me. Do whatever you think is necessary for you to do, to cave to a bully billionaire."
- "judge Baldwin, how do you feel about tesla lying to investors regarding public safety, investor money fraud, internal fraud, and smearing multiple people? I say to you: Go fuck yourself."
- "I was planning to write my response to the judge today, but ultimately there is NOTHING I can say or do that is going to justify TO THEM that producing all the evidence I've laid out before the public, is not breaking their little 'protective order'. So yes..."
- "So yes… I've broken their 'protective order', ignored tesla's 'nda'. But you know what? Other companies I have been at, I have signed NDAs with and have NEVER released any information about them, nor have I really even discussed, with the exception of job interviews, etc... So I'm not prone to just breaking agreements every day. Well, you can say that I broke my litigation financing agreement, as well as agreements I had with legal counsel. Well, that comes with the territory of needing to get VALID, TRUTHFUL information out to the masses…"
- "I do not respect the American judicial system, I do not respect it."
- "Now the judge, who replaced another (3rd time?), claims that if I break her 'rule' they may elect to strike my counter-claim? How unreal is this?! The due process here is totally broken. The rule of law is exactly that; to RULE.  With no regard for the actual victims..."

(Supplemental Declaration of Jeanine Zalduendo, ("Supp. Zalduendo Decl."), Exhibits 15-17.)

Presently located in Hungary, Tripp believes himself to be beyond the reach of the Courts of the United States. He has made clear that his harassment of Tesla will continue, apparently

notwithstanding any action by this Court. Given these extraordinary circumstances, Tesla respectfully requests that the Court advance the hearing on the Order to Show Cause from October 5, 2020, to Friday, August 14, 2020 or as soon thereafter as this Court's schedule permits. Indeed, Tripp admits that he has "nothing" to say in response. (*Id.* at Ex. 17.)

At such time, Tesla requests that Tripp be sanctioned for the violation of these Orders to the full extent permitted under F.R.C.P. 37(b), including by dismissing Tripp's Counterclaim with prejudice (ECF No. 25), striking Tripp's Motion for Summary Judgment (ECF No. 154), and awarding Tesla its attorneys' fees for bringing these Emergency Motions. Tripp should not be allowed to flout the Court's orders while seeking affirmative relief from it.

In addition, Tesla requests that Tripp be held in civil contempt for violation of the Protective Order and the Court's August 11, 2020 Order. *See* Fed.R.Civ.P. 37(b)(2)(A)(vii) ("treating as contempt of court the failure to obey any [discovery] order"); L.R. IA 11-8(e) ("The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who fails to comply with any order of this court."); *Spallone v. United States*, 493 U.S. 265, 276 (1990) ("courts have inherent power to enforce compliance with their lawful orders through civil contempt.") (citation omitted).

Finally, if Tripp continues to violate the Court's order, Tesla requests that the Court issue a warrant for Tripp's arrest. "A fine and imprisonment can be imposed for civil contempt by serving 'as coercive sanctions to compel the contemnor to do what the law made it his duty to do.'" *Mankel v. Government Employees Insurance Company*, 2017 WL 3234382 at *2 (D. Nev. 2017) (noting that "The court has broad contempt powers to punish by fine or imprisonment those who disobey or resist court orders, see 18 U.S.C. § 401, and the court has broad discretion in determining whether and to what extent it should exercise its contempt powers.") (citations omitted); *see also United States v. Dilullo,* 2008 WL 11453712, at *2 (D. Nev. June 25, 2008) (because defendant "established a pattern of failing to comply with this Court's orders" the Court believed it was "unlikely that monetary sanctions alone would coerce his compliance" and therefor threatened issuance of bench order if defendant didn't comply within time period.).

## CONCLUSION

Tesla respectfully requests that the Court enter an Order advancing the hearing on the Order to Show Cause why the Court should not (a) hold Defendant Martin Tripp in civil contempt for violation of the Court's Protective Order and August 11, 2020 Order; and (b) issue sanctions pursuant to FRCP 37(b), including (1) dismissing Mr. Tripp's Counterclaim (ECF No. 25) (2) striking Mr. Tripp's Motion for Summary Judgment (ECF No. 154); (3) ordering payment of Tesla's attorney's fees in bringing these Emergency Motions (which will exceed $25,000); and (4) any other appropriate sanctions under 37(b) for Mr. Tripp's willful defiance of the Protective Order and August 11, 2020 Order.

DATED this 12th day of August, 2020.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Alex Spiro*
   Alex Spiro
   51 Madison Avenue, 22nd Floor
   New York, New York 10010

   Rory T. Kay (NSBN 12416)
   MCDONALD CARANO LLP
   2300 West Sahara Avenue, Suite 1200
   Las Vegas, NV  89102

   *Attorneys for Plaintiff/Counter-Defendant TESLA, INC.*