UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| TESLA, INC., | ) | 3:19-CV-0296-MMD-CLB |
| | ) | |
| Plaintiff(s), | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | DATE: August 14, 2020 |
| | ) | |
| MARTIN TRIPP, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

PRESENT:   THE HONORABLE CARLA BALDWIN,          U.S. MAGISTRATE JUDGE

Deputy Clerk:      Lisa Mann          Court Reporter:      Liberty Recorder

Counsel for Plaintiff(s):    Alexander Spiro, Jeanine Zalduendo, and Michael Lifrak

Counsel for Defendant(s):   William Fischbach, Robert Mitchell, and Martin Tripp

PROCEEDINGS:  VIDEO STATUS CONFERENCE

7:02 a.m.  Court convenes.

The Court addresses the parties regarding the purpose of this hearing.

With respect to the pending motion to withdraw as counsel with consent (ECF No. 202), both Mr. Tripp and Mr. Spiro advise that they have no objection to the law firm of Tiffany & Bosco, P.A. withdrawing as counsel of record for Mr. Tripp.  Therefore, the Court finds that the motion to withdraw as counsel with consent (ECF No. 202) is GRANTED with the caveat that the "attorneys' eyes only" documents remain in their possession pending the resolution of the issues concerning the protective order in this case.

The Court notes that Mr. Tripp has violated the protective order (ECF No. 44) and the Court's most recent order (ECF No. 205) in this case.

The Court explains and clarifies the current status of this case for the benefit of Mr. Tripp.

The Court inquires and the parties advise that they are amenable to engaging in private settlement negotiations with the Court as a way wherein the issues currently before this Court can be resolved today including the possibility of scheduling a settlement conference in this case.

7:23 a.m.  Court recesses.

8:42 a.m.  Court reconvenes.

The Court advises that the parties have reached an agreement concerning the ongoing emergency motions that have been filed on behalf of the plaintiff related to the violations of the protective order in this case.

The Court recites the material agreements of the parties as follows:

1. Mr. Tripp agrees that he knowingly and willingly disclosed information regarding this case in violation of the Court's orders (ECF No. 44) and (ECF No. 205) and agrees to the following sanctions.

2. Mr. Tripp agrees to pay Tesla, Inc., the amount of twenty-five thousand ($25,000.00) dollars in attorneys fees within the next sixty (60) days.  If Mr. Tripp is unable to pay the agreed upon amount within sixty (60) days, Mr. Tripp shall contact Mr. Spiro to discuss how such fees will be paid.

3. Mr. Tripp agrees that he will not re-upload or re-post any of the prohibited

information by any means or mechanism through the internet, through emails, or any other communications, including the printing of such information for dissemination. In other words, Mr. Tripp agrees not to disclose any information subject to the protective order (ECF No. 44) in this case.

4. Mr. Tripp agrees that should he disclose any information subject to the protective order (ECF No. 44), and in violation of this agreement, that he will be subject to a five hundred ($500.00) dollar a day sanction to be made payable to Tesla, Inc.

5. Mr. Tripp agrees to take all necessary efforts to remove and take down any links, any postings, any other means or mechanisms wherein parties can access these documents, including whether the information is on any cloud based storage.

6. Mr. Tripp agrees to file, within the next seven (7) days, a notice of compliance with the Court advising of all steps taken to remove this information from any websites.

7. Mr. Tripp agrees that he will not make any reference or description to anyone in person, over the phone, in an email, or on any website about the "attorneys' eyes only" documents in violation of the protective order (ECF No. 44).

Therefore, plaintiff's emergency motion for order to show cause regarding civil contempt and case-terminating sanctions under F.R.C.P. 37(B) (ECF No. 207) is GRANTED based upon the terms as stated on the record.  The Court makes a finding that Mr. Tripp did knowingly and willingly violate the terms of the Court's protective order (ECF No. 44) and the Court's subsequent order (ECF No. 205) and that the

sanctions that are being imposed pursuant to this agreement are appropriate and sufficient under F.R.C.P. 37(B)(2) as well as the inherent power of the Court to enforce its own orders.

IT IS SO ORDERED.

8:50 a.m.  Court adjourns.

THEREAFTER, the "attorneys' eyes only" documents are ORDERED to be held and maintained by Mr. Tripp's former counsel until the Court rules on the motions for summary judgment.  Following any orders that are entered on summary judgment, the Court will address with the parties whether any of the "attorneys' eyes only" documents will be necessary to prove any claims or defenses that will proceed to trial, and is so, how those documents will be made accessible to Mr. Tripp, if he continues to represent himself.

DEBRA K. KEMPI, CLERK

By:_____/s/_____
    Lisa Mann, Deputy Clerk