Rory T. Kay (NSBN 12416)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9996

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael T. Lifrak (admitted pro hac vice)
  michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (admitted pro hac vice)
  jeaninezalduendo@quinnemanuel.com
Aubrey Jones (admitted pro hac vice)
  aubreyjones@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Attorneys for Plaintiff/Counter Defendant
TESLA, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TESLA, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>MARTIN TRIPP,<br><br>                    Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:18-cv-00296-MMD-CLB<br><br>**TESLA'S EMERGENCY MOTION FOR ORDER TO SHOW CAUSE AND HEARING**<br><br>[Declaration of Jeanine M. Zalduendo submitted herewith] |

Pursuant to Local Rules 7-4 and IA 11-8, and FRCP 37(b), Plaintiff Tesla, Inc. ("Tesla"), through its attorneys of record, hereby moves this Court on an emergency basis for an Order to Show Cause as set forth herein and to set a hearing regarding the recent actions of Defendant Martin Tripp ("Tripp").

**A.    Preliminary Statement**

1.    Since the Court granted Tesla's summary judgment motion on Tripp's counterclaims, (ECF Nos. 155, 162), Tripp has engaged in a series of escalating, illegal actions that unfortunately again require the Court's intervention. Specifically, Tripp has recently:

- sent emails to Elon Musk, Tesla's CEO, expressly threatening physical violence against him and stating that Mr. Musk's bodyguards will not stop him;
- harassed Quinn Emanuel associates by email, in direct violation of the Court's prior order to not contact them;
- confirmed that he will not pay the $25,000 in sanctions ordered by the Court (and previously agreed to by Tripp) (ECF No. 211);
- stated his intention to further disseminate Tesla's confidential and "attorneys' eyes only" information;
- attempted to extort Tesla by stating he will stop his dissemination of information about Tesla only if Tesla pays him hundreds of thousands of dollars (even though all of his counterclaims against Tesla have been dismissed).

2.    Tesla respectfully requests that the Court issue an Order to Show Cause as to why the Court should not (a) refer Tripp's violent threats and attempted extortion to the United States Attorney's Office; (b) hold Tripp in contempt of the Court's prior order; (c) allow Tesla to submit evidence to obtain full reimbursement for its attorney's fees in connection with Tripp's prior violations of the Court's protective order and this motion (well in excess of $25,000); (d) issue an order that protects Tesla's interest in funds Tripp raises through his "GoFundMe" page; and (e) allows Tesla discovery into Tripp's arrangement with his hedge fund litigation funder so that it can further protect its rights to receive payment from Tripp.

Page 1

**B.     Background**

3.     Defendant Martin Tripp is a tool of an anti-Tesla group that is motivated to cause harm to Tesla's stock price, calling themselves "$TSLAQ."  The members of the group include anti-Tesla social media trolls and wealthy short sellers of Tesla stock.  Tripp's case against Tesla has been funded by anonymous members of the $TSLAQ community through a crowdfunding campaign and directly by a hedge fund with short positions in Tesla stock.  By engaging in this practice, short sellers and others can secretly funnel money into improper efforts to harm Tesla.

4.     As the Court is well aware, Tripp went on a Twitter tirade in early August, releasing volumes of Tesla's confidential and attorneys-eyes-only documents, which he had obtained through discovery and that were subject to a protective order.  He also publicly attacked the Court and Tesla's counsel in emails and on Twitter.  (ECF Nos. 199 and 207).

5.     On August 14, 2020, the Court entered an Order (ECF No. 211) granting Tesla's order to show cause regarding civil contempt and case-terminating sanctions under Fed.R.Civ.P. 37(B) (ECF No. 207), for Tripp's violation of the terms of the Court's Protective Order (ECF No. 44) and the Court's subsequent Order (ECF No. 205).

6.     Under the terms of the Court's August 14, 2020 Order, Tripp agreed to pay Tesla the amount of twenty-five thousand ($25,000.00) dollars in attorneys' fees as sanctions within sixty days.  (ECF No. 211).  As described below, although Tripp represented to the Court that he would be funding the sanction payment to Tesla through his GoFundMe campaign proceeds (which has exceeded $30,000), he has told Tesla that he is using that money for living expenses and has offered to send Tesla a grand total of ten dollars.  The Order also again requires that Tripp comply with the protective order and that he be subject to a $500 per day sanction if he further violates it.  (*Id.*).

7.     On September 17, 2020, the Court granted Tesla's Motion for Summary Judgment on all of Tripp's Counterclaims, ending Tripp's case against Tesla. (ECF Nos. 155, 162).  Tesla's claims against Tripp for theft of trade secrets, computer crimes, breach of contract, and breach of fiduciary duty are moving forward.  (ECF No. 154).

### C. Recent Actions by Tripp

#### 1. Repudiation of His Obligation to Pay $25,000

8. Tripp's initial GoFundMe campaign has raised more than $31,000, and a second campaign has raised $980. (Zalduendo Decl., Ex. 2).

9. On September 12, 2020, prior to the Court's ruling on Tesla's Motion for Summary Judgment of Tripp's counterclaims, Tripp wrote to Tesla counsel, stating that he had $10 USD available to transfer, that he is using GoFundMe proceeds for his living expenses, and that he "will be unable to pay the balance ordered by the court." (Zalduendo Decl., Ex. 3).

10. On September 18, 2020, shortly after the Court's Summary Judgment Order was issued, Tripp again wrote to counsel for Tesla, stating, "An update on my finances: still no employment, and will remain that way, more than likely, for the foreseeable future." (Zalduendo Decl., Ex. 4).

11. As of October 6, 2020, Tripp launched a website to "expose" Tesla and Elon Musk, on which he requests donations be made as payments through the website for those efforts. Tripp appears to have switched to this method of donation in an apparent attempt to avoid "Tesla's incessant monitoring" of his GoFundMe, which he stated he would be closing as a result. (Zalduendo Decl., Ex. 5).

#### 2. Threats to Further Disseminate Tesla's Confidential Information.

12. On the evening of September 22, 2020, Tripp again wrote counsel for Tesla, this time threatening his participation in a speaking tour "throughout Europe in the coming months" and that the companies hosting his appearances have asked "what are the specifics of the $500 / day for discussing AEO documents? Is this a per occurrence (for every document [Tripp] describe[s])? Or is it per day, no matter what [Tripp] describe[s]/discuss[es]?" and "to who and where they would need to send a check." (Zalduendo Decl., Ex. 6).

13. In emails to Mr. Musk on October 3, 2020 (discussed in further detail below), Tripp wrote to "[g]et ready for a release of LOTS of information...news, video, audio, website(s), etc. Always wondered why such the concern with the AEO docs...now I realize after putting the info together concisely :-)." (Zalduendo Decl., Ex. 7).

Page 3

14. On September 26, 2020, Tripp tweeted that he had "16gb of FACTS" about Tesla and on September 29, 2020, he tweeted that a "tsla nda means nothing to me . . ." (Zalduendo Decl., Exs. 8 and 9).

15. Tripp's newly launched website has the express goal of "exposing the fraud that [Tripp] personally witnessed, and will go into great detail regarding everything that happened to [Tripp] while employed at Tesla's GF1 in Reno/Sparks, NV." (Zalduendo Decl., Ex. 5).

16. According to his posts on Twitter, Tripp is planning a two-hour livestream on November 17, 2020 to discuss his claims about Tesla. (Zalduendo Decl., Ex. 10).

### 3. Tripp's Attempted Extortion

17. On September 29, 2020, Tripp sent an email to counsel for Tesla demanding that, among other things, Tesla "[r]eimburse my attorneys fees, and all gofundme donations," "[p]ay me the wages as designated on my-counterclaim," which sought hundreds of thousands of dollars, and "drop their 100% retarded lawsuit against me" in exchange for Tripp "remov[ing] all social media accounts and not speak[ing] of tesla for the rest of my life. These are my terms." (Zalduendo Decl., Ex. 11). Of course, all of Tripp's counterclaims against Tesla have been dismissed, and Tripp has no conceivable claim against Tesla for payment of anything.

### 4. Tripp's Threat of Physical Violence

18. On October 3, 2020, Tripp sent an email to various email addresses associated with Mr. Musk. The subject line of Tripp's email was "FUCK YOU – From Marty Tripp" and stated:

> I just want to say: FUCK YOU, you low life piece of shit.
>
> Talk about someone STEALING...you STOLE Tesla from Martin Eberhard. I simply provided information to the media for your clear fucking lies. You RETALIATED because you knew it was all true and did not want that truth getting out to the public as such.
>
> Did you realize that one of your CUSTOMERS children had to have open heart surgery yesterday? All because your stupid ass solar company has a bunch of retarded idiots that can't do a proper job, and fail to acknowledge and fix their failures, all while you're busy being 'sustainable' and flying around the country! Yeah, you probably don't care about these things.
>
> Too bad your dad didn't spank you a little more often, you dirtbag piece of shit. I look forward to meeting him soon and shaking his hand. . . .

Page 4

> *Here is a threat for you: If I ever see you, there is not a bodyguard in the world that will keep me from teaching you a lesson on fucking with the wrong people. I'm done with your dumbass.*
>
> Get ready for a release of LOTS of information...news, video, audio, website(s), etc. Always wondered why such the concern with the AEO docs...now I realize after putting the info together concisely :-).
>
> So it goes...be well, my frenemy :-)

(Zalduendo Decl., Ex. 7) (emphasis added).

19. Although appearing to come from a new email address, the email from Tripp used the same email domain that Tripp regularly uses, as well as language used by Tripp in his prior emails to Tesla counsel and on Twitter (including repeated use of the word "dumbass," "so it goes," and "frenemy." (Zalduendo Decl., Exs 3, 4, 11, 12).

**D.  Relief Requested by Tesla**

20. Tesla requests that the Court issue an Order to Show Cause as to why it should not grant the following relief.

**1.  Referral to Federal Authorities**

21. Tripp has expressly threatened physical violence against Mr. Musk. (Zalduendo Decl., Ex. 7). This is a felony. 18 U.S.C. § 875 (c) (transmitting "any threat to injure the person of another" subject to imprisonment of up to five years).

22. Tripp's threats are particularly concerning given Tripp's history with firearms and violent behavior. (*See* Zalduendo Decl. Ex. 13 (description by Tripp's stepson of his violence and physical abuse); Ex. 14 (testimony from Tripp regarding his firearms at 47:16 - 52:25)).[1]

23. Tripp's recent demands for money from Tesla in exchange for him remaining quiet and not further releasing Tesla's protected information (Zalduendo Decl. Exs. 3 and 11) are textbook extortion. He has no remaining claims against Tesla in this case. He is demanding

---

[1] Tripp also has a bench warrant currently issued for his arrest in Michigan. (Zalduendo Decl. Ex. 15).

Page 5

"money or other thing of value" combined with a threat to "injure the . . . reputation of the addressee." 18 U.S.C. § 875 (d) (allowing up to two years imprisonment).

24. Tesla requests that the Court refer these actions to the United States Attorney's Office and/or other relevant federal authorities.

### 2. Holding Tripp in Contempt of Court.

25. At the hearing on August 14, 2020, the Court expressly instructed Tripp to cease communications with Quinn Emanuel associates and to communicate only with Mr. Spiro. (Zalduendo Decl., Ex. 16 at 23 (transcript)). Tripp has violated that order three times, emailing Quinn Emanuel associates and not including Mr. Spiro. (Zalduendo Decl. Exs. 4, 6, and 11). In those emails, Tripp has used inflammatory language, including calling the associates "fucking stupid," stating that "[f]or being college educated, you sure are dumb," and accusing the associates of illegal "hacking and monitoring." (*Id.*).

26. As described above, Tripp has made clear that he is not paying the sanctions imposed by the Court and that he intends to further violate it and the Protective Order by further releasing Tesla's confidential and "attorneys' eyes only" information. (Zalduendo Decl. Exs. 4, 6, and 11).

27. Tesla requests that Tripp be held in civil contempt for repeated, ongoing violations of the Court's orders. *See* FRCP 37(b)(2)(A)(vii) ("treating as contempt of court the failure to obey any [discovery] order"); L.R. IA 11-8(e) ("The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who fails to comply with any order of this court."); *Spallone v. United States*, 493 U.S. 265, 276 (1990) ("courts have inherent power to enforce compliance with their lawful orders through civil contempt.") (citation omitted).

28. Tesla further requests that the Court issue a warrant for Tripp's arrest due to his ongoing contempt of Court. "A fine and imprisonment can be imposed for civil contempt by serving 'as coercive sanctions to compel the contemnor to do what the law made it his duty to do.'" *Mankel v. Government Employees Insurance Company*, 2017 WL 3234382 at *2 (D. Nev. 2017) (noting that "[t]he court has broad contempt powers to punish by fine or imprisonment those

who disobey or resist court orders, see 18 U.S.C. § 401, and the court has broad discretion in determining whether and to what extent it should exercise its contempt powers.") (citations omitted); *see also United States v. Dilullo,* 2008 WL 11453712, at *2 (D. Nev. June 25, 2008) (because defendant "established a pattern of failing to comply with this Court's orders" the Court believed it was "unlikely that monetary sanctions alone would coerce his compliance" and therefor threatened issuance of bench order if defendant did not comply within time period).

### 3. Allowing Tesla to Recover Its Full Attorney's Fees.

29. Tripp agreed that he "knowingly and willingly disclosed information regarding this case in violation of the Court's orders . . ." (ECF No. 211, p. 2). The Court has found that Tripp "violated the protective order (ECF No. 44) and the Court's most recent order (ECF No. 205) in this case." (ECF No. 211, p. 2). Tripp is now violating the Court's August 14, 2020 order too.

30. The Court's August 14, 2020 Order was premised on Tripp paying Tesla $25,000 in sanctions within 60 days and not making further disclosures of Tesla's confidential information. (ECF No. 211).

31. As described above, Tripp has made clear that he has no intention to pay the sanctions imposed by the Court and that he intends to further disseminate Tesla's confidential and "attorney's eyes only" information. (Zalduendo Decl. Exs. 4, 6, and 11). Tesla therefore requests that the Court allow it to submit evidence of the full amount of attorney's fees it has incurred in connection with Tripp's repeated violation of the Court's orders so that it can recover that full amount.

### 4. Order Regarding Tripp's GoFundMe Proceeds.

32. On November 16, 2018, Tripp and The Funicular Fund, LP, an affiliate of hedge fund Cable Car Capital and short-seller of Tesla stock, entered into a Litigation Funding Agreement providing $150,000 to Mr. Tripp. (Zalduendo Decl., Ex. 17).

33. On December 31, 2019, the parties entered into an amended Litigation Funding Agreement, which provided Tripp with another $150,000. Among other things, it stated that amounts collected from Tripp's GoFundMe campaign would be placed in a Client Trust Account

1  and that the hedge fund would be entitled to anything left over in the Account after the case had
2  ended.  (Zalduendo Decl., Ex. 18).

3        34. As noted above, Tripp's initial GoFundMe campaign has raised more than $31,000.
4  A second campaign has raised $980.  (Zalduendo Decl., Ex. 2).

5        35. Given Tripp's failure to pay the outstanding sanctions and based upon Tripp's
6  repeated statements that he has no intent to do so, Tesla requests an order that Tripp (a) pay the
7  sanctions to Tesla from any remaining funds received from his litigation funders or submit a
8  declaration providing evidence as to why he cannot do so; (b) pay the sanctions to Tesla from the
9  proceeds of any GoFundMe campaigns, whether they be in the referenced Client Trust Account
10 or otherwise, or submit a declaration providing evidence as to why he cannot do so; (c) pay the
11 sanctions to Tesla from any future GoFundMe donations.[2]

### 5. Order Regarding Litigation Funding Discovery.

13       36. Under certain circumstances, courts can require litigation funders and other third-
14 parties to pay sanctions or outstanding fees. *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232
15 (9th Cir. 1994) (acknowledging that "even in the absence of statutory authority, a court may
16 impose attorney's fees against a non-party as an exercise of the court's inherent power to impose
17 sanctions to curb abusive litigation practices"); *Stan Lee Media, Inc. v. Walt Disney Co.*, No. 12-
18 cv-02663-WJM-KMT, 2015 WL 5210655, at *2 (D. Colo. Sept. 8, 2015) ("When a separate
19 person or entity funds litigation costs, a number of courts have found that the funding person or
20 entity who also controls what is later found to be vexatious litigation can be deemed a party for
21 purposes of paying costs and attorney's fees.").

22       37. Tesla therefore requests that the Court permit it to obtain discovery regarding
23 Tripp's litigation funding arrangements, including the deposition of Tripp and any litigation
24 funder and related productions of documents on this topic.  As several courts have held, this is a

---

[2] Tripp informed Tesla after the Court's August 14, 2020 Order that he is using these ongoing donations for personal expenses rather than to pay sanctions, despite (a) his representation at the August 14 hearing that he would use the funds to pay Tesla; and (b) that his current GoFundMe page represents to potential donors that it has been set up to pay the $25,000 in sanctions. (Zalduendo Decl. Exs. 2, 3, and 16).

proper first step in determining whether the funder should be required to pay the outstanding amounts. *Stan Lee Media*, 2015 WL 5210655, at *2; *Tradeline Enters. Pvt. Ltd. v. Jess Smith & Sons Cotton*, LLC, No. CV15-08048-JAK (RAOx), 2019 WL 6898959, at *5 (C.D. Cal. April 15, 2019) (granting discovery into whether litigation funder could be liable for judgment).

### E. Conclusion

38. Tesla respectfully requests that the Court issue an Order to Show Cause as to why it should not grant the relief sought herein.

DATED this 8th day of October, 2020.

> QUINN EMANUEL URQUHART & SULLIVAN, LLP
>
> By: /s/ *Alex Spiro*
> Alex Spiro
> 51 Madison Avenue, 22nd Floor
> New York, New York 10010
>
> Rory T. Kay (NSBN 12416)
> MCDONALD CARANO LLP
> 2300 West Sahara Avenue, Suite 1200
> Las Vegas, NV  89102
>
> *Attorneys for Plaintiff/Counter-Defendant TESLA, INC.*