# Exhibit 18
# Litigation Funding Agreement First Amendment

## LITIGATION FUNDING AGREEMENT
## FIRST AMENDMENT

The Litigation Funding Agreement (the "Agreement"), effective November 16, 2018, by and between Martin Tripp ("Claimant") and The Funicular Fund, LP ("Funder"), a Delaware limited partnership, continues in full force and effect. The parties restate and reiterate, as if fully set forth herein, their respective representations and warranties, covenants, and undertakings as originally specified in the Agreement, except as modified by this First Amendment, effective December 31, 2019 (the "Amendment").

Whereas Claimant wishes to obtain, and Funder desires to provide, additional financial support in the Action, the parties hereby agree to amend the Agreement as set forth below.

The following defined terms are added or amended:

*Second Closing*: The date, not to exceed 10 business days, following the execution of this Amendment upon which the Additional Investment Amount is delivered by Funder to the Trust Account.

*Additional Investment Amount*: $125,000.

*Additional Investment Factor*: Upon the Conclusion of the Action occurring within the first year following the Second Closing, ten percent (10%). Thereafter, the product of (i) the total number of days since closing divided by 365 and (ii) ten percent (10%).

*Unused Investment*: The difference between the total amounts deposited into the Trust Account prior to any Award, including the Investment Amount, Additional Investment Amount, and amounts previously advanced by Claimant, on the one hand, and the Costs invoiced by Litigation Counsel or approved third parties, on the other. Upon Conclusion of the Action, and prior to the distribution of the Proceeds, if any, Litigation Counsel shall return to Funder the Unused Investment, if any, from the Trust Account.

*Waterfall Schedule*: The schedule set forth below establishing priority in right of payment with respect to the Proceeds. The Proceeds shall be paid into the Trust account and distributed promptly among Claimant, Litigation Counsel, and Funder according to the following schedule:

*First*, to Funder, the amount equal to the sum of (i) the product of the Investment Amount and the Investment Factor and (ii) the product of the Additional Investment Amount and the Additional Investment Factor;
*Second*, to Funder, the sum of (i) the Investment Amount and (ii) the Additional Investment Amount less (iii) the Unused Investment;
*Third*, to Litigation Counsel, the amount, if any, of Costs incurred but not yet invoiced;
*Thereafter*, the remaining Proceeds to be distributed twenty-five percent (25%) to Litigation Counsel, fifty percent (50%) to Claimant, and twenty-five percent (25%) to Funder.

The following Additional Covenants are added to memorialize understandings among the parties:

3.1.6 GoFundMe: Claimant shall transfer any additional amounts collected from GoFundMe subsequent to the initial effectiveness of the Agreement to the Trust Account. Claimant shall be under no obligation to reimburse GoFundMe donors as a result of the Agreement. However, in the event the Proceeds are substantial, Claimant agrees in his sole and absolute discretion to consider compensating donors.

1

3.2 Covenants of Funder:

3.2.1 Outstanding Attorney's Fees: Concurrent with the effectiveness of this Amendment, Funder shall approve an invoice by Litigation Counsel in the amount of forty-nine thousand eight hundred twenty dollars and nineteen cents ($49,820.19) to be applied toward accrued attorney's fees.

3.3 Covenants of Litigation Counsel:

3.3.1 Costs Award: To the greatest extent permissible by law, Litigation Counsel undertakes to seek recovery of Costs in the Action. For the avoidance of doubt, any such recovery shall be considered Proceeds in the Action.

3.3.2 Attorney's Fees: Prior to the Conclusion of the Action and unless otherwise agreed by the parties, except for the amount set forth in section 3.2.1, Litigation Counsel undertakes not to submit invoices to release funds from the Trust Account on account of its accrued attorney's fees, which shall nevertheless continue to accrue.

{REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS}

2

IN WITNESS WHEREOF, each party hereto has caused this Agreement to be signed and delivered by its respective duly authorized officer as of the date first above written.

*Claimant*:

_____   **01/08/2020**
Martin A. Tripp

*Funder*:

THE FUNICULAR FUND, LP

By: Cable Car Capital LLC
Its: General Partner

By:_____
Name: Jacob Ma-Weaver
Title: Managing Member

ACCEPTED AND AGREED:

*Litigation Counsel*:

TIFFANY & BOSCO P.A.

By:_____
Name: Robert D. Mitchell
Title: Shareholder

3

EXHIBIT A

**LITIGATION PROCEEDS RIGHT CERTIFICATE**

THESE SECURITIES HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED. THEY MAY NOT BE SOLD, OFFERED FOR SALE, PLEDGED OR HYPOTHECATED IN THE ABSENCE OF A REGISTRATION STATEMENT IN EFFECT WITH RESPECT TO THE SECURITIES UNDER SUCH ACT OR AN OPINION OF COUNSEL SATISFACTORY TO THE COMPANY THAT SUCH REGISTRATION IS NOT REQUIRED.

For value received, The Funicular Fund, LP is the holder of a Litigation Proceeds Right in the original principal amount of $275,000.

The transfer, sale, assignment, hypothecation, encumbrance, or alienation of the rights represented by this certificate is restricted by a Litigation Funding Agreement among all the undersigned Claimant and The Funicular Fund, LP, originally dated as of November 16, 2018, as amended. All the terms and provisions of the Litigation Funding Agreement are incorporated by this reference and made a part of this certificate.

CLAIMANT:

_____

Martin A. Tripp

Dated:   **January   8** , 2019

4