Rory T. Kay (NSBN 12416)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9996

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael T. Lifrak (admitted pro hac vice)
  michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (admitted pro hac vice)
  jeaninezalduendo@quinnemanuel.com
Aubrey Jones (admitted pro hac vice)
  aubreyjones@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Attorneys for Plaintiff/Counter Defendant
TESLA, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TESLA, INC.,<br><br>                 Plaintiff,<br><br>v.<br><br>MARTIN TRIPP,<br><br>                 Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:18-cv-00296-MMD-CLB<br><br>**TESLA'S REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE AND HEARING**<br><br>**[Supplemental Declaration of Jeanine M. Zalduendo submitted herewith]** |

Plaintiff Tesla, Inc. ("Tesla"), through its attorneys of record, hereby submits its reply in support of its motion for an Order to Show Cause (ECF No. 220) regarding the recent actions of Defendant Martin Tripp ("Tripp").

**A.    Preliminary Statement**

1. Tripp does not dispute the facts described in Tesla's motion, and his response only underscores why additional relief is needed. Specifically, Tripp:

- admits that he sent emails to Mr. Musk stating "[h]ere is a threat for you" and that "there is not a bodyguard in the world that will keep me from teaching you a lesson on fucking with the wrong people";

- concedes that sent repeatedly sent emails to Quinn Emanuel associates, including ones in which he calls them "fucking stupid" and "dumb," a practice that has continued in recent days;

- admits that he has threatened to further disseminate Tesla's confidential and "attorneys' eyes only" information and asked where to "send the check" for doing so;

- acknowledges that he is not paying the $25,000 in sanctions ordered by the Court now and has no viable plan to do so;

- indicates that will not agree to pay the sanctions out of his GoFundMe proceeds and other public efforts, even though the GoFundMe page soliciting donations promises that is how they will be used; and

- concedes that he recently sought millions of dollars in "payment" from Tesla to keep quiet, even though he no longer has any claims against the company.

2. Tesla agreed to the terms of the Court's August 14, 2020 Order (ECF No. 211) because Tripp agreed to not further disseminate Tesla confidential information and to pay $25,000 in sanctions by October 14, 2020 (even though the fees incurred by Tesla in dealing with Tripp's misconduct far exceeded that amount). Tripp has not lived up to his end of the bargain because he failed to pay and misled Tesla and the Court about his ability to pay.

Page 1

3.  As a result, Tesla respectfully requests that the Court allow it to pursue additional remedies: (a) allow Tesla to seek additional fees so that it is eventually fully compensated for Tripp's continued release of confidential and attorneys-eyes-only information and documents (including necessary fees incurred after the Court's order); (b) require Tripp to pay sanctions out of his public fundraising campaigns; (c) increase the sanction amount for any future violation of the Protective Order and August 24, 2020 Order, as described below, and (d) allow Tesla to obtain discovery regarding Tripp's litigation funding as a potential source of payment

4.  Tesla also seeks relief related to Tripp's most recent conduct, including his threats, harassment, and attempted extortion: (a) referral to appropriate authorities; and (b) holding Tripp in contempt.

5.  Tesla should not be in this position. Tripp illegally released volumes of Tesla's confidential and attorney-eyes-only information to the world and has made clear he will not stop doing so. He has attacked counsel and the Court on Twitter. He has threatened Tesla's CEO with physical violence. He has tried to extort money from Tesla. Tripp's conduct is beyond the pale, and the Court should grant Tesla's motion.

**B.  Allowing Tesla to Recover Additional Fees.**

6.  The date set forth in the Court's August 14, 2020 Order for Tripp to pay sanctions has now come and gone. Tripp's response indicates that he will not be able to pay any meaningful amount "for the foreseeable future." (Resp. at p. 5).

7.  Of course, Tripp was aware of his financial situation and whether or not he had the ability to pay at the time of the Court's August 14, 2020 Order. He misled both Tesla and the Court.

8.  Tesla's agreement to the August 14, 2020 Order was premised on Tripp's agreement to cease all further dissemination of Tesla's confidential information, and on the notion that it would be possible for Tripp to pay the $25,000 within a reasonable time (especially given that he had raised over $30,000). It is now apparent that Tripp never intended to do either. As a result, the "agreement" should no longer bind Tesla either, and it should be permitted to seek additional fees.

Page 2

9. Indeed, Tripp has made clear that he is not done disseminating Tesla's confidential information. While Tripp conceded in his Response on October 13, 2020 that he "may elect to disseminate the [T]esla confidential and attorneys eyes only information," (Resp. at 2), implying he had not yet done so, Tripp has confirmed that he has set up a speaking tour, including a 2 hour live-stream, and that he has asked Tesla where to send checks for additional sanctions when he provides Confidential information to interested "producers." (Resp. at 6-7).[1]

10. It is apparent that the $500/day sanction set forth in the August 14 Order for any future violations of the Court's orders is not sufficient to deter Tripp. Tesla therefore requests that the amount be increased to $25,000 per occurrence (the same as the Court's initial sanctions) if Tripp again decides to purposely flout the Court's orders.

**C.   Requiring Tripp to Pay from GoFundMe Proceeds.**

11. Tripp's current GoFundMe campaign states expressly that the funds will be used to pay sanctions to Tesla, and Tripp admits as much. (Resp. at 4). However, Tripp apparently will not agree to pay Tesla the money he raises therefrom because it "should not be any concern to tesla" how he pays the sanction. (Resp. at 5). Given that the campaign purports to be set up to pay sanctions and that Tripp has failed to pay them so far, he should be ordered to use all such funds to pay the outstanding amount to Tesla.

12. In addition, Tripp's response indicates that he still has $2,000 in funds from his initial GoFundMe campaign, but he has not agreed to use it to pay the sanction. (Resp. at p. 4). Tripp should be ordered to pay that amount to Tesla forthwith.

13. While Tesla does not care where Tripp derives the remainder of the funds to pay the sanction, it is troubling that Tripp is attempting to deceive the public to raise funds for the sanction, when it is clear he has no intention to use the funds therefor.

---

[1] Tripp also boasts that the Tesla "NDA absolutely means nothing to me," (Resp. at 6), which is evident from blog posts on his website that offer highly misleading accounts of Tripp's time at the Gigafactory, and purports to describe specific details of Tesla's protected operations, parts, and machinery. Tripp has made clear he has no regard for those legal devices meant to protect Tesla's confidential and/or proprietary information.

### D. Discovery From Funders

14. Tripp does not expressly oppose Tesla's request to obtain discovery regarding Tripp's litigation funding arrangements, including depositions and related productions of documents on this topic. Tripp's only response is that it "falls under Attorney client privilege." (Resp. at 14). That is not accurate; as numerous courts have held, litigation funders can be required to pay sanctions or outstanding fees, and discovery about funding arrangements is the first step in making that determination. *See Stan Lee Media, Inc. v. Walt Disney Co.*, No. 12-cv-02663-WJM-KMT, 2015 WL 5210655, at *2 (D. Colo. Sept. 8, 2015); *Tradeline Enters. Pvt. Ltd. v. Jess Smith & Sons Cotton*, LLC, No. CV15-08048-JAK (RAOx), 2019 WL 6898959, at *5 (C.D. Cal. April 15, 2019). Moreover, Tripp provided in his data dump some of his litigation funding agreements and correspondence with the funder; he has waived any potential protections.

### E. Other Relief

15. Tripp does not dispute that he sent threatening emails to Mr. Musk. (Resp. at p. 1). Tripp asserts that he has not "stated any type of physical, or even emotional, violence on elon musk" and that he was only saying that he would "teach him a lesson," going on to state that Tripp has "taught many individuals through the years." (Resp. at 8-9). This is not credible. Tripp's emails specifically talk about "bodyguards" not being able to stop him, while also making it clear that "[h]ere's a threat for you." (Zalduendo Decl., Ex. 7). That is obviously a physical threat that should be reported to the proper authorities. 18 U.S.C. § 875 (c) (transmitting "any threat to injure the person of another" subject to imprisonment of up to five years). Tripp only makes it worse in his response by admitting he has owned "numerous firearms," including an AR15, that he is able to obtain guns, and that he has been accused of physical violence and child abuse even beyond what Tesla pointed out in its Motion. (Resp. at p. 10).

16. As set forth in the Motion, Tripp has indicated that he will remain quiet and go away if Tesla pays him significant sums of money. Tripp's only responses are (a) that he stated his "terms," not a "demand," and (b) that he's actually asking for millions of dollars, not hundreds of thousands. (Resp. at 7-8).

17. Tripp has no possible claim left through which to obtain anything from Tesla. Whether it was a "demand" or not, he is offering to refrain from disseminating information only if Tesla pays money. That is extortion and should also be reported. 18 U.S.C. § 875 (d).

18. Finally, Tripp claims that he has "not harassed Quinn Emanuel associates in any way," but the facts speak for themselves. Tripp was instructed to deal with Mr. Spiro, not his associates. Tripp has sent them repeated emails, calling them vulgar names. Most recently, he sent an email after the filing of the Motion, calling it "bullshit" and telling the associates "fuck you to all." *See* (Supp. Zalduendo Decl., Ex. 19).[2] Tripp should be held in contempt.

### F. Conclusion

19. Tesla respectfully requests that the Court grant its Motion.

DATED this 16th day of October, 2020.

> QUINN EMANUEL URQUHART & SULLIVAN, LLP
>
> By: /s/ *Alex Spiro*
> Alex Spiro
> 51 Madison Avenue, 22nd Floor
> New York, New York 10010
>
> Rory T. Kay (NSBN 12416)
> MCDONALD CARANO LLP
> 2300 West Sahara Avenue, Suite 1200
> Las Vegas, NV  89102
>
> *Attorneys for Plaintiff/Counter-Defendant TESLA, INC.*

---

[2] Tripp has also begun in a campaign of harassment of Tesla's current and former employees. In the last week, he has posted extremely offensive and untrue content on his website about numerous current and former Tesla employees, many of whom acted as witnesses in this case, attempting to tie them to his unfounded allegations against Tesla. He has also emailed numerous of these individuals, messaged them on LinkedIn, and even reached out to a current employer of one such individual. In addition, the inclusion of these individuals (and their photos) on his website has resulted in their being harassed online and contacted by strangers. (Supp. Zalduendo Decl., Ex. 20).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on the October 16, 2020, a true and correct copy of the foregoing **TESLA'S REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE AND HEARING** was emailed and served via FED EX delivery to the following:

Martin Tripp
Bocskai Utca 11/A
Cece 7013
Hungary
mtprotons@protonmail.com

*Pro Se Defendant/Counterclaimant*

/s/   CaraMia Gerard
An employee of McDonald Carano LLP