UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| TESLA, INC., | ) | 3:18-CV-0296-MMD-CLB |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| MARTIN TRIPP, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The video status conference currently set before this Court on October 21, 2020 at 8:00 a.m. is VACATED.

Pursuant to the District Court's order (ECF No. 218), this Court will set a settlement conference utilizing Zoom video conferencing technology. The Court is currently available to conduct a settlement conference in this action on any of the following dates: November 25, November 30, December 14, December 18, or December 23, 2020 all to commence at 8:00 a.m. The parties shall have until **Monday, October 26, 2020** to advise the deputy court clerk of the date that works best with their calendars for this settlement conference.

The Court finds that the Court will defer a ruling on the plaintiff's emergency motion for order to show cause and hearing (ECF No. 220) until after the settlement conference.

In the meantime, the Court advises and reminds Mr. Tripp of the following. First, Mr. Tripp is reminded that the Court ordered that he refrain from disclosing information related to the documents designated under the protective order, including providing verbal descriptions of the contents of the "attorney's eyes only" documents. (*See* ECF Nos. 44, 205, 211.) Therefore, pursuant to the Court's prior orders, the Court again emphasizes that making public disclosures of these documents or the contents of those documents, would be in direction violation of the Court's previous orders and he is precluded from doing so. Although the parties agreed to a liquidated damage provision for any future violations of

the Court's prior orders, which is detailed in the Court's August 14, 2020 minute order, this agreement in no way altered or changed the Court's prior orders prohibiting such conduct. (ECF No. 211). Mr. Tripp also specifically agreed on August 14, 2020 that he would not "make any reference or [describe; to anyone in person, over the phone, in an email, or on any website … 'the attorneys' eyes only' documents in violation of the protective order." (*Id.*) Therefore, Mr. Tripp is advised and reminded that any violation of the Court's prior *orders* prohibiting this conduct will result in the imposition of sanctions over and above what may be required pursuant to the liquidated damage provision of the Court's August 14, 2020 minute order.

Second, Mr. Tripp is also advised that although he is representing himself *pro se*, he is still obligated to follow all court rules. As a *pro se* litigant, this requires that Mr. Tripp is bound by the Rules of Professional Conduct applicable to lawyers. *See, e.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) (*Pro se* litigants must follow the same rules of procedure that govern other litigants); *In re Disciplinary Proceeding Against Haley*, 126 P.3d 1262, 1263 (Wash. 2006) ("[U]nder RPC 4.2(a), a lawyer acting *pro se* is prohibited from contacting a party represented by counsel in the matter …."); *Bisciglia v. Lee*, 370 F. Supp. 2d 874, 879 (D. Minn. 2005) ("[A]lthough they are *pro se* litigants, Plaintiffs must abide by the Minnesota Rules of Professional Conduct, which prohibit a lawyer from communicating with a party known to be represented by another lawyer ...."); *Agne v. Rain City Pizza, L.L.C.*, No. C10-1139-JCC, 2011 WL 13127652, at *1 (W.D. Wash. May 24, 2011) (*pro se* litigant must follow procedural rules and to conduct themselves with proper decorum both inside and outside courtroom). Pursuant to the Rules of Professional Conduct, a lawyer, or in this case, a self-represented party, is

prohibited from directly contacting an opposing party if that party is represented by counsel. *See* ABA Model Rule 4.2, adopted as Nevada Supreme Court Rule 182; *see also* Nevada Rule of Professional Conduct 4.2 (while representing a client, "a lawyer shall not communicate about the subject matter of the representation with a person the lawyer knows to be represented by another lawyer."). When a company or corporation is the represented party, Nevada has determined that an employee of a company that is represented by counsel in a matter is deemed a "party" within the meaning of Rule 4.2 if that employee "has managing authority sufficient to give them the right to speak for, and bind, the corporation." *Palmer v. Pioneer Inn Associations, Ltd.*, 338 F.3d 981, 987 (9th Cir. 2003). This rule is known as the "managing speaking agent" rule. Therefore, pursuant to this rule, Mr. Tripp is precluded from any further direct contact with Mr. Musk or any other employee of Tesla while this case is pending. Rather, if Mr. Tripp has any issues that require a discussion with the opposing party, he is required by the rules to contact counsel of Tesla *only*. The any further failures to follow this rule as well as any other court rule will result in the imposition of sanctions against Mr. Tripp.

**IT IS SO ORDERED.**

Dated: October 19, 2020

_____
CARLA BALDWIN
UNITED STATES MAGISTRATE JUDGE