```
FILED ✓          RECEIVED
ENTERED          SERVED ON
          COUNSEL/PARTIES OF RECORD

       NOV 30 2020

   CLERK US DISTRICT COURT
     DISTRICT OF NEVADA
BY:                      DEPUTY
```

MCDONALD CARANO LLP
Rory T. Kay (NSBN 12416)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9996

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael T. Lifrak (admitted pro hac vice)
  michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (admitted pro hac vice)
  jeaninezalduendo@quinnemanuel.com
Aubrey Jones (admitted pro hac vice)
  aubreyjones@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Attorneys for Plaintiff/Counter Defendant
TESLA, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TESLA, INC., <br> Plaintiff, <br> v. <br> MARTIN TRIPP, <br> Defendant. | Case No. 3:18-cv-00296-MMD-CLB <br><br> **STIPULATED JUDGMENT** |
| AND RELATED COUNTERCLAIMS | |

04684-23666/12443793.1

This Stipulated Judgment is being entered by and between plaintiff and counterclaim defendant Tesla, Inc. ("Tesla"); and defendant and counterclaimant Martin Tripp ("Tripp"), based upon the following facts and agreements:

A. Tesla filed this action on June 20, 2018 (ECF No. 1).

B. Tripp filed an answer and counterclaim on July 31, 2018. (ECF No. 25).

C. The Court issued an Order granting Tesla's motion for summary judgment related to Tripp's counterclaim on September 17, 2020. (ECF No. 217).

D. Based on an agreement between the parties, the Court ordered on August 14, 2020 that Tripp pay Tesla $25,000 in sanctions due to his violation of the Court's protective orders. (ECF No. 211).

E. Whereas Tripp acknowledges and agrees that he violated the Court's Protective Order and does not contest Tesla's contentions that he violated the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, the Nevada Uniform Trade Secrets Act, Nev. Rev. Stat §§ 600A. 10 *et seq.*, breached the Tesla Motors, Inc. Employee Proprietary Information and Inventions Agreement, breached his fiduciary duties to Tesla, and violated the Nevada Computer Crimes Law, Nev. Rev. Stat. § 205.4765. Tripp further acknowledges that his counterclaims against Tesla were funded by Cable Car Capital, short seller of Tesla stock.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

A. Plaintiff Tesla shall have and recover from defendant and counterclaimant Tripp previously-awarded sanctions in the amount of $25,000.

B. Tesla shall have the right to discovery consistent with Rule 69(a)(2), including but not limited to discovery regarding Tripp's income and any source and terms of litigation funding previously obtained by Tripp if Tripp fails to make agreed-upon payments of the previously-awarded sanctions. The Court shall issue subpoenas necessary to effect this provision, if needed.

1       C.     Plaintiff Tesla shall have and recover from defendant and counterclaimant Tripp damages in the amount of $400,000 pursuant to the terms of a settlement agreement between the parties.

      D.     Tripp shall take nothing through his counterclaim.

      E.     The parties shall bear their own costs and attorney's fees.

      F.     The parties shall remain in compliance with the Court's protective orders in this matter, including ECF Nos. 44 and 205, and the Court shall retain jurisdiction related thereto.

      G.     The parties will destroy all Confidential and Attorneys' Eyes Only Information in their possession within 90 (ninety) days of the date of the Stipulated Judgment, in conformance with the terms of Section 16 of the Protective Order (ECF No. 44), and provide a certification that they have done so.

      H.     Tripp will destroy any documents that he acquired through his work at Tesla and provide a certification within 90 (ninety) days of the date of the Stipulated Judgment that he had done so.

      I.     From the date of this Stipulated Judgment, the parties will not publicly disparage each other (including any witness associated with this case) in any way. Specifically, Tripp shall be enjoined from contacting, harassing, or disparaging Tesla or any of its former or current executives or employees; Tripp shall be enjoined from discussing his employment at Tesla; and Tripp shall be enjoined from entering any Tesla property at any time.

      J.     The parties agree that this Stipulated Judgment can be enforced worldwide, including the District of Nevada and/or where Tripp resides, including Hungary and that Tripp waives all defenses, objections, or other challenges, including to lack of jurisdiction, to enforcement of this Stipulated Judgment.

      K.     Upon entry of this Stipulated Judgment, the parties shall dismiss their claims. However, the Court shall retain jurisdiction regarding enforcement of this Stipulated Judgment and any related agreement between the parties.

1  IT IS SO STIPULATED.

2  

3  

4  

5  By Austin Marsh, Esq.

   Tesla, Inc.

6  

7  Dated: November 30, 2020

8  By _____

9  

   *Martin Tripp*

10 

11 Dated: November 30, 2020

12 

13 

14 

15                                          **ORDER**

16                                          IT IS SO ORDERED.

17 Date: November 30, 2020

18                                          _____
                                            Hon. Miranda M. Du
19                                          CHIEF UNITED STATES DISTRICT JUDGE

20 

21 Case 3:18-cv-00296-MMD-CLB   Stipulated judgment

22 

23 

24 

25 

26 

27 

28 
   04684-23666/12443793.1                    Page 4 of 4